## IN THE UNITED STATES DISTRICT COURT FOR THE
## DISTRICT OF COLUMBIA
**Civil Division**

| | | |
|---|---|---|
| **THE HUMANE SOCIETY OF** | ) | |
| **THE UNITED STATES** | ) | |
| 2100 L Street, NW | ) | |
| Washington, DC 20037, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) . | Case No: _____ |
| | ) | |
| **AMAZON.COM, INC.** | ) | |
| 1200 12th Avenue South | ) | |
| Suite 1200 | ) | |
| Seattle, WA 98144, | ) | |
| | ) | |
| **JOHN DOE d/b/a UNDERGROUND** | ) | |
| **PITBULL BREEDERS ASSOCIATION,** | ) | |
| | ) | |
| **JOHN DOE d/b/a** | ) | |
| **STREETHEATDVD.COM,** | ) | |
| | ) | |
| **MARBURGER PUBLISHING CO., INC.** | ) | |
| **d/b/a THE GAMECOCK** | ) | |
| 210 Highway 45 North | ) | |
| Hartford, AR 72938, | ) | |
| | ) | |
| **DOWD PUBLISHERS d/b/a** | ) | |
| **THE FEATHERED WARRIOR** | ) | |
| 1812 Hwy 70-71 East | ) | |
| DeQueen, AR 71832, | ) | |
| | ) | |
| **MAGAZINE EXPRESS, INC.** | ) | |
| 5724 Highway 280 East | ) | |
| Birmingham, AL 35242, | ) | |
| | ) | |
| **JOHN DOES III-XX,** | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## NOTICE OF REMOVAL OF ACTION

TO:   **The United States District Court**
      **for the District of Columbia**

Pursuant to 28 U.S.C. §§ 1441 and 1446, defendant Amazon.com, Inc. ("Amazon"),

through its undersigned counsel, gives notice that it is removing this case to the United States

District Court for the District of Columbia.  In support of its Notice of Removal, Amazon avers

as follows:

**Prior Proceedings**

1.      Plaintiff The Humane Society of the United States ("HSUS") filed a Summons

and Complaint in the Superior Court of the District of Columbia, Civil Division, entitled *The*

*Humane Society of The United States v. Amazon.com, Inc., et al.*, C.A. No. 2007 CA 000925 B,

on February 8, 2007.  HSUS formally served Amazon on February 28, 2007, when the Summons

and Complaint were sent via certified mail to undersigned counsel for Amazon, counsel having

agreed to accept service on behalf of Amazon.  Amazon's undersigned counsel received the

Summons and Complaint on March 5, 2007.  Copies of the Summons and Complaint are

attached hereto as Exhibit A.

2.      On March 7, 2007, Amazon filed in D.C. Superior Court a consent motion

reflecting the agreement between Amazon and HSUS to extend the time by which Amazon must

answer or otherwise respond to the Complaint for thirty (30) days in addition to the time

prescribed by the D.C. Superior Court Rules of Civil Procedure to and including April 19, 2007.

3.      HSUS and Amazon also agreed and moved by consent motion in D.C. Superior

Court to extend the time by which HSUS must file and serve its opposition, in the event Amazon

moves to dismiss the Complaint, for thirty (30) days in addition to the time prescribed by the

D.C. Superior Court Rules of Civil Procedure to and including June 4, 2007.

4.      HSUS and Amazon further agreed and moved by consent motion in D.C. Superior Court to extend the time by which Amazon must file and serve its reply, in the event Amazon moves to dismiss the Complaint, to and including June 29, 2007. The Consent Motion is attached hereto as Exhibit B.

5.      No further proceedings have taken place in this action.

**Basis for Removal**

6.      HSUS alleges that Amazon violated various federal and District of Columbia statutes by selling subscriptions to magazines relating, allegedly, to cockfighting and DVDs and videos depicting animal fighting.

7.      HSUS's complaint alleges seven counts: (1) violation of the federal Depiction of Animal Cruelty statute, 18 U.S.C. § 48(a), by "knowingly creat[ing], sell[ing], or possess[ing] a depiction of animal cruelty with the intention of placing that depiction in interstate or foreign commerce for commercial gain" and "therefore also violating the CPPA [D.C. Consumer Protection Procedures Act]," Compl. ¶ 115;[1] (2) violation of the federal Animal Welfare Act, 7 U.S.C. § 2156(c), by "knowingly using the mail service of the U.S. Postal Service for the purpose of promoting or in any other manner furthering unlawful animal fighting ventures, in violation of the AWA" and "therefore also violating the CPPA," Compl. ¶ 120;[2] (3) violations of the District of Columbia Cruelty to Animals Statute and therefore violation of the CPPA, Compl. ¶¶ 125-126; (4) violation of the CPPA based on material misrepresentations, Compl. ¶ 131; (5)

---

[1]      With respect to the first count, HSUS alleges, in the alternative, that Amazon is liable for "aiding and abetting" the defendant publishers of the magazines and producers of the videos "in violation of federal law . . . 18 U.S.C. § 2(a), (b) (2) and that "by engaging in trade practices that violate federal law . . . Amazon . . . [is] therefore also violating the CPPA." Compl. ¶ 116.

[2]      HSUS's second count also alleges "in the alternative" that Amazon is "aiding and abetting" defendant publishers of the magazines and producers of the videos "in violation of federal law . . . 18 U.S.C. § 2(a), (b) (2) and that "by engaging in trade practices that violate federal law . . . Amazon . . . [is] therefore also violating the CPPA." Compl. ¶ 121.

violation of the CPPA based on failure to state a material fact, Compl. ¶ 135; (6) violation of the CPPA based on District of Columbia conspiracy law, Compl. ¶¶ 139-140; (7) engaging in trade practices in violation of federal conspiracy law, 18 U.S.C. § 371, and "therefore also violati[on of] the CPPA," Compl. ¶¶ 144-145.

      8.     This action may be removed to this Court by Amazon pursuant to 28 U.S.C. § 1441. On its face, the Complaint alleges federal law claims under the federal Depiction of Animal Cruelty statute, the federal Animal Welfare Act and federal conspiracy law. Counts one, two, and seven all arise from the law of the United States and are therefore within the original jurisdiction of the federal courts. Even if viewed as CPPA claims with federal questions embedded within them, these claims raise substantial, disputed federal issues and give rise to federal question jurisdiction. *See Grable & Sons Metal Prod., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 314 (2005) (holding that federal jurisdiction exists where federal question is embedded in state law claim that "necessarily raises a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities"); *Broder v. Cablevision Systems Corp.*, 418 F.3d 187, 194-96 (2d Cir. 2005) (following *Grable* to exercise federal question jurisdiction in suit alleging state-law deceptive business practices, breach of contract, common law fraud, unjust enrichment claims and seeking declaratory judgment that defendant violated in part federal law; claims raised federal issue whether provider violated federal statute and involved aspects of federal regulatory scheme). HSUS cannot obtain the declaratory judgment it seeks, stating in part that Amazon violated the federal Animal Welfare Act, the federal Depictions of Animal Cruelty statute and the federal conspiracy statute, without prevailing on the issue of whether Amazon in fact violated federal statutes. *See Broder*, 418 F.3d at 194-95.

9.    Plaintiff's remaining state law claims are also properly removed to this Court, pursuant to § 1441(c), because those claims were joined with the federal claims and arise out of the same facts.

10.    Pursuant to 28 U.S.C. § 1446(a), this action is properly removed to the United States District Court for the District of Columbia, the federal district court for the district and division embracing the place where the District of Columbia Superior Court suit is pending.

11.    This Notice of Removal is being filed within thirty (30) days after February 28, 2007, the first day that any defendant was formally served with the Summons and Complaint Removal is therefore timely pursuant to 28 U.S.C. § 1446(b) and *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344 (1999); *Holmes v. PHI Service Co.*, 437 F. Supp. 2d 110 (D.D.C. 2006).

**All Served Defendants Consent to Removal**

12.    Defendant Magazine Express, by undersigned counsel, consents to the removal of this action to U.S. District Court for the District of Columbia and, without waiving any objections it may have including but not limited to service, personal or subject matter jurisdiction or venue and any other defenses or objections to this action, joins in this notice of removal.

13.    Defendant Dowd Publishers d/b/a The Feathered Warrior consent to the removal of this action to U.S. District Court for the District of Columbia and, without waiving any objections it may have including but not limited to service, personal or subject matter jurisdiction or venue and any other defenses or objections to this action, joins in this notice of removal.

14.    Defendant Marburger Publishing Co., Inc. d/b/a The Gamecock, by undersigned counsel, consents to the removal of this action to U.S. District Court for the District of Columbia and, without waiving any objections it may have including but not limited to service, personal or

subject matter jurisdiction or venue and any other defenses or objections to this action, joins in this notice of removal.

15.    Upon information and belief, none of the John Doe defendants, including John Doe defendants d/b/a Underground Pitbull Breeders Association and John Doe d/b/a/ StreetheatDVD.com, have been served with formal process in the D.C. Superior Court action.  In any event, John Doe defendants are not required to join in the notice of removal.  *Green v. America Online*, 318 F.3d 465, 470 (3d Cir.), *cert. denied*, 540 U.S. 877 (2003).

**Notice**

16.    Amazon will file a Notice of Removal of Action to Federal Court and a copy of this Notice of Removal with the Clerk, Civil Division, Superior Court of the District of Columbia, 500 Indiana Avenue, N.W., Washington, D.C.  20001, pursuant to 28 U.S.C. § 1446(d).  A copy of said notice is attached hereto as Exhibit C.

17.    Amazon will serve written notice to opposing counsel of the filing of this Notice of Removal and copies of this Notice of Removal will be served on opposing counsel pursuant to 28 U.S.C. § 1446(d).  A copy of said notice is attached hereto as Exhibit D.

18.    By this Notice of Removal, Amazon does not waive any objections it may have including but not limited to service, jurisdiction, or venue, and any other defenses or objections to this action.

WHEREFORE, defendant Amazon prays that the above-entitled action now pending in the Superior Court of the District of Columbia, Civil Division, be removed therefrom to this Court.

Dated this 30th day of March, 2007.

Respectfully submitted,

| | |
|---|---|
| *Donna M. Crowe / cmr* <br> Donna M. Crowe, Esq. (D.C. Bar No. 481946) <br> dcrowe@bradleyarant.com <br> BRADLEY ARANT ROSE & WHITE, LLP <br> 1133 Connecticut Avenue, N.W. <br> 12th Floor <br> Washington, D.C. 20036 <br> (202) 719-8212 <br> (202)-719-8312 fax <br><br> Of Counsel: <br><br> Michael Denniston, Esq. <br> mdenniston@bradleyarant.com <br> BRADLEY ARANT ROSE & WHITE, LLP <br> 1819 Fifth Avenue North <br> Birmingham, AL 35203 <br> (205) 521-8244 <br> (205) 488-6244 fax <br><br> Attorneys for Defendant Magazine Express Inc. | *Constance M Pendleton* <br> Laura R. Handman (D.C. Bar No. 444386) <br> laurahandman@dwt.com <br> Constance M. Pendleton (D.C. Bar No. 456919) <br> DAVIS WRIGHT TREMAINE LLP <br> conniependleton@dwt.com <br> 1500 K Street, N.W., Suite 450 <br> Washington, D.C. 20005-1272 <br> (202) 508-6600 <br> (202) 508-6699 (fax) <br><br> Attorneys for Defendant Amazon.com, Inc. |
| *Verna Dowd / cmr* <br> Verna Dowd <br> DOWD PUBLISHERS d/b/a THE FEATHERED WARRIOR <br> 1812 Hwy 70-71 East <br> DeQueen, AR 71832 <br> (870) 642-2293 | *Ali A. Beydoun / cmr* <br> Ali A. Beydoun, Esq. (D.C. Bar No. 475413) <br> aab@carrmaloney.com <br> CARR MALONEY P.C. <br> 1615 L Street, N.W. <br> Washington, D.C. 20036 <br> (202) 310-5524 <br> (202) 310-5555 fax |

Of Counsel:

Barry Fisher, Esq.
Bfisher557@aol.com
FLEISHMAN & FISHER
1875 Century Park East
Suite 2130
Los Angeles, CA 90067
(310) 557-1077
(310) 577-0770 fax

Attorneys for Marburger Publishing Co., Inc.
d/b/a The Gamecock

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 30th day of March, 2007, a copy of the foregoing

Notice of Removal of Action was served electronically and via first class mail, postage prepaid,

on:

Ethan Carson Eddy, Esq.
Jonathan R. Lovvorn, Esq.
The Humane Society of the United States
2100 L Street, N.W.
Washington, D.C. 20037

*Counsel for Plaintiff The Humane Society of
the United States*

Stuart Philip Ross, Esq.
Alexei M. Silverman, Esq.
Ross, Dixon & Bell, LLP
2001 K Street, N.W.
Washington, D.C. 20006-1040

*Of Counsel for Plaintiff The Humane Society of
the United States*

Donna M. Crowe, Esq.
Bradley Arant Rose & White, LLP
1133 Connecticut Avenue, N.W.
12th Floor
Washington, D.C. 20036

*Counsel for Defendant Magazine Express Inc.*

Michael Denniston, Esq.
Bradley Arant Rose & White, LLP
1819 Fifth Avenue North
Birmingham, AL 35203

*Of Counsel for Defendant Magazine Express Inc.*

Dowd Publishers d/b/a The Feathered Warrior
1812 Highway 70-71 East
DeQueen, AR 71832

Ali A. Beydoun, Esq.
Carr Maloney P.C.
1615 L Street, N.W.
Washington, D.C. 20036

*Counsel for Marburger Publishing Co., Inc. d/b/a The Gamecock*

Barry Fisher, Esq.
Fleishman & Fischer
1875 Century Park East
Suite 2130
Los Angeles, CA 90067

*Of Counsel for Marburger Publishing Co., Inc. d/b/a The Gamecock*

John Doe d/b/a Underground Pitbull Breeders Association

John Doe d/b/a StreetheatDVD.com

Constance M. Pendleton

**IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA
Civil Division**

| | | |
|---|---|---|
| **THE HUMANE SOCIETY OF** | ) | |
| **THE UNITED STATES** | ) | |
| 2100 L Street, NW | ) | |
| Washington, DC 20037, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No: _____ |
| | ) | |
| **AMAZON.COM, INC.** | ) | |
| 1200 12th Avenue South | ) | |
| Suite 1200 | ) | |
| Seattle, WA 98144, | ) | |
| | ) | |
| **JOHN DOE d/b/a UNDERGROUND** | ) | |
| **PITBULL BREEDERS ASSOCIATION,** | ) | |
| | ) | |
| **JOHN DOE d/b/a** | ) | |
| **STREETHEATDVD.COM,** | ) | |
| | ) | |
| **MARBURGER PUBLISHING CO., INC.** | ) | |
| **d/b/a THE GAMECOCK** | ) | |
| 210 Highway 45 North | ) | |
| Hartford, AR 72938, | ) | |
| | ) | |
| **DOWD PUBLISHERS d/b/a** | ) | |
| **THE FEATHERED WARRIOR** | ) | |
| 1812 Hwy 70-71 East | ) | |
| DeQueen, AR 71832, | ) | |
| | ) | |
| **MAGAZINE EXPRESS, INC.** | ) | |
| 5724 Highway 280 East | ) | |
| Birmingham, AL 35242, | ) | |
| | ) | |
| **JOHN DOES III-XX,** | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**EXHIBITS TO
NOTICE OF REMOVAL OF ACTION**

1

CA Form 1

# Superior Court of the District of Columbia
## CIVIL DIVISION
### 500 Indiana Avenue, N.W., Room JM-170
### Washington, D.C. 20001 Telephone: 879-1133

| The Humane Society of the United States |
|---|

*Plaintiff*

0000925-07

vs.

| Amazon.com, Inc. |
|---|

Civil Action No. |_____|

*Defendant*

## SUMMONS

To the above named Defendant:

　　You are hereby summoned and required to serve an Answer to the attached Complaint, either personally or through an attorney, within twenty (20) days after service of this summons upon your exclusive of the day of service. If you are being sued as an officer or agency of the United States Government or the District of Columbia Government you have 60 days after service of this summons to serve your Answer. A copy of the Answer must be mailed to the attorney for the party plaintiff who is suing you. The attorney's name and address appear **below.** If plaintiff has no attorney, a copy of the Answer must be mailed to the plaintiff at the address stated on this Summons.

　　You are also required to file the original Answer with the Court in Room JM 170 at 500 Indiana Avenue. N.W. between 9:00 am. and 4:00 pm., Mondays through Fridays or between 9:00 am. and 12:00 Noon on Saturdays. You may file the original Answer with the Court either before you serve a copy of the Answer on the plaintiff or within five (5) days after you have served the plaintiff If you fail to file an Answer, judgment by default may be entered against you for the relief demanded in the complaint.

*Clerk of the Court*

| Ethan Carson Eddy |
|---|
Name of Plaintiff's Attorney

| 2100 L St. NW |
|---|
Address

| Washington, DC 20037 |
|---|

| 202-676-2329 |
|---|
Telephone

By _/s/ J. Collins/_

Deputy Clerk

Date | February 8, 2007 |

PUEDE OBTENERSE COPIAS DE ESTE FORMULARIO EN ESPANOL EN EL TRIBUNAL SUPERIOR DEL DISTRITO DE COLUMBIA, 500 INDIANA AVENUE, N.W., SALA JM 170

YOU MAY OBTAIN A COPY OF THIS FORM IN SPANISH AT THE SUPERIOR COURT OF D.C., 500 INDIANA AVENUE, N.W., ROOM JM 170

Form CV(6)-456/Mar. 98

**NOTE:** SEE IMPORTANT INFORMATION ON BACK OF THIS FORM.

IMPORTANT: IF YOU FAIL TO SERVE AND FILE AN ANSWER WITHIN THE TIME STATED ABOVE, OR IF, AFTER YOU ANSWER, YOU FAIL TO APPEAR AT ANY TIME THE COURT NOTIFIES YOU TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY DAMAGES OR OTHER RELIEF DEMANDED IN THE COMPLAINT. IF THIS OCCURS, YOUR WAGES MAY BE ATTACHED OR WITHHELD OR PERSONAL PROPERTY OR REAL ESTATE YOU OWN MAY BE TAKEN AND SOLD TO PAY THE JUDGMENT. IF YOU INTEND TO OPPOSE THIS ACTION, DO NOT *FAIL TO ANSWER WITHIN THE REQUIRED TIME*

If you wish to talk to a lawyer and feel that you cannot afford to pay a fee to a lawyer, promptly contact one of the offices of the Legal Aid Society (628-1 161) or the Neighborhood Legal Services (682-2700) for help or come to Room JM 170 at 500 Indiana Avenue, N.W., for more information concerning where you may ask for such help.



# SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
## CIVIL DIVISION

THE HUMANE SOCIETY OF THE UNITED STATES
    Vs.

           C.A. No.      2007 CA 000925 B

AMAZON.COM, INC

## INITIAL ORDER

Pursuant to D.C. Code § 11-906 and District of Columbia Superior Court Rule of Civil Procedure ("SCR Civ") 40-I, it is hereby **ORDERED** as follows:

(1) Effective this date, this case has assigned to the individual calendar designated below. All future filings in this case shall bear the calendar number and the judge's name beneath the case number in the caption. On filing any motion or paper related thereto, one copy (for the judge) must be delivered to the Clerk along with the original.

(2) Within 60 days of the filing of the complaint, plaintiff must file proof of serving on each defendant: copies of the Summons, the Complaint, and this Initial Order, and any General Order issued **by the judge** to whom the case is assigned. As to any defendant for whom such proof of service has not been filed, the Complaint will be dismissed without prejudice for want of prosecution unless the time for serving the defendant has been extended as provided in SCR Civ 4(m).

(3) Within 20 days of service as described above, except as otherwise noted in SCR Civ 12, each defendant must respond to the Complaint by filing an Answer or other responsive pleading. As to the defendant who has failed to respond, a default and judgment will be entered unless the time to respond has been extended as provided in SCR Civ 55(a).

(4) At the time and place noted below, all counsel and unrepresented parties shall appear before the assigned judge at an Initial Scheduling and Settlement Conference to discuss the possibilities of settlement and to establish a schedule for the completion of all proceedings, including, normally, either mediation, case evaluation, or arbitration. Counsel shall discuss with their clients **prior** to the conference whether the clients are agreeable to binding or non-binding arbitration. **This order is the only notice that parties and counsel will receive concerning this Conference.**

(5) Upon advice that the date noted below is inconvenient for any party or counsel, the Quality Review Branch (202) 879-1750 may continue the Conference **once**, with the consent of all parties, to either of the two succeeding Fridays. Request must be made not less than six business days before the scheduling conference date. No other continuance of the conference will be granted except upon motion for good cause shown.

                                  Chief Judge Rufus G. King, III

Case Assigned to:  Judge MARY A TERRELL
Date:  February 8, 2007
Initial Conference: 9:15 am, Friday, May 11, 2007
Location:  Courtroom 219
               500 Indiana Avenue N.W.
               WASHINGTON, DC  20001

SUPERIOR COURT OF DISTRICT OF COLUMBIA

Civil Division

**THE HUMANE SOCIETY OF
THE UNITED STATES**
2100 L St., NW
Washington, DC  20037,

        Plaintiff,

        v.

**AMAZON.COM, INC.**
1200 12th Avenue South
Suite 1200
Seattle, WA  98144,

**JOHN DOE d/b/a UNDERGROUND
PITBULL BREEDERS ASSOCIATION,**

**JOHN DOE d/b/a
STREETHEATDVD.COM,**

**MARBURGER PUBLISHING CO., INC.
d/b/a THE GAMECOCK**
210 Highway 45 North
Hartford, AR  72938,

**DOWD PUBLISHERS d/b/a
THE FEATHERED WARRIOR**
1812 Hwy 70-71 East
DeQueen, AR  71832,

**MAGAZINE EXPRESS, INC.**
5724 Highway 280 East
Birmingham, AL  35242,

**JOHN DOES III – XX,**

        Defendants.

Civil Action No:

0000925-07

RECEIVED
Civil Clerk's Office

FEB 0 8 2007

Superior Court of the
District of Columbia
Washington, D.C.

349169 v 1

# COMPLAINT

**(Action Pursuant to the District of Columbia Consumer Protection Procedures Act
For Injunctive and Declaratory Relief and Statutory Monetary Penalties;
With Jury Demand)**

Plaintiff The Humane Society of the United States, in its own capacity and in a representative capacity, on behalf of all its members, alleges unlawful trade practices pursuant to the Consumer Protection Procedures Act ("CPPA"), D.C. CODE ANN. § 28-3904, and files this Complaint with jury demand. This action for statutory penalties and appropriate injunctive relief arises from Defendants' purposeful marketing, sale, and shipment of graphic dog fighting videos and cockfighting magazines in violation of federal criminal prohibitions and District of Columbia animal welfare laws.

The videos and magazines depict and/or describe actual animal cruelty, as well as animal fights staged for the purposes of: (1) producing and selling more copies of the videos for commercial gain; and (2) unlawfully promoting the criminal enterprises of dog fighting and cockfighting. In particular, the magazines contain hundreds of criminal solicitations and feature advertisements for fighting birds, fighting dogs, and other contraband that render them unlawful under the following statutory schemes: federal Animal Welfare Act, 7 U.S.C. § 2132 *et seq.*; the federal Depiction of Animal Cruelty Statute, 18 U.S.C. § 48; the D.C. Cruelty to Animals Statute, D.C. CODE ANN. §§ 22-1015(a)(1), (a)(5); the federal conspiracy statute, 18 U.S.C. § 371; and the D.C. conspiracy law, D.C. CODE ANN. § 22-1805a(a). All such statutory violations are actionable by way of the private right of action available to organizational plaintiffs, such as The Humane Society of the United States, under the CPPA, D.C. CODE ANN. §§ 28-3904(a), (f), (x); 28-3905(k)(1).

## SUBJECT MATTER JURISDICTION

1.      The Court has subject matter jurisdiction over statutory claims in this matter pursuant to D.C. CODE ANN. § 28-3905(k)(1), and subject matter jurisdiction over equitable claims in this matter pursuant to D.C. CODE ANN. § 11-921.

## PERSONAL JURISDICTION

2.      The Court has personal jurisdiction over Defendants pursuant to D.C. CODE ANN. §§ 13-334, 13-423(a)(1), because the allegations and claims for relief herein arise from Defendants' transaction of business: through which Defendants, whether by maintenance of a website or by direct mailing of the unlawful dog fighting videos and cockfighting magazines, purposefully directed their business activities to the District of Columbia and its resident consumers.

## THE PARTIES

3.      Plaintiff The Humane Society of the United States (hereinafter "The HSUS") is a nonprofit animal protection organization headquartered in the District of Columbia and incorporated in Delaware, with over 25,000 members and constituents in the District of Columbia, and nearly 10 million members and constituents nationwide.

4.      Defendant Amazon.com, Inc. (hereinafter "Amazon"), is a Delaware corporation with its headquarters at 1200 12th Street, Suite 1200, Seattle, Washington, 98144, that regularly transacts business in the District of Columbia as an e-tailer, including through its websites and through the mail service of the United States Postal Service; and that advertises its website and the products on its website to consumers in the District of Columbia.

5.      Defendant John Doe d/b/a "UNDERGROUND PITBULL BREEDERS ASSOCIATION" (hereinafter "John Doe d/b/a UPBA") is a fictitious entity named in the dog

fighting video described in paragraphs 36-44 below as the "present[er]" of that video. No other individual or corporate identities appear in either the content of the video or on its cover or packaging, and the real identities and street addresses of the individuals who created the video are unknown at this time.

6.      Defendant John Doe d/b/a "StreetHeatDVD.com" (hereinafter "John Doe d/b/a Street Heat") is an unincorporated entity named in the dog fighting video described in paragraphs 45-49 below as the presenter of that video, with no verifiable street address, incorporation, or license to do business in any state. As printed on the cover of the dog fighting video, Defendant John Doe d/b/a Street Heat also does business under the fictitious name "50/50 Ent.," and lists a false address on a street that does not exist. No other individual or corporate identities appear in either the content of the video or on its packaging, and the real identities and street addresses of the individuals who created the video are unknown at this time.

7.      Defendant Dowd Publishers is an unincorporated entity owned and operated by Verna Dowd, doing business as The Feathered Warrior, with its headquarters at 1812 Highway 70-71 East, DeQueen, Arkansas 71832, that regularly transacts business in the District of Columbia, including through the mail service of the United States Postal Service; its products are advertised and sold on the website of Defendant Amazon, which is used by District of Columbia residents to purchase dog fighting videos and cockfighting magazines.

8.      Defendant Marburger Publishing Co., Inc., d/b/a The Gamecock, is an Arkansas corporation with its headquarters in Hartford, Arkansas, and a business address of 210 Highway 45 North, Hartford, Arkansas 72938; its corporate registration with the Arkansas Secretary of State lists no street address for either the corporation or its registered agent. Defendant Marburger Publishing regularly transacts business in the District of Columbia, including through

4

the mail service of the United States Postal Service; its products are advertised and sold on the website of Defendant Amazon, which is used by District of Columbia residents to purchase dog fighting videos and cockfighting magazines.

9.      Defendant Magazine Express, Inc. is an Alabama corporation with its headquarters at 5724 Highway 280 East, Birmingham, Alabama 35242, that services magazine subscriptions; the magazine subscriptions it purveys are advertised and sold on the website of Defendant Amazon, which is used by District of Columbia residents to purchase dog fighting videos and cockfighting magazines; the magazines are shipped into the District of Columbia through the mail service of the United States Postal Service.

10.     Defendants John Does III-XX are employees, officers, or agents of Defendants Amazon, Dowd Publishers, Marburger Publishing, Magazine Express, John Doe d/b/a UPBA, and John Doe d/b/a Street Heat, who, acting within the scope of their employment or agency, with intent to benefit their respective employer or company for whom they are acting as an agent, committed the acts described below, including soliciting, entering into, authorizing, requesting, or otherwise ratifying the Agreements described below in paragraphs 68-73, by which the parties agreed to, among other terms, share profits from the publication, distribution, marketing, and sale of publications and videos that promote unlawful animal fighting ventures.

## LEGAL FRAMEWORK

### A.    District of Columbia Consumer Protection Procedures Act

11.     The District of Columbia Consumer Protection Procedures Act ("CPPA") provides that:

> A person, whether acting for the interests of itself, its members, or the general public, may bring an action under this chapter in the Superior Court of the District of Columbia seeking relief from the use by any person of a trade practice in violation of a law of the District of Columbia . . . .

5

D.C. CODE ANN. § 28-3905(k)(1).

12.    It is a violation of District of Columbia law, and therefore an unlawful trade practice under the CPPA, *id.*, *"whether or not any consumer is in fact misled, deceived or damaged thereby*, for any person to:

> (a) represent that goods or services have a source, sponsorship, approval, certification, accessories, characteristics, ingredients, uses, benefits, or quantities that they do not have, . . .
>
> (e) misrepresent as to a material fact which has a tendency to mislead;
>
> (f) fail to state a material fact if such failure tends to mislead, . . . [or]
>
> (x) sell consumer goods in a condition or manner not consistent with that warranted by . . . operation or requirement of federal law.

*Id.* § 28-3904 (emphasis added).

13.    Additionally, "the CPPA's extensive enforcement mechanisms apply not only to the unlawful trade practices proscribed by § 28-3904, but to all other statutory and common law prohibitions." *Osbourne v. Capital City Mortgage Corp.*, 727 A.2d 322, 325-26 (D.C. 1999).

14.    The CPPA allows for treble damages, or $1,500 per violation, whichever is greater, as well as reasonable attorney's fees, an injunction against the unlawful trade practice, "additional relief as may be necessary to restore to the consumer money or property . . . which may have been acquired by means of the unlawful trade practice," and "any other relief the court deems proper." D.C. Code Ann. § 28-3905(k)(1).

**B.**    **Federal Depiction of Animal Cruelty Statute**

15.    The federal Depiction of Animal Cruelty statute makes it a federal crime, punishable by a fine and up to five years in prison, to "knowingly create[ ], sell[ ], or possess[ ] a depiction of animal cruelty with the intention of placing that depiction in interstate or foreign commerce for commercial gain." 18 U.S.C. § 48(a). A "depiction of animal cruelty" is:

> any visual or auditory depiction, including any . . . motion-picture film, video recording, electronic image, or sound recording of conduct in which a living animal is intentionally maimed, mutilated, tortured, wounded, or killed, if such conduct is illegal under Federal law or the law of the State in which the creation, sale, or possession takes place, regardless of whether the maiming, mutilation, torture, wounding, or killing took place in the State.

*Id.* § 48(c)(1). The statute does not apply to "any depiction that has serious religious, political, scientific, educational, journalistic, historical, or artistic value." *Id.* § 48(b).

## C. Federal Animal Welfare Act

16. It is a violation of the federal Animal Welfare Act ("AWA") for "any person" to "knowingly use the mail service of the United States Postal Service or any interstate instrumentality for purposes of *promoting or in any other manner furthering* an animal fighting venture except as performed outside the limits of the States of the United States." 7 U.S.C. § 2156(c) (emphasis added).

17. The AWA also makes it a federal crime for "any person" to "knowingly sell, buy, transport, deliver, or receive for purposes of transportation, in interstate or foreign commerce, any dog or other animal for purposes of having the dog or other animal participate in an animal fighting venture." *Id.* § 2156(b).

## D. District of Columbia Cruelty to Animals Statute

18. The D.C. Cruelty to Animals Statute makes it a felony punishable by up to a $25,000 fine or 5 years in prison for each violation, for "any person" to

> organize[], sponsor[], conduct[], stage[], *promote*[], [be] employed at, collect[] an admission fee for, or bet[] or wager[] any money or other valuable consideration on the outcome of an exhibition between two or more animals of fighting, baiting or causing injury to each other.

D.C. CODE ANN. § 22-1015(a)(1) (emphasis added). It is also a felony, punishable by up to a $25,000 fine or 5 years in prison for each violation, for "any person" to "aid[ ] or abet[ ]" any of

the unlawful acts specified in D.C. CODE ANN. § 22-1015(a), including the "promot[ion]" of animal fighting. *Id.* § 22-1015(a)(5).

19.    The D.C. Cruelty to Animals Statute also makes it a felony, punishable by up to a $25,000 fine or 5 years in prison for each violation, for "any person" to "own[ ], train[ ], buy[ ], sell[ ], offer[ ] to buy or sell, steal[ ], transport[ ], or possess[ ] any animal with the intent that it engage in any [animal fighting or baiting] exhibition. . ." *Id.* § 22-1015(a)(2).

**E.    Other Federal and District of Columbia Laws**

20.    It is unlawful for "two or more persons [to] conspire . . . to commit any offense against the United States," 18 U.S.C. § 371, or to "conspire . . . to commit a criminal offense" under District of Columbia law. D.C. CODE ANN. § 22-1805a(a).

21.    Under federal law, "[w]hoever commits an offense against the United States or aids, abets, counsels, commands, induces or procures its commission, is punishable as a principal." 18 U.S.C. § 2(a). Additionally, "[w]hoever willfully causes an act to be done which if directly performed by him or another would be an offense against the United States, is punishable as a principal." *Id.* § 2(b).

22.    In addition to the specific aiding and abetting provisions of the D.C. Cruelty to Animals Statute described above, District of Columbia law also provides that "all persons advising, inciting, or conniving at the offense, or aiding or abetting the principal offender, shall be charged as principals and not as accessories." D.C. CODE ANN. § 22-1805.

**FACTS GIVING RISE TO PLAINTIFF'S CLAIMS FOR RELIEF**

**A.    Dog Fighting and Cockfighting in the District of Columbia and in the United States**

23.    Dog fighting is illegal in every state and in the District of Columbia. Cockfighting is prohibited in all or part of all fifty states, with statewide prohibitions in effect in

forty-eight states and the District of Columbia. Additionally, thirty-six states prohibit the sale, purchase, and/or possession of fighting animals or implements, and twenty-seven states and the District of Columbia further criminalize other acts that "promote," D.C. CODE ANN. § 22-1015(a)(1), or "further" animal fighting, such as "advertising" or "us[ing] any means of communication for the purpose of promoting [ ] a fight." See, e.g., FLA. STAT. ANN. § 828.122(2)(d) (West 2006); COLO. REV. STAT. ANN. § 18-9-204(1)(b)(V).

24.    At an animal fight, two or more animals specially trained and bred for aggression are pitted against one another in a small enclosure and provoked by their handlers to attack each other, usually until one or both of the animals dies from injuries inflicted in the fight, with gamblers betting on the outcome. Birds fight with knives or "gaffs" affixed to their legs. Dogs and birds wounded or killed in a fight suffer painful, disfiguring, and debilitating injuries, including lacerations, ruptured organs, broken or severed limbs, gouged eyes, punctured lungs, head injuries, broken necks and backs, internal bleeding, shock, and partial or full paralysis.

25.    If an animal loses a fight by running away, it causes the handler embarrassment and loss of reputation. A runaway dog's handler will often electrocute her as punishment, using a car battery or other crude methods. Handlers of runaway roosters have been observed slamming the birds into walls as punishment.

26.    If a bird is injured but not killed after the fight, it is customary for the handler not to provide veterinary care, food, or water for the animal, but rather, to abandon the animal, causing the animal to suffer from injuries, starvation, or dehydration for up to several days before dying. At raids, officials have observed injured, live animals trapped at the bottom of trash barrels under the bodies of dead animals. These animals may suffer for several days before being crushed in a trash compactor or otherwise disposed of.

27.     Fighting birds and dogs are typically injected with steroids, speed, and other substances before the fight, including blood-clotting drugs expressly designed and marketed to ensure that gravely wounded animals will fight longer, thereby deliberately prolonging the animals' suffering prior to death.  Handlers also inflict pain upon the roosters by sawing or shearing off certain appendages for the purpose of fighting, including the birds' waddles, combs, and spurs.   Dog fighters also create painful stimuli in order to provoke the dogs' aggression prior to the fight, such as by sewing bottle caps into the dogs' skin or burning the dogs' paw pads with cigarette lighters.

28.     Dog fighters typically obtain fighting dogs by purchasing dogs from, or using the breeding or "stud services" of, breeders who are known to selectively breed and train dogs for gameness, and whose reputation is based on these dogs' "victories" in fights.

29.     To train dogs for fighting or to be sold for fighting purposes, dog fighters and the breeders and sellers of fighting dogs use smaller or less aggressive "bait" dogs (and cats) whom the fighting dogs maim or kill for practice.  Fighters obtain "bait" dogs by breeding them, from "Free to a Good Home" advertisements, from puppy mills, or by stealing them from homes and backyards.

30.     Each year, hundreds of millions of dollars of unreported income changes hands at cockfights and dog fights from illegal gambling, in addition to entry fees and prize money. Some cockfighting events involve hundreds of matches, with prizes in the tens of thousands of dollars.  Accordingly, handlers often travel across state lines to fight animals, as documented by the Federal Bureau of Investigation ("FBI").  FBI Special Agents have observed children as young as six years old taking bets at animal fights.

31.    A variety of criminal activities, including gambling, drug possession, rape, illegal weapon possession, and homicide have been associated with animal fighting.  Drug money is also laundered through animal fighting operations.

32.    Because of the gambling, money, weapons, and illegal drugs involved, dog fighting and cockfighting contribute to a rise in other types of crime in the affected communities, such as personal violence and property crime.

33.    The gambling associated with dog fighting and cockfighting is illegal in every state, and those who cross state lines or use the mail service to "promote . . . or facilitate the promotion" of such gambling also violate federal racketeering laws.  *See, e.g.*, 18 U.S.C. § 1952.

34.    Cockfighting also poses a public health and biosecurity threat.  As confirmed by the World Health Organization, cockfighting was responsible for at least eight human cases of avian influenza between January 2004 and April 2005, due to the bloody nature of the fights, and the fact that cockfighters occasionally put their mouths over the heads of wounded birds to resuscitate them during the fight.  In 2003, the Governor of California declared a State of Emergency after cockfighting birds from Mexico spread Exotic Newcastle Disease to poultry flocks in the United States, resulting in the deaths of 3.4 million birds and the loss of more than 200 million dollars, including reimbursements made to poultry producers at taxpayer expense.

35.    Dog fighting also threatens public health and safety, by increasing the risk to law enforcement officers and to the public – especially children and the elderly – of dog bites and dog attacks.  Dog fighting also facilitates the spread of transmissible diseases from dog to dog and dog to human, such as heartworm and rabies.

**B.    Defendants' Sale of Dog Fighting Videos**

36.    On or before 2004, Defendant John Doe d/b/a UPBA produced a digital video disc entitled "UNLEASHED: THE REALEST PITBULL ACTION CAUGHT ON TAPE" (hereinafter "*Unleashed*"), containing nearly two hours of video footage in which approximately twenty live dogs are actually and intentionally maimed, mutilated, tortured, wounded, and killed.

37.    Specifically, *Unleashed* depicts approximately twelve dog fights whereby two unneutered dogs at a time are placed within a small enclosure made of plywood panels four feet high, and baited and taunted until they begin to attack one another, with a camera operator hovering closely over the animals.  According to the content of the video, some of the dogs used are puppies, with one described as "11 months old."   At least one of the dogs is also a female who has recently given birth.  After each match the dogs or their bodies are removed and a new pair is placed into the enclosure.

38.    Over the course of two hours, *Unleashed* depicts hundreds if not thousands of injuries being inflicted upon these twenty dogs, leading to the death of at least one (as confirmed by the producers in the text displayed during the video), and the likely deaths of at least several others, based on the severity of their wounds at the moment the camera cuts to the next match. For instance, in one sequence of *Unleashed*, a dog pulls at the trachea of a second dog with a large neck laceration at the end of a fight; the mortally wounded dog appears to be deceased, as he is on his back with all four paws in the air, eyes closed, covered from head to tail in blood.

39.    Throughout this video, hundreds of puncture wounds, lacerations, and avulsions are inflicted upon the dogs.  The dogs have large pieces of skin pulled off their shoulders, necks, faces, and the tops of their heads; these pieces of severed tissue can sometimes be seen in the dirt of the ring.  The dogs bite through the paws, ears, legs, and genitals of one another.  Their

12

wounds become contaminated with dirt and weeds, and the blood from their wounds smears across all four walls of the plywood enclosure. Dogs who start the fight with white fur appear to have been soaked in blood by the end of the fight. By the end of each fight the dogs often struggle to breathe because they are near collapse and their mouths are filled with dirt and blood.

40.    When the dogs give up and try to escape they are prevented from exiting through cracks in the boards by people standing on the other side of the boards, who can be seen only by their pants and boots. During most of the sequences, the dogs' growls, screams, and vocalizations cannot be heard because they are muted out, and the audio consists instead of rap music. Much of the music has violent themes, such as one song about the "murder" of "the family, the lawyer, the jurors and the judge . . . the district attorney." None of the music is properly attributed to its source, and appears to have been used in violation of copyright laws.

41.    The final "Chapter" of *Unleashed* contains more than thirty minutes of ten second clips that alternate between excerpts of the dog fight sequences in prior chapters, and video clips of nude women undertaking various sexual acts. Often, the alternating clips will show dogs being shaken violently by their necks, followed by women shaking violently.

42.    The events depicted in *Unleashed*, and staged for the purpose of producing *Unleashed*, are unlawful in every state, and are punishable as a felony in 48 states. Copies of *Unleashed* were found and seized by law enforcement authorities at a recent raid of a dog fighting compound in Columbus, Ohio.

43.    The dog fights featured in *Unleashed* were staged for the purpose of producing and selling *Unleashed* for commercial gain, as demonstrated by, among other things, the fact that the camera operator is waiting for the dogs in the ring and follows them around closely; not even

the dogs' handlers are in the ring. Furthermore, none of the other people attending the dog fight are visible in *Unleashed*, although their voices can be heard in the final chapter.

44. Unlike most DVDs, the true identity of the producer or distributor of *Unleashed* is not shown on either the label of *Unleashed*, or its container or packaging, or in the content of *Unleashed*. The video footage states only that it is "present[ed]" by the "UNDERGROUND PITBULL BREEDERS ASSOCIATION," a fictitious entity with no known street address, incorporation, or license to do business in any state. None of the individuals involved in the making of *Unleashed* are identified by name or face.

45. On or before April 2006, Defendant John Doe d/b/a Street Heat produced a digital video disc entitled "HOOD FIGHTS VOL. 2: THE ART OF THE PIT" (hereinafter "*Hood Fights*"), containing approximately forty minutes of video footage in which approximately twenty live dogs are actually and intentionally maimed, mutilated, tortured, wounded, and killed. The dog fighting footage in *Hood Fights* is identical to the footage described in paragraphs 36-44 – it appears to have been copied directly from *Unleashed*.

46. Defendants Amazon, John Doe d/b/a UPBA, and John Doe d/b/a Street Heat knowingly create, sell, or possess *Unleashed* and *Hood Fights* (hereinafter collectively referred to as "the Videos") – depictions of animal cruelty – with the intention of placing that depiction in interstate or foreign commerce for commercial gain, in the District of Columbia and other jurisdictions where dog fighting is illegal; and/or aid or abet in the same.

47. The Videos do not have has serious religious, political, scientific, educational, journalistic, historical, or artistic value. There is no context, commentary, historical or documentary reference for the dog fighting.

14

48.    The production, distribution, marketing, and sale of the Videos also promote and further unlawful animal fighting ventures. The Videos employ popular music to glamorize and make light of animal fighting. They desensitize viewers to the violent nature of animal fighting by using music for the audio content while muting out the animals' vocalizations.

49.    Defendants Amazon, John Doe d/b/a UPBA, and John Doe d/b/a Street Heat, and their employees and agents, knowingly distribute the Videos through the mail service of the U.S. Postal Service for the purpose of promoting and furthering unlawful animal fighting, and/or aid and abet in their distribution for the purpose of promoting and furthering unlawful animal fighting.

**C.    Defendants' Sale of Cockfighting Magazines**

50.    At all times relevant to this action, Defendants Dowd Publishers and Marburger Publishing published, and continue to publish, respectively, *The Feathered Warrior* and *The Gamecock* (hereinafter "the Publications") – two monthly catalog-type publications that feature hundreds of advertisers and thousands of products per monthly issue. Advertisements comprise approximately 64 percent of the total content of the Publications as measured over a twelve month period – a total of over 2,500 advertisements for commercial transactions.

51.    Of these advertisements – more than 1,700 pages' worth as measured over a twelve month period – over 90 percent are criminal solicitations. For instance, 34 percent of these advertisements propose commercial transactions for fighting animals or fighting paraphernalia that are illegal *everywhere*, because the transactions are prohibited by state law in the seller's jurisdiction, and their interstate or international sale, purchase or shipment is also prohibited by federal law. The remaining 66 percent of these advertisements propose

15

commercial transactions for fighting animals or fighting paraphernalia that are illegal if purchased anywhere in the world except the state in which the seller resides.

52.    For instance, the Publications contain advertisements for fighting birds who "want to hurt something," such as one in particular that was marketed for his fighting prowess on the basis that he had impaled an opposing bird "through [the] neck and kill[ed] [him] outright." THE FEATHERED WARRIOR 1 (Verna Dowd, ed., July 2006).

53.    The Publications also advertise dogs intended for fighting purposes, including dogs bred and sold by dog fighting kingpin Floyd Boudreaux. *See id.* at 63. Boudreaux was arrested in March of 2005 and presently awaits trial on forty-eight felony counts of animal fighting, based on the breeding and sale of dogs intended for fighting.

54.    The Publications also advertise animal fighting venues for purchase, such as the "Sally Gap Game Club," a "10,000 Sq. Ft." cockfighting club that "Is Up And Running!!!!" in Kentucky, where cockfighting is illegal. THE GAMECOCK 37 (J.C. Griffiths, ed., Dec. 2006). Cockfighting pits and cages are pictured in the advertisement, along with rows of bleachers where spectators observe the fights. *Id.*

55.    A recent undercover investigation confirmed that the sole function of this facility is to host unlawful animal fighting events. Specifically, the seller of the cockfighting pit told an investigator by telephone that the weekly events feature both "short knife" and "long knife" cockfights, and that prospective purchasers of the pit need not worry about being prosecuted because the local sheriff already knew about the pit and would not take action. Undercover video footage taken on February 3, 2007 reveals over four hundred people from several states in attendance at the Sally Gap Game Club, with an estimated $500,000 in illegal wagers being handled by the house. None of this income, on information and belief, is reported to the Internal

Revenue Service as required by law.  Therefore, the Publication in which this advertisement appears promotes and furthers unlawful animal fighting ventures and other crimes.

56.    The Publications also advertise actual animal fighting events in jurisdictions where cockfighting is illegal.  *See, e.g.*, THE FEATHERED WARRIOR 5 (Apr. 2004) (listing schedule for Oklahoma cockfights, months after the Oklahoma Supreme Court had affirmed the validity of the statewide cockfighting ban, which also makes it a felony to advertise a cockfight).

57.    The advertisements for specific animal fights contain information not found in any other print periodical, without which a gambler or fight participant would not be able to attend, such as entry fees and required "memberships," weapons classifications, driving directions, cockfighting rules, and the telephone number that will ring in the fighting "Pit."  *See id.* at 10 (July 2006) (advertising "Long Knife Derby"); THE GAMECOCK 34 (July 2006) (explaining how the "Rules of Cockfighting" operate when the birds kill each other at the same time, and describing the referee's "examination to determine if a cock is actually dead, not just dying").

58.    The Publications also list the results and champions from recent cockfights, including fights in states where cockfighting is illegal.  *See, e.g.*, THE FEATHERED WARRIOR 61 (July 2006); *id.* at 37 (Jan. 2004).  These accolades, including "victories" at "derbies" or cockfights in jurisdictions where cockfighting is illegal, are then used by winning handlers and breeders to market and sell birds intended for fighting and to obtain premium prices based on their fighting reputation.  THE GAMECOCK 103, 107 (Feb. 2006) (advertising birds for sale that were illegally transported in interstate commerce and fought at illegal cockfights in Virginia, Alabama, California, Kentucky, Tennessee, Texas, Oklahoma, and Hawai'i).

59.     The advertisements also include cockfighting supplies such as "gaffs" or knives attached to the legs of birds for purposes of fighting.  *See, e.g., id.* at 117 (Jan. 2006) (Tennessee supplier advertising fighting blades that are designed for "maximum cutting and penetration"); *id.* at 99 (June 2004) (listing fighting gaffs and blades for sale that "cut the fowl in good place, it bounce to roll on the ground and dead [sic]").  The sale, purchase, and transport of these implements is unlawful.

60.     The Publications also advertise steroids, "speed," and other drugs for fighting purposes.  *See, e.g.,* THE FEATHERED WARRIOR 12, 15 (Jan. 2006) (advertising hormones that encourage "pure aggression" to "prepare your cock for battle"); THE GAMECOCK 21 (July 2006) (advertising injectable "blood clotting solution" that "can and does help your cocks [sic] chances by stopping internal bleeding fast"); *id.* at page T (Jan. 2004) (advertising injectable "Nicoramin" stimulant that allows birds to "fight longer even when injured").  The sale, purchase, and transport of these drugs is prohibited by the AWA and the laws of twenty-three states, and may also violate controlled substances laws.

61.     Advertising in *The Gamecock* costs up to $2,118 for a single advertisement per year; advertising in *The Feathered Warrior* costs up to $1,155 for a single advertisement per year.  *Id.* at 64 (Jan. 2006); THE FEATHERED WARRIOR 67 (July 2006).  The publisher of *The Feathered Warrior* lists an e-mail address by which advertisers and consumers in the District of Columbia and elsewhere could contact the publication.  *Id.* at 60 (Jan. 2006).

62.     The Publications are found at seventy-five percent or more of all law enforcement raids of illegal animal fights.  Judges and juries have considered possession of the Publications to be evidence of criminal culpability under animal cruelty prohibitions.  *See, e.g., Com. v. Balog,*

672 A.2d 319, 322-24 (Pa. Super. Ct. 1996) (affirming cockfighting conviction on basis of circumstantial evidence including "36 magazines on fighting birds, and two sets of [gaffs]").

63.    The publisher of a dog fighting magazine pled guilty last year in Pennsylvania to two felony animal fighting and conspiracy charges based entirely on his publishing and distributing the magazine, under a statute that prohibits "encouraging" animal fighting, similar to the AWA and D.C. Cruelty to Animals Statute provisions at issue here. *See Com. v. Fricchione*, Crim. No. 0012396-2004 (Pa. Ct. Comm. Pleas, sentenced March 13, 2006).

64.    Like the Publications here, the dog fighting magazines at issue in the *Fricchione* criminal action listed the winners from recent animal fights, advertised fighting animals marketed based on their "victories" in those fights, advertised dog fighting implements, and contained some non-advertising content.

65.    On information and belief, most of the fighting animals and fighting implements advertised in the Publications are not advertised in any other medium, paper or electronic.

66.    Defendants Amazon, Dowd Publishers and Marburger Publishing, and their employees and agents, knowingly publish and distribute the Publications through the mail service of the U.S. Postal Service for the purpose of promoting and furthering unlawful animal fighting ventures; and/or aid and abet in their distribution for the purpose of promoting and furthering unlawful animal fighting.

67.    The publication, distribution, marketing, and sale of the Publications promotes and furthers hundreds if not thousands of specific unlawful animal fighting ventures, including those expressly named in the text and advertisements of the Publications, as well as those that are not expressly named but would not exist but for the real-time commercial cockfighting infrastructure provided by the Publications.

**D.**    <u>The Agreements to Publish, Distribute, Market, Promote, and Sell the Publications</u>

68.    On information and belief, Defendant Amazon, through its website, is the only retail seller of subscriptions to the Publications; its website is the only way consumers in the District of Columbia and elsewhere can find and purchase subscriptions to the Publications over the internet, or by any other means besides contacting the publishers directly by written mail or by telephone as listed only in the Publications themselves. The Defendant magazine publishers do not presently maintain their own websites.

69.    On information and belief, and on a date prior to June 2005, employees, officers, or agents of Defendants Amazon, Magazine Express, and Dowd Publishers, respectively; acting within the scope of their employment or agency; and with the intent to benefit their employer company or the company on whose behalf they were acting; and at the request of or with the approval, ratification, authorization, or tolerance of the appropriate manager(s), or officer(s), or executive(s) of that company; entered into one or more agreements or arrangements with at least one of the other Defendants named in this paragraph, in writing or otherwise (hereinafter "Agreements"), by which: (1) Defendant Amazon would list *The Feathered Warrior* on Amazon's website for retail sale, in exchange for a percentage of the retail price of each subscription purchased from Amazon's website, and would transmit the remainder of the subscription price to either Defendant Magazine Express or Defendant Dowd Publishers; and/or (2) Defendant Dowd Publishers would deliver hard copies of each issue of *The Feathered Warrior* either to Defendant Amazon or its agent, Defendant Magazine Express, or directly to the consumers whose name and mailing address Defendant Amazon provided to the Defendant Dowd Publishers; and/or (3) Defendant Amazon would arrange, through its agent, Defendant Magazine Express, for the delivery of those hard copies of *The Feathered Warrior*, by the mail

service of the U.S. Postal Service, to consumers who purchased that publication from Defendant Amazon's website.

70.    Likewise, on information and belief, on a date prior to June 2005, employees, officers, or agents of Defendants Amazon, Magazine Express, and Marburger Publishing, respectively; acting within the scope of their employment or agency; and with the intent to benefit their employer company or the company on whose behalf they were acting; and at the request of or with the approval, ratification, authorization, or tolerance of the appropriate manager(s), officer(s), or executive(s) of that company; entered into one or more agreements or arrangements with at least one of the other Defendants named in this paragraph, in writing or otherwise, by which: (1) Defendant Amazon would list *The Gamecock* on Amazon's website for retail sale, in exchange for a percentage of the retail price of each subscription purchased from Amazon's website, and would transmit the remainder of the subscription price to either Defendant Magazine Express or Defendant Marburger Publishing; and/or (2) Defendant Marburger Publishing would deliver hard copies of each issue of *The Gamecock* either to Defendant Amazon or its agent, Defendant Magazine Express, or directly to the consumers whose name and mailing address Defendant Amazon provided to the Defendant Marburger Publishing; and/or (3) Defendant Amazon would arrange, on its own or through its agent, Defendant Magazine Express, for the delivery of those hard copies of *The Gamecock*, by the mail service of the U.S. Postal Service, to consumers who purchased that publication from Defendant Amazon's website.

71.    By their actions as described in this Section and in paragraphs 68-70 above, the Defendants described in this Section, and their employees, officers, or agents, all sought by their actions to make the Agreements successful, because the Defendants had and have a financial

stake in the Publications' success, based on the number of subscriptions to the Publications that are sold. Defendants Amazon and Magazine Express combined, cooperated, agreed, and otherwise conspired with Defendants Dowd Publishers and Marburger Publishing to sell as many subscriptions to the Publications as possible.

72.     The effect of the Agreements – namely, the promotion and furthering of unlawful animal fighting ventures – is unlawful. On information and belief, the Agreements have, at their base, a stream of illicit revenue generated by illegal gambling on animal fighting that furthers the promotion of illegal animal fights in states where such activity is prohibited. Specifically, both animals and implements unlawfully advertised in the Publications are used at unlawful animal fights, where handlers and others obtain illegal profits. The revenue generated by advertisers through the Publications is not only unlawful in and of itself, but also directly furthers unlawful animal fighting ventures, as the animals and goods involved are in turn used to commit crimes and to procure money illegally. The Publications are therefore a central part of an unlawful revenue scheme.

73.     As described further below, Defendant Amazon had actual and constructive knowledge that its marketing, sale, and shipment of the Publications were unlawful; Defendant Amazon nevertheless continued to intentionally assist Defendants Dowd Publishers and Marburger Publishing, using its website and its paid advertising on other popular websites to purposefully procure subscribers for Defendants Dowd Publishers and Marburger Publishing. Defendants Dowd Publishers and Marburger Publishing purposefully caused Defendants Amazon and Magazine Express to use the mail service to deliver the Publications to purchasers.

22

E.    **The Distribution, Marketing, and Sale of the Videos and the Publications**

74.    Beginning in October 2006 and June 2006, respectively, or earlier, Defendant Amazon sold, and continues to sell, *Unleashed* and *Hood Fights* on its Marketplace website, as supplied by third-party merchants.  A link to the webpage where Amazon sells *Unleashed* is the first link displayed whenever a user types in the search term "Pitbull" for DVDs on Defendant Amazon's search engine.  The "Product Description," in its entirety, states "Pitbull action caught on tape."

75.    Defendant Amazon keeps a percentage of each purchase made on its Marketplace website and transmits the buyer's address to the third-party merchant.  Defendant Amazon is one of only three internet sellers of the Videos.

76.    Defendant Amazon knowingly sells the Videos.  On October 17, 2006, a member of the public alerted Defendant Amazon to the fact that *Unleashed* contained actual scenes of animal fighting and asked that Defendant discontinue its sale of the video.  In response, Defendant Amazon told the consumer that her request amounted to "censorship" and stated that it would "continue to make controversial works available in the United States and everywhere else, except where they are prohibited by law."

77.    Similarly, Plaintiff alerted Amazon to the unlawful nature of *Hood Fights* in June, 2006.

78.    Beginning in June 2005 or earlier, and pursuant to the Agreements described in paragraphs 68-73, Defendant Amazon sold, and continues to sell, the Publications on its website. Each of the Publications has its own webpage on the Amazon website that lists the title, retail price, number of issues, and a "Product Description."  For both Publications, Defendant

Amazon's webpage states that the consumer's "name and mailing address will be shared with the appropriate publisher."

79.    Defendant Amazon's "Product Description" for *The Feathered Warrior* states that the publication "is a trade magazine devoted to [ ] the . . . fighting of gamefowl." Defendant Amazon's "Product Description" for *The Gamecock* states that the publication contains "[a]rticles on gamefowl, poultry diseases, sport [*i.e.,* fighting] results, advertising of supplies for proper care of gamefowl and some history of gamefowl."

80.    These "Product Descriptions" were either transmitted to Defendant Amazon or its agent, Defendant Magazine Express, from the respective Defendant publishers, or were developed by employees or agents of Defendant Amazon after reviewing the Publications.

81.    In July of 2005, Plaintiff notified executives at Defendant Amazon in writing that Defendant Amazon's marketing and sale of the Publications violates the AWA, and requested that Defendant Amazon discontinue its marketing and sale of the Publications. Plaintiff also explained that the advertisements in the Publications proposed unlawful commercial transactions.

82.    After several unreturned follow-up phone calls and letters, Plaintiff sent another letter on July 18, 2006 to executives at Defendant Amazon stating that the Publications were still being marketed and sold by Amazon in violation of federal law, and that Plaintiff would initiate this civil action unless Defendant agreed to cease its promotion and sale of the Publications.

83.    On or before July 18, 2006, Amazon also listed a single set of "Phillippine Cockfighting Slasher Knives" on its Marketplace website through a third party seller for $500.00. The Amazon website listing for the Slasher Knives stated that the knives were the

24

"Most Lethal Slashers Money can Buy," and "[g]uaranteed to stay sharp and lethal even after several usages."

84.    Amazon actively markets the Publications through advertisements, some of which are expressly listed as paid advertisements on several popular websites such as Yahoo! Shopping, mySimon.com, aMagArea.com, DealTime.com, Verizon SuperPages.com, Epinions.com, and the banner ad that appears at the top of Google.com following specific searches. Those advertisements all feature live links by which a consumer clicks on the text and is sent directly to the pages on Amazon's website where Amazon sells the Publications.

85.    Defendant Amazon also actively markets the Videos and the Publications using various promotions on its own website. For instance, Defendant Amazon advertises one of the Publications on the selling page of the other, under the heading "Better Together," which offers a price promotion if the buyer purchases both, rather than just one, of the Publications.

86.    Defendant Amazon also actively markets the Videos and the Publications by advertising them on the selling page of other items, under the heading "Customers who bought this item also bought . . ." which displays the purchases of other consumers who bought the listed Publication.

87.    On Defendant Amazon's "Policies, Glossary, and FAQs" webpage, which consumers can access from the "Help" page that is linked to all of the specific product web pages on Defendant Amazon's website, Amazon states that it will not sell a broad range of potentially objectionable yet lawful materials on its website – twenty-three categories in all, including sexually explicit materials and anything else "we [Defendant Amazon] deem offensive," which "is probably about what you would expect."

88.     Defendant Amazon also represents that sellers on its website, a category that includes Defendant Amazon itself, "are expected to conduct proper research to ensure that the items posted to our . . . sites are in compliance with all local, state, national, and international laws." Defendant Amazon also states that "the items we prohibit" include "Illegal items," such as "any product which may lead to the production of an illegal item or illegal activity."

89.     In order to "visit" or "shop" at Amazon.com, consumers must "accept" and "agree" to Defendant Amazon's "conditions of use," which states that Defendant Amazon's "other policies," such as its "policies" regarding "Illegal items" as described in paragraphs ***, "also govern your visit to Amazon.com." These policies and the conditions of use are expressly incorporated into each consumer transaction as indicated on the ordering page.

90.     Defendant Amazon's terms and conditions, insofar as they are expressly incorporated in every consumer transaction that occurs with respect to the website, constitute warranties and/or affirmative representations that (1) the items sold are not illegal; and (2) that those items will not give rise to illegal activities if they are possessed and/or used.

91.     In breach of the express warranties and/or affirmative representations conveyed within Defendant Amazon's sales terms and conditions, the Videos and cockfighting publications constitute prohibited "illegal items" and are not presented in a condition consistent with that warranted by Amazon because they are not in compliance with applicable federal and state laws.

92.     Additionally, anyone who "visit[s] or shop[s]" on the Amazon Marketplace site, where the Video is sold, must also "accept" the "Participation Agreement." The Participation Agreement requires sellers to "comply with all applicable laws, statutes, and regulations." The

Participation Agreement is expressly incorporated into each consumer transaction as indicated on the ordering page.

93.    Contrary to the terms of the Participation Agreement, Defendant Amazon and the merchant producers and distributors of the Videos, Defendants John Doe d/b/a UPBA, and John Doe d/b/a Street Heat, have failed to comply with federal animal cruelty laws and the D.C. Cruelty to Animals statute, rendering them liable for unlawful trade practices proscribed by the CPPA.

94.    On information and belief, a substantial percentage, and perhaps even a majority, of all new subscriptions to the Publications are sold by Amazon.  For instance, the Publications consistently rank in the top one percent and top five percent, respectively, of all magazine subscriptions sold on Amazon.com.

95.    If unlawful animal fighting ventures are promoted or in any other manner furthered, more people will participate in those animal fighting ventures, and therefore more people will purchase subscriptions to the Publications in order to compare prices, read fight results, find the location and dates of upcoming fights, and order fighting animals and paraphernalia.  Concomitantly, more people will purchase subscriptions to the Publications from Defendant Amazon.

96.    If Defendants did not advertise and sell the Publications and distribute them through the mail service, there would be no retail outlet for, no internet promotion and advertising of, and no internet sale of subscriptions to the Publications in the District of Columbia and elsewhere, and the Publications' circulation would therefore be substantially reduced.  Likewise, if Defendants did not market and sell the Video, there would be substantially fewer Videos sold.

97.    In turn, less illegal animal fighting and fighting animal trafficking would occur in the District of Columbia and surrounding areas if Defendants ceased their marketing and sale of the Videos and the Publications, because both the Videos and the Publications promote and further unlawful animal fighting, as described above in paragraphs 23-35.    Without the magazines, animal fighters in the District of Columbia and elsewhere would have substantially reduced access to sellers and buyers of fighting animals and other implements intended to be used in unlawful animal fighting, and would also have substantially reduced access to information about how and where to attend specific animal fights.

F.    **Harm To District of Columbia Consumers**

98.    Consumers in the District of Columbia have purchased each of the Publications – and, on information and belief, the Videos – from Defendant Amazon.

99.    Based on the representations made by Defendant Amazon in its "conditions of use," "Policies," and "Participation Agreement" – all of which "bind" and are an inherent part of consumer transactions – consumers believe that the sale and content of products sold on Amazon.com, including the Videos and the Publications, "comply with all applicable laws, statutes, and regulations," including the AWA, the federal Depiction of Animal Cruelty statute, and the D.C. Cruelty to Animals Statute, and reasonably rely on that representation when making purchases.

100.    On information and belief, many consumers are misled by Defendant Amazon's express representations that the content and sale of the Videos and the Publications "adhere to all applicable laws" and do not "lead to the production of an illegal item or illegal activity," and would not complete the transactions if they knew that the products did not comport with federal criminal prohibitions and the animal welfare law of the District of Columbia.    Furthermore,

28

Defendant Amazon's website nowhere identifies the Videos in question as ones that contain unlawful depictions of actual animal cruelty.

101.   Whether or not consumers are actually misled by these material misrepresentations and/or omissions of material fact, the sale of the Videos and Publications clearly causes harm to consumers within the District of Columbia.

102.   According to Defendant Amazon's website, "Customers who bought [*Unleashed*] also bought" from Amazon a DVD called "Off the Chain," which is clearly identified on Amazon's website as an anti-dog fighting "documentary [about] the world of dog fighting and how it [has] damaged the [pit bull] breed."   It is unlikely that consumers would purchase both videos if Defendant Amazon had not failed to state the material fact that *Unleashed* depicted actual dog fighting and other forms of animal cruelty and, unlike "Off the Chain," was not an anti-dog fighting video.

103.   If Defendants had not engaged in violations of the CPPA by agreeing to advertise, sell, publish, and distribute the Videos and Publications in a manner contrary to federal criminal prohibitions concerning animal fighting and D.C. animal welfare law, District of Columbia residents would not have suffered pecuniary loss, *i.e.*, they would not have expended funds to obtain the Videos and subscribe to the Publications.

**G.   Health and Safety Harms**

104.   As explained above, Defendants' advertisement and sale of, and agreement to publish, distribute by mail service, market, and sell the Publications and the Videos, including in the District of Columbia, "promotes" and "furthers" unlawful animal fighting in the District of Columbia, thereby resulting in more illegal animal fighting than there would be if Defendants

did not advertise and sell the Publications, or agree to publish, distribute by mail service, market, and sell the Publications or the Videos.

105.    Animal fighting imminently harms the health and safety of District of Columbia residents because, as explained above, animal fighting ventures involve illegal gambling and drug and weapons trafficking, all of which increase the risk that District of Columbia citizens and members of the public will be victimized by violent crime and property crime.  Therefore, Defendants' ongoing publishing, distributing through the mail service, marketing, and sale of the Publications and the Videos, all of which promote and further unlawful animal fighting, substantially increase the risk of harm to the health and safety of District of Columbia residents. These injuries will be redressed if Plaintiff prevails in this action.

106.    Likewise, increased animal fighting caused by Defendants' advertisement and sale of, and agreement to publish, distribute by mail service, market, and sell the Publications and the Video also imminently harms the health and safety of D.C. residents because, as explained above, cockfighting spreads Avian influenza and other diseases that are transmissible to other animals and to humans, exposing D.C. citizens to a substantially increased risk of health harms.  Dog fighting also threatens public health and safety, by increasing the risk of dog bites and dog attacks, and by facilitating the spread of transmissible diseases, such as rabies and heartworm.  These injuries will be redressed if Plaintiff prevails in this action.

**H.    Harm To Plaintiff and Its Members**

107.    Plaintiff is the nation's largest animal protection organization with nearly ten million members and constituents.  For more than five decades, The HSUS has engaged in public education, advocacy, training, and legislative activities to curb animal fighting.  Plaintiff was instrumental in securing the passage of the federal Animal Welfare Act Amendments of 1976

and 2002 relating to animal fighting.    Plaintiff also works toward the enactment and strengthening of animal fighting laws in each of the United States, including the D.C. Cruelty to Animals Statute.

108.    In addition to these efforts, Plaintiff has also been called upon by law enforcement agencies to participate in dozens of law enforcement raids at animal fighting ventures and to provide direct care and shelter for fighting animals seized by law enforcement agents, at a total cost to Plaintiff of hundreds of thousands of dollars' worth of equipment, transportation, veterinary supplies, and personnel.

109.    For instance, on May 15, 2005, Plaintiff provided critical animal handling and technical expertise in a law enforcement raid on an unlawful commercial cockfighting and gamefowl breeding operation in Fiddletown, California owned by one of the advertisers in the Publications – where police arrested 28 people for cockfighting and seized copies of the Publications as evidence.  In addition, Plaintiff also provided an emergency grant to pay for the care of 58 roosters seized as evidence pending trial, and to build makeshift housing after the affected communities could no longer make room for the aggressive birds in their animal shelter dog runs without euthanizing more stray or surrendered dogs.  The owner awaits trial on felony charges but nonetheless continues to advertise fighting birds in the Publications, where his advertisements state that the compound is "still alive and – well!" and that he will continue to "ship" fighting birds "Anytime, anywhere." THE GAMECOCK at page Y (Mar. 2006).

110.    Additionally, Plaintiff participated at the request of Louisiana State Police, U.S. Customs agents, and local SWAT teams, in the law enforcement action on March 9, 2005 that resulted in the arrest of fighting dog breeder Floyd Boudreaux, who now awaits trial on forty-eight felony counts of dog fighting arising out of his breeding and sale of dogs for fighting

31

purposes.  Despite the pending felony charges, Boudreaux's fighting dogs and "stud service" have been advertised for sale in the five most recent issues of one of the Publications.

111.    Plaintiff is presently assisting federal and state law enforcement officers with investigations in preparation for upcoming raids at animal fighting ventures in several jurisdictions, which are promoted and furthered by Defendants' unlawful actions.

112.    Defendants' actions impair and frustrate Plaintiff's ability to pursue its goals, because the proliferation of illegal animal fighting caused by Defendants' unlawful acts requires Plaintiff to divert its limited organizational and programmatic resources to law enforcement actions and the care and handling of fighting animals seized at raids.  These resources would otherwise be spent on programmatic and advocacy activities to prevent other cruelty to animals, in furtherance of Plaintiff's goals.  Plaintiff's injuries will be redressed if Plaintiff prevails in this action, because if Defendants cease their unlawful actions, animal fighting and trafficking in fighting animals and implements in the District of Columbia and elsewhere will be substantially reduced, and Plaintiff will not be required to divert its programmatic resources to assist with law enforcement actions against illegal animal fighting ventures.  Additionally, Plaintiff's members who live in the District of Columbia are at risk of harms to their health and safety from increased animal fighting caused by Defendants' actions, as described in paragraphs 23-97 above.  These injuries will be redressed if Plaintiff prevails in this action.

## PLAINTIFF'S CLAIMS FOR RELIEF

### COUNT I – Violations of the Consumer Protection Procedures Act Based on the Federal Depiction of Animal Cruelty Statute

113.    Plaintiff hereby incorporates by reference all the preceding paragraphs as if fully set forth herein.

114.    Plaintiff brings Claim One in its individual and representative capacity against Defendants Amazon, John Doe d/b/a UPBA, and John Doe d/b/a Street Heat on Plaintiff's own behalf and on behalf of affected consumers and the general public, pursuant to the CPPA, which allows any person to bring an action in the Superior Court of the District of Columbia for the interests of itself, its members, or the general public, seeking relief from the use by any person of a trade practice in violation of a law of the District of Columbia. D.C. CODE ANN. § 28-3905(k)(1).

115.    By producing, distributing through the mail service, marketing, and selling the Videos in D.C. and other jurisdictions where dog fighting is unlawful, Defendants Amazon, John Doe d/b/a UPBA, and John Doe d/b/a Street Heat "knowingly create[ ], sell[ ], or possess[ ] a depiction of animal cruelty with the intention of placing that depiction in interstate or foreign commerce for commercial gain." 18 U.S.C. § 48(a). By engaging in trade practices that violate federal law, Defendants are therefore also violating the CPPA. D.C. CODE ANN. §§ 28-3904(x), 28-3905(k)(1).

116.    Additionally, and in the alternative, Defendant Amazon, by marketing and selling the Videos, aids and abets Defendants John Doe d/b/a UPBA and John Doe d/b/a Street Heat in knowingly creating, selling, or possessing a depiction of animal cruelty with the intention of placing that depiction in interstate or foreign commerce for commercial gain. By engaging in trade practices that violate federal law, *see* 18 U.S.C. §§ 2(a), (b), Defendants Amazon, John Doe d/b/a UPBA, and John Doe d/b/a Street Heat are therefore also violating the CPPA. D.C. CODE ANN. §§ 28-3904(x), 28-3905(k)(1).

117.    These unlawful trade practices have caused and will continue to cause injuries as described in paragraphs 23-112.

349169 v 1

**COUNT II – Violations of the Consumer Protection Procedures Act Based on the Federal Animal Welfare Act**

118.    Plaintiff hereby incorporates by reference all the preceding paragraphs as if fully set forth herein.

119.    Plaintiff brings Claim Two in its individual and representative capacity against all Defendants, on Plaintiff's own behalf and on behalf of affected consumers and the general public, pursuant to the CPPA, which allows any person to bring an action in the Superior Court of the District of Columbia for the interests of itself, its members, or the general public, seeking relief from the use by any person of a trade practice in violation of a law of the District of Columbia. D.C. CODE ANN. § 28-3905(k)(1).

120.    By publishing, distributing through the mail service, marketing, and selling the Publications and the Videos, Defendants knowingly use the mail service of the U.S. Postal Service for the purpose of promoting or in any other manner furthering unlawful animal fighting ventures, in violation of the AWA, 7 U.S.C. § 2156(c). By engaging in trade practices that violate the AWA, Defendants are therefore also violating the CPPA. D.C. CODE ANN. §§ 28-3904(x), 28-3905(k)(1).

121.    Additionally, and in the alternative, Defendants Amazon and Magazine Express, by distributing through the mail service, marketing, and selling the Publications and the Videos, are aiding and abetting Defendants Dowd Publishers, Marburger Publishing, John Doe d/b/a UPBA, and John Doe d/b/a Street Heat in knowingly using the mail service of the U.S. Postal Service for the purpose of promoting or in any other manner furthering unlawful animal fighting ventures, in violation of federal law. *See* 18 U.S.C. §§ 2(a), (b). By engaging in trade practices that violate federal law, Defendants Amazon and Magazine Express are therefore also violating the CPPA. D.C. CODE ANN. §§ 28-3904(x), 28-3905(k)(1).

34

122.    These unlawful trade practices have caused and will continue to cause Plaintiff injuries as described in paragraphs 23-112.

## COUNT III - Violations of the Consumer Protection Procedures Act Based on the District of Columbia Cruelty to Animals Statute

123.    Plaintiff hereby incorporates by reference all the preceding paragraphs as if fully set forth herein.

124.    Plaintiff brings Claim Three in its individual and representative capacity against all Defendants, on Plaintiff's own behalf and on behalf of affected consumers and the general public, pursuant to the CPPA. D.C. CODE ANN. § 28-3905(k)(1).

125.    By publishing, distributing through the mail service, marketing, and selling the Publications and the Videos to District of Columbia residents, Defendants "promote" exhibitions between two or more animals of fighting, baiting or causing injury to each other, in violation of the D.C. Cruelty to Animals Statute, D.C. CODE ANN. § 22-1015(a)(1).

126.    By engaging in trade practices that violate the D.C. Cruelty to Animals Statute, Defendants are therefore also violating the CPPA, D.C. CODE ANN. §§ 28-3904, 28-3905(k)(1).

127.    Additionally, and in the alternative, Defendants Amazon and Magazine Express, by distributing through the mail service, marketing, and selling the Publications and the Videos, are aiding and abetting Defendants Dowd Publishers, Marburger Publishing, John Doe d/b/a UPBA, and John Doe d/b/a Street Heat in "promot[ing]" exhibitions between two or more animals of fighting, baiting or causing injury to each other, in violation of D.C. CODE ANN. §§ 22-1015(a)(1), (a)(5). By engaging in trade practices that violate the D.C. Cruelty to Animals Statute, Defendants Amazon and Magazine Express are therefore also violating the CPPA, D.C. CODE ANN. §§ 28-3904(x), 28-3905(k)(1).

349169 v 1

128.    These unlawful trade practices have caused and will continue to cause Plaintiff injuries as described in paragraphs 23-112.

### COUNT IV – Violations of the Consumer Protection Procedures Act Based on Material Misrepresentations

129.    Plaintiff hereby incorporates by reference all the preceding paragraphs as if fully set forth herein.

130.    Plaintiff brings Claim Four in its individual and representative capacity against Defendant Amazon, on Plaintiff's own behalf and on behalf of affected consumers and the general public, pursuant to the CPPA.  D.C. CODE ANN. § 28-3905(k)(1).

131.    By its marketing and sale of the Publications and the Videos, and by representing that the Publications and the Videos have an approval, certification, or characteristics that they do not have, namely, that the content of the Publications and the Videos and their sale is legal, thereby misrepresenting as to a material fact which has a tendency to mislead, Defendant Amazon is violating the Consumer Protection Procedures Act, D.C. CODE ANN. §§ 28-3904(a), 28-3904(e), 28-3905(k)(1).

132.    This unlawful trade practice has caused and will continue to cause Plaintiff injuries as described in paragraphs 23-112.

### COUNT V – Violations of the Consumer Protection Procedures Act Based on Failure to State a Material Fact

133.    Plaintiff hereby incorporates by reference all the preceding paragraphs as if fully set forth herein.

134.    Plaintiff brings Claim Five in its individual and representative capacity against Defendant Amazon, on Plaintiff's own behalf and on behalf of affected consumers and the general public, pursuant to the CPPA.  D.C. CODE ANN. § 28-3905(k)(1).

36

135. By its ongoing advertising and sale of the Publications and the Videos, and by failing to state a material fact where such failure tends to mislead, namely, failing to state that the content of the Publications and the Videos and their sale is illegal, Defendant Amazon is violating the Consumer Protection Procedures Act, D.C. CODE ANN. §§ 28-3904(f), 28-3905(k)(1).

136. This unlawful trade practice has caused and will continue to cause Plaintiff injuries as described in paragraphs 23-112.

## COUNT VI – Violations of the Consumer Protection Procedures Act Based on the District of Columbia Conspiracy Law

137. Plaintiff hereby incorporates by reference all the preceding paragraphs as if fully set forth herein.

138. Plaintiff brings Claim Six in its individual and representative capacity against Defendants Amazon, Marburger Publishing, Dowd Publishers, Magazine Express, and John Does III-XX ("Magazine Defendants"), on Plaintiff's own behalf and on behalf of affected consumers and the general public, pursuant to the CPPA. D.C. CODE ANN. § 28-3905(k)(1).

139. By entering into one or more Agreements, as described in paragraphs 68-97, to publish, distribute through the mail service, market, and sell each of the Publications, the Magazine Defendants conspired to commit a criminal offense under District of Columbia law, namely, "promot[ing]" exhibitions between two or more animals of fighting, baiting or causing injury to each other, in violation of the District of Columbia conspiracy law, D.C. CODE ANN. § 22-1805a(a).

140. By engaging in trade practices that violate the District of Columbia conspiracy law, D.C. CODE ANN. § 22-1805a(a), Defendants are therefore also violating the CPPA, D.C. CODE ANN. §§ 28-3904, 28-3905(k)(1).

37

141.    These unlawful trade practices have caused and will continue to cause Plaintiff injuries as described in paragraphs 23-112.

## COUNT VII — Violations of the Consumer Protection Procedures Act Based on Federal Conspiracy Law

142.    Plaintiff hereby incorporates by reference all the preceding paragraphs as if fully set forth herein.

143.    Plaintiff brings Claim Seven in its individual and representative capacity against the Magazine Defendants, on Plaintiff's own behalf and on behalf of affected consumers and the general public, pursuant to the CPPA. D.C. CODE ANN. § 28-3905(k)(1).

144.    By entering into one or more Agreements, as described in paragraphs 68-97, to publish, distribute through the mail service, market, and sell each of the Publications, the Magazine Defendants conspired to commit an offense against the United States, namely, knowingly using the mail service of the U.S. Postal Service for the purpose of promoting or in any other manner furthering unlawful animal fighting ventures, in violation of 18 U.S.C. § 371.

145.    By engaging in trade practices that violate the federal conspiracy law, 18 U.S.C. § 371, Defendants are therefore also violating the CPPA, D.C. CODE ANN. §§ 28-3904(x), 28-3905(k)(1).

146.    These unlawful trade practices have caused and will continue to cause Plaintiff injuries as described in paragraphs 23-112.

## RELIEF REQUESTED

WHEREFORE, Plaintiff, individually and in its representative capacity, requests judgment and the following relief:

349169 v 1

A.      Declaratory judgment that Defendants' ongoing distribution through the mail service, marketing, and sale of the Videos and each of the Publications; the aiding and abetting of same; and Agreements to do the same; violate the federal Animal Welfare Act, 7 U.S.C. § 2156; the federal Depictions of Animal Cruelty Statute, 18 U.S.C. § 48; the D.C. Cruelty to Animals Statute, D.C. CODE ANN. §§ 22-1015(a)(1), (a)(5); the federal conspiracy statute, 18 U.S.C. § 371; the D.C. conspiracy law, D.C. CODE ANN. § 22-1805a(a); and the D.C. Consumer Protection Procedures Act, D.C. CODE ANN. §§ 28-3904(a), (f), (x); 28-3905(k)(1);

B.      All appropriate injunctive relief, including an Order that Defendants permanently cease and desist from unlawful trade practices in violation of D.C. CODE ANN. § 28-3905(k)(1)(D), namely, possessing, distributing by mail, marketing, and/or selling the Videos and the Publications that promote and further the illegal criminal enterprises of dog fighting and cockfighting;

C.      Treble damages, or $1,500 for every violation, whichever is greater, payable to Plaintiff on behalf of its members and consumers in the District, *id.* § 28-3905(k)(1)(A);

D.      Additional relief as may be necessary to restore to the consumer the money or property which was acquired by means of the unlawful trade practice, *id.* § 28-3905(k)(1)(E);

E.      Reasonable attorney's fees and costs, *id.* § 28-3905(k)(1)(B), (F); and

F.      Such other and further relief as the Court deems proper, *id.* § 28-3905(k)(1)(F).

349169 v 1

Respectfully submitted,



_____

Ethan Carson Eddy (D.C. Bar No. 496406)

_____

Jonathan R. Lovvorn (D.C. Bar No. 461163)
THE HUMANE SOCIETY OF THE UNITED STATES
2100 L Street, N.W.
Washington, D.C. 20037
eeddy@hsus.org; jlovvorn@hsus.org
Telephone: (202) 676-2329
Facsimile: (202) 778-6132

*Counsel for Plaintiff The Humane Society of
the United States*

OF COUNSEL
Stuart Philip Ross (D.C. Bar No. 031658)
Alexei M. Silverman (D.C. Bar No. 461286)
ROSS, DIXON & BELL, LLP
2001 K Street, N.W.
Washington, D.C. 20006-1040
Telephone: (202) 662-2000
Facsimile: (202) 662-2190

*Of Counsel for Plaintiff*

349169 v 1

## **JURY DEMAND**

Plaintiff hereby demands a trial by jury of this matter.

_____

Ethan Carson Eddy
Jonathan R. Lovvorn
Counsel for Plaintiff

February 8, 2007

349169 v 1

IN THE SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
Civil Division

```
----------------------------------------------------x
                                                    )
THE HUMANE SOCIETY OF                               )
THE UNITED STATES,                                  )
2100 L Street, N.W.                                 )
Washington, D.C. 20037                              )
                                                    )
                    Plaintiff,                      )    2007 CA 000925 B
                                                    )
             v.                                     )    Next Event: Initial Scheduling Conference
                                                    )    May 11, 2007 at 9:15 a.m.
AMAZON.COM, INC., ET AL.,                            )
1200 12th Avenue South                              )    Judge:  Hon. Mary A. Terrell
Suite 1200                                          )
Seattle, WA 98144                                   )
                                                    )
                                                    )
                    Defendants.                     )
                                                    )
----------------------------------------------------x
```

**CONSENT MOTION TO EXTEND TIME TO ANSWER OR RESPOND
AND POINTS AND AUTHORITIES IN SUPPORT**

Defendant Amazon.com, Inc. ("Amazon"), with the consent of plaintiff The Humane

Society of the United States ("HSUS"), moves this Court for an order extending the time by

which Amazon must answer or otherwise respond to the Complaint in the above-captioned

action for thirty (30) days in addition to the time prescribed by the D.C. Superior Court Rules of

Civil Procedure to and including April 19, 2007.

Amazon further moves, at the request of plaintiff HSUS, for an order extending the time

by which HSUS must file and serve its opposition, in the event Amazon moves to dismiss the

Complaint, for thirty (30) days in addition to the time prescribed the Rules to and including June

4, 2007.

1

Finally, Amazon, with the consent of HSUS, moves for an order extending the time by which Amazon must file and serve its reply, in the event Amazon moves to dismiss, to and including June 29, 2007.

HSUS and Amazon hereby agree that Amazon was served with the Summons and Complaint by certified mail on February 28, 2007, received on March 5, 2007.

Pursuant to D.C. R. Civ. P. 12-I(a), counsel for Amazon certifies that she has conferred with counsel for HSUS and has obtained HSUS's consent to the filing of the instant motion.

WHEREFORE, Amazon respectfully requests the entry of an order extending the time by which Amazon must answer or otherwise respond to the Complaint and the time by which the parties must file any oppositions and reply motions thereto.

Dated:   March 7, 2007

Respectfully submitted,

DAVIS WRIGHT TREMAINE LLP

*Constance M. Pendleton*

Laura R. Handman (D.C. Bar No. 444386)
laurahandman@dwt.com
Constance M. Pendleton (D.C. Bar No. 456919)
conniependleton@dwt.com
1500 K Street, N.W., Suite 450
Washington, D.C. 20005-1272
(202) 508-6600
(202) 508-6699 (fax)

Attorneys for Defendant Amazon.com, Inc.

## CERTIFICATE OF SERVICE

I hereby certify that on this 7th day of March 2007, I directed that true and correct copies

of the foregoing Consent Motion to Extend Time to Answer or Respond and Points and

Authorities in Support and Proposed Order be served electronically and by first class-mail,

postage pre-paid, upon the following:

                    Ethan Carson Eddy
                    Jonathan R. Lovvorn
                    The Humane Society of the United States
                    2100 L Street, N.W.
                    Washington, D.C. 20037

                    *Counsel for Plaintiff The Humane Society of*
                    *the United States*

                    Stuart Philip Ross
                    Alexei M. Silverman
                    Ross, Dixon & Bell, LLP
                    2001 K Street, N.W.
                    Washington, D.C. 20006-1040

                    *Of Counsel for Plaintiff The Humane Society of*
                    *the United States*

                    Magazine Express, Inc.
                    5724 Highway 280 East
                    Birmingham, AL 35242

                    Marburger Publishing Co., Inc.
                    d/b/a The Gamecock
                    210 Highway 45 North
                    Hartford, AR 72938

                    Dowd Publishers d/b/a
                    The Feathered Warrior
                    1812 Hwy 7-71 East
                    DeQueen, AR 71832

                    John Doe d/b/a Underground Pitbull
                    Breeders Association

John Doe d/b/a StreetheatDVD.com

_Constance M. Pendleton_

Constance M. Pendleton

IN THE SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
Civil Division

```
-------------------------------------------------------x
                                                       )
THE HUMANE SOCIETY OF                                  )
THE UNITED STATES,                                     )
2100 L Street, N.W.                                    )
Washington, D.C. 20037                                 )
                                                       )
                   Plaintiff,                          )      2007 CA 000925 B
                                                       )
       v.                                              )      Next Event: Initial Scheduling Conference
                                                       )      May 11, 2007 at 9:15 a.m.
AMAZON.COM, INC., ET AL.,                              )
1200 12th Avenue South                                 )      Judge:  Hon. Mary A. Terrell
Suite 1200                                             )
Seattle, WA 98144                                      )
                                                       )
                   Defendants.                         )
                                                       )
-------------------------------------------------------x
```

## [PROPOSED] ORDER

Upon consideration of the Consent Motion to Extend Time to Answer or Respond to the

Complaint in the above-captioned action, and Points and Authorities in Support, it is hereby

ORDERED that the Consent Motion is hereby GRANTED; it is

FURTHER ORDERED that defendant Amazon.com, Inc. ("Amazon") shall answer or

otherwise respond to the Complaint on or before April 19, 2007; it is

FURTHER ORDERED that, in the event Amazon moves to dismiss the Complaint,

plaintiff The Humane Society of the United States ("HSUS") shall file and serve any opposition

thereto on or before June 4, 2007; it is

FURTHER ORDERED that defendant Amazon shall file and serve any reply thereto on

or before June 29, 2007.

**SO ORDERED.**

1

Dated this ___ day of _____, 2007


_____
Hon. Mary A. Terrell
District of Columbia Superior Court Judge

Copies to:

Laura R. Handman
Constance M. Pendleton
Davis Wright Tremaine LLP
1500 K Street, N.W.
Suite 450
Washington, D.C. 20005

*Counsel for Defendant Amazon.com*

Magazine Express, Inc.
5724 Highway 280 East
Birmingham, AL 35242

Marburger Publishing Co., Inc.
d/b/a The Gamecock
210 Highway 45 North
Hartford, AR 72938

Dowd Publishers d/b/a
The Feathered Warrior
1812 Hwy 7-71 East
DeQueen, AR 71832

John Doe d/b/a Underground Pitbull
Breeders Association

John Doe d/b/a StreetheatDVD.com

*Defendants*

Ethan Carson Eddy
Jonathan R. Lovvorn
The Humane Society of the United States
2100 L Street, N.W.
Washington, D.C. 20037

*Counsel for Plaintiff The Humane Society of
the United States*

Stuart Philip Ross
Alexei M. Silverman
Ross, Dixon & Bell, LLP
2001 K Street, N.W.
Washington, D.C. 20006-1040

*Of Counsel for Plaintiff The Humane Society of
the United States*

IN THE SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
Civil Division

| | | |
|---|---|---|
| **THE HUMANE SOCIETY OF THE UNITED STATES,** | ) ) ) | 2007 CA 000925 B |
| Plaintiff, | ) ) | Next Event: Initial Scheduling Conference: |
| v. | ) ) | May 11, 2007 at 9:15 a.m. |
| **AMAZON.COM, INC., et al.,** | ) ) | Judge: Hon. Mary A. Terrell |
| Defendants. | ) ) | |

## NOTICE OF REMOVAL OF ACTION
## TO FEDERAL COURT

PLEASE TAKE NOTICE that pursuant to 28 U.S.C. §§ 1441 and 1446, a Notice of

Removal of Action and a Notice to Opposing Counsel of Removal of Action to Federal Court are

being filed this day with the Clerk of the United States District Court for the District of

Columbia. Copies of said notices are attached hereto. *See* Attachments 1 and 2 respectively.

Dated this 30th day of March, 2007.

Respectfully submitted,

| | |
|---|---|
| /s/ Donna M. Crowe | /s/ Laura R. Handman |
| Donna M. Crowe, Esq. (D.C. Bar No. 481946) | Laura R. Handman, Esq.(D.C. Bar No. 444386) |
| dcrowe@bradleyarant.com | laurahandman@dwt.com |
| BRADLEY ARANT ROSE & WHITE, LLP | Constance M. Pendleton, Esq. (D.C. Bar No. 456919) |
| 1133 Connecticut Avenue, N.W. | DAVIS WRIGHT TREMAINE LLP |
| 12th Floor | conniependleton@dwt.com |
| Washington, D.C. 20036 | 1500 K Street, N.W., Suite 450 |
| (202) 719-8212 | Washington, D.C. 20005-1272 |
| (202)-719-8312 fax | (202) 508-6600 |
| | (202) 508-6699 (fax) |
| | |
| | Attorneys for Defendant Amazon.com, Inc. |

1

Of Counsel:

Michael Denniston, Esq.
mdenniston@bradleyarant.com
BRADLEY ARANT ROSE & WHITE, LLP
1819 Fifth Avenue North
Birmingham, AL 35203
(205) 521-8244
(205) 488-6244 fax


Attorneys for Defendant Magazine Express
Inc.

| | |
|---|---|
|    /s/ Verna Dowd                   |    /s/ Ali A. Beydoun            |
| Verna Dowd | Ali A. Beydoun, Esq. (D.C. Bar No. 475413) |
| DOWD PUBLISHERS d/b/a THE | aab@carrmaloney.com |
| FEATHERED WARRIOR | CARR MALONEY P.C. |
| 1812 Hwy 70-71 East | 1615 L Street, N.W. |
| DeQueen, AR 71832 | Washington, D.C. 20036 |
| (870) 642-2293 | (202) 310-5524 |
| | (202) 310-5555 fax |
| | |
| | Of Counsel: |
| | |
| | Barry Fisher, Esq. |
| | Bfisher557@aol.com |
| | FLEISHMAN & FISHER |
| | 1875 Century Park East |
| | Suite 2130 |
| | Los Angeles, CA 90067 |
| | (310) 557-1077 |
| | (310) 577-0770 fax |
| | |
| | Attorneys for Marburger Publishing Co., Inc. |
| | d/b/a The Gamecock |

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 30th day of March, 2007, a copy of the foregoing Notice of Removal of Action to Federal Court was served electronically and via first class mail, postage prepaid, on:

> Ethan Carson Eddy, Esq.
> Jonathan R. Lovvorn, Esq.
> The Humane Society of the United States
> 2100 L Street, N.W.
> Washington, D.C. 20037
>
> *Counsel for Plaintiff The Humane Society of the United States*
>
> Stuart Philip Ross, Esq.
> Alexei M. Silverman, Esq.
> Ross, Dixon & Bell, LLP
> 2001 K Street, N.W.
> Washington, D.C. 20006-1040
>
> *Of Counsel for Plaintiff The Humane Society of the United States*
>
> Donna M. Crowe, Esq.
> Bradley Arant Rose & White, LLP
> 1133 Connecticut Avenue, N.W.
> 12th Floor
> Washington, D.C. 20036
>
> *Counsel for Defendant Magazine Express Inc.*
>
> Michael Denniston, Esq.
> Bradley Arant Rose & White, LLP
> 1819 Fifth Avenue North
> Birmingham, AL 35203
>
> *Of Counsel for Defendant Magazine Express Inc.*
>
> Dowd Publishers d/b/a The Feathered Warrior
> 1812 Highway 70-71 East
> DeQueen, AR 71832

Ali A. Beydoun, Esq.
Carr Maloney P.C.
1615 L Street, N.W.
Washington, D.C. 20036

*Counsel for Marburger Publishing Co., Inc. d/b/a The Gamecock*

Barry Fisher, Esq.
Fleishman & Fischer
1875 Century Park East
Suite 2130
Los Angeles, CA 90067

*Of Counsel for Marburger Publishing Co., Inc. d/b/a The Gamecock*

John Doe d/b/a Underground Pitbull Breeders Association

John Doe d/b/a StreetheatDVD.com

_/s/ Constance M. Pendleton_____
Constance M. Pendleton

## IN THE UNITED STATES DISTRICT COURT FOR THE
## DISTRICT OF COLUMBIA
**Civil Division**

| | |
|---|---|
| **THE HUMANE SOCIETY OF** ) | |
| **THE UNITED STATES** ) | |
| 2100 L Street, NW ) | |
| Washington, DC  20037, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v.                                ) . | Case No: _____ |
| ) | |
| **AMAZON.COM, INC.** ) | |
| 1200 12th Avenue South ) | |
| Suite 1200 ) | |
| Seattle, WA  98144, ) | |
| ) | |
| **JOHN DOE d/b/a UNDERGROUND** ) | |
| **PITBULL BREEDERS ASSOCIATION,** ) | |
| ) | |
| **JOHN DOE d/b/a** ) | |
| **STREETHEATDVD.COM,** ) | |
| ) | |
| **MARBURGER PUBLISHING CO., INC.** ) | |
| **d/b/a THE GAMECOCK** ) | |
| 210 Highway 45 North ) | |
| Hartford, AR 72938, ) | |
| ) | |
| **DOWD PUBLISHERS d/b/a** ) | |
| **THE FEATHERED WARRIOR** ) | |
| 1812 Hwy 70-71 East ) | |
| DeQueen, AR 71832, ) | |
| ) | |
| **MAGAZINE EXPRESS, INC.** ) | |
| 5724 Highway 280 East ) | |
| Birmingham, AL 35242, ) | |
| ) | |
| **JOHN DOES III-XX,** ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

## NOTICE OF REMOVAL OF ACTION

1

TO:    **The United States District Court**
       **for the District of Columbia**

Pursuant to 28 U.S.C. §§ 1441 and 1446, defendant Amazon.com, Inc. ("Amazon"),

through its undersigned counsel, gives notice that it is removing this case to the United States

District Court for the District of Columbia.  In support of its Notice of Removal, Amazon avers

as follows:

**Prior Proceedings**

1.    Plaintiff The Humane Society of the United States ("HSUS") filed a Summons

and Complaint in the Superior Court of the District of Columbia, Civil Division, entitled *The

Humane Society of The United States v. Amazon.com, Inc., et al.*, C.A. No. 2007 CA 000925 B,

on February 8, 2007.  HSUS formally served Amazon on February 28, 2007, when the Summons

and Complaint were sent via certified mail to undersigned counsel for Amazon, counsel having

agreed to accept service on behalf of Amazon.  Amazon's undersigned counsel received the

Summons and Complaint on March 5, 2007.  Copies of the Summons and Complaint are

attached hereto as Exhibit A.

2.    On March 7, 2007, Amazon filed in D.C. Superior Court a consent motion

reflecting the agreement between Amazon and HSUS to extend the time by which Amazon must

answer or otherwise respond to the Complaint for thirty (30) days in addition to the time

prescribed by the D.C. Superior Court Rules of Civil Procedure to and including April 19, 2007.

3.    HSUS and Amazon also agreed and moved by consent motion in D.C. Superior

Court to extend the time by which HSUS must file and serve its opposition, in the event Amazon

moves to dismiss the Complaint, for thirty (30) days in addition to the time prescribed by the

D.C. Superior Court Rules of Civil Procedure to and including June 4, 2007.

4.      HSUS and Amazon further agreed and moved by consent motion in D.C. Superior Court to extend the time by which Amazon must file and serve its reply, in the event Amazon moves to dismiss the Complaint, to and including June 29, 2007.  The Consent Motion is attached hereto as Exhibit B.

5.      No further proceedings have taken place in this action.

**Basis for Removal**

6.      HSUS alleges that Amazon violated various federal and District of Columbia statutes by selling subscriptions to magazines relating, allegedly, to cockfighting and DVDs and videos depicting animal fighting.

7.      HSUS's complaint alleges seven counts:  (1) violation of the federal Depiction of Animal Cruelty statute, 18 U.S.C. § 48(a), by "knowingly creat[ing], sell[ing], or possess[ing] a depiction of animal cruelty with the intention of placing that depiction in interstate or foreign commerce for commercial gain" and "therefore also violating the CPPA [D.C. Consumer Protection Procedures Act]," Compl. ¶ 115;[1] (2) violation of the federal Animal Welfare Act, 7 U.S.C. § 2156(c), by "knowingly using the mail service of the U.S. Postal Service for the purpose of promoting or in any other manner furthering unlawful animal fighting ventures, in violation of the AWA" and "therefore also violating the CPPA," Compl. ¶ 120;[2] (3) violations of the District of Columbia Cruelty to Animals Statute and therefore violation of the CPPA, Compl. ¶¶ 125-126; (4) violation of the CPPA based on material misrepresentations, Compl. ¶ 131; (5)

---

[1]      With respect to the first count, HSUS alleges, in the alternative, that Amazon is liable for "aiding and abetting" the defendant publishers of the magazines and producers of the videos "in violation of federal law . . . 18 U.S.C. § 2(a), (b) (2) and that "by engaging in trade practices that violate federal law . . . Amazon . . . [is] therefore also violating the CPPA." Compl. ¶ 116.

[2]      HSUS's second count also alleges "in the alternative" that Amazon is "aiding and abetting" defendant publishers of the magazines and producers of the videos "in violation of federal law . . . 18 U.S.C. § 2(a), (b) (2) and that "by engaging in trade practices that violate federal law . . . Amazon . . . [is] therefore also violating the CPPA."  Compl. ¶ 121.

violation of the CPPA based on failure to state a material fact, Compl. ¶ 135; (6) violation of the CPPA based on District of Columbia conspiracy law, Compl. ¶¶ 139-140; (7) engaging in trade practices in violation of federal conspiracy law, 18 U.S.C. § 371, and "therefore also violati[on of] the CPPA," Compl. ¶¶ 144-145.

    8.    This action may be removed to this Court by Amazon pursuant to 28 U.S.C. § 1441. On its face, the Complaint alleges federal law claims under the federal Depiction of Animal Cruelty statute, the federal Animal Welfare Act and federal conspiracy law. Counts one, two, and seven all arise from the law of the United States and are therefore within the original jurisdiction of the federal courts. Even if viewed as CPPA claims with federal questions embedded within them, these claims raise substantial, disputed federal issues and give rise to federal question jurisdiction. *See Grable & Sons Metal Prod., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 314 (2005) (holding that federal jurisdiction exists where federal question is embedded in state law claim that "necessarily raises a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities"); *Broder v. Cablevision Systems Corp.*, 418 F.3d 187, 194-96 (2d Cir. 2005) (following *Grable* to exercise federal question jurisdiction in suit alleging state-law deceptive business practices, breach of contract, common law fraud, unjust enrichment claims and seeking declaratory judgment that defendant violated in part federal law; claims raised federal issue whether provider violated federal statute and involved aspects of federal regulatory scheme). HSUS cannot obtain the declaratory judgment it seeks, stating in part that Amazon violated the federal Animal Welfare Act, the federal Depictions of Animal Cruelty statute and the federal conspiracy statute, without prevailing on the issue of whether Amazon in fact violated federal statutes. *See Broder*, 418 F.3d at 194-95.

9.      Plaintiff's remaining state law claims are also properly removed to this Court, pursuant to § 1441(c), because those claims were joined with the federal claims and arise out of the same facts.

10.     Pursuant to 28 U.S.C. § 1446(a), this action is properly removed to the United States District Court for the District of Columbia, the federal district court for the district and division embracing the place where the District of Columbia Superior Court suit is pending.

11.     This Notice of Removal is being filed within thirty (30) days after February 28, 2007, the first day that any defendant was formally served with the Summons and Complaint Removal is therefore timely pursuant to 28 U.S.C. § 1446(b) and *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344 (1999); *Holmes v. PHI Service Co.*, 437 F. Supp. 2d 110 (D.D.C. 2006).

### All Served Defendants Consent to Removal

12.     Defendant Magazine Express, by undersigned counsel, consents to the removal of this action to U.S. District Court for the District of Columbia and, without waiving any objections it may have including but not limited to service, personal or subject matter jurisdiction or venue and any other defenses or objections to this action, joins in this notice of removal.

13.     Defendant Dowd Publishers d/b/a The Feathered Warrior consent to the removal of this action to U.S. District Court for the District of Columbia and, without waiving any objections it may have including but not limited to service, personal or subject matter jurisdiction or venue and any other defenses or objections to this action, joins in this notice of removal.

14.     Defendant Marburger Publishing Co., Inc. d/b/a The Gamecock, by undersigned counsel, consents to the removal of this action to U.S. District Court for the District of Columbia and, without waiving any objections it may have including but not limited to service, personal or

subject matter jurisdiction or venue and any other defenses or objections to this action, joins in this notice of removal.

15.    Upon information and belief, none of the John Doe defendants, including John Doe defendants d/b/a Underground Pitbull Breeders Association and John Doe d/b/a/ StreeheatDVD.com, have been served with formal process in the D.C. Superior Court action.  In any event, John Doe defendants are not required to join in the notice of removal.  *Green v. America Online*, 318 F.3d 465, 470 (3d Cir.), *cert. denied*, 540 U.S. 877 (2003).

**Notice**

16.    Amazon will file a Notice of Removal of Action to Federal Court and a copy of this Notice of Removal with the Clerk, Civil Division, Superior Court of the District of Columbia, 500 Indiana Avenue, N.W., Washington, D.C.  20001, pursuant to 28 U.S.C. § 1446(d).  A copy of said notice is attached hereto as Exhibit C.

17.    Amazon will serve written notice to opposing counsel of the filing of this Notice of Removal and copies of this Notice of Removal will be served on opposing counsel pursuant to 28 U.S.C. § 1446(d).  A copy of said notice is attached hereto as Exhibit D.

18.    By this Notice of Removal, Amazon does not waive any objections it may have including but not limited to service, jurisdiction, or venue, and any other defenses or objections to this action.

WHEREFORE, defendant Amazon prays that the above-entitled action now pending in the Superior Court of the District of Columbia, Civil Division, be removed therefrom to this Court.

Dated this 30th day of March, 2007.

Respectfully submitted,

| | |
|---|---|
| *Donna M. Crowe / cmp*<br>Donna M. Crowe, Esq. (D.C. Bar No. 481946)<br>dcrowe@bradleyarant.com<br>BRADLEY ARANT ROSE & WHITE, LLP<br>1133 Connecticut Avenue, N.W.<br>12th Floor<br>Washington, D.C. 20036<br>(202) 719-8212<br>(202)-719-8312 fax<br><br>Of Counsel:<br><br>Michael Denniston, Esq.<br>mdenniston@bradleyarant.com<br>BRADLEY ARANT ROSE & WHITE, LLP<br>1819 Fifth Avenue North<br>Birmingham, AL 35203<br>(205) 521-8244<br>(205) 488-6244 fax<br><br>Attorneys for Defendant Magazine Express Inc. | *Constance M. Pendleton*<br>Laura R. Handman (D.C. Bar No. 444386)<br>laurahandman@dwt.com<br>Constance M. Pendleton (D.C. Bar No. 456919)<br>DAVIS WRIGHT TREMAINE LLP<br>conniependleton@dwt.com<br>1500 K Street, N.W., Suite 450<br>Washington, D.C. 20005-1272<br>(202) 508-6600<br>(202) 508-6699 (fax)<br><br>Attorneys for Defendant Amazon.com, Inc. |
| *Verna Dowd / cmp*<br>Verna Dowd<br>DOWD PUBLISHERS d/b/a THE FEATHERED WARRIOR<br>1812 Hwy 70-71 East<br>DeQueen, AR 71832<br>(870) 642-2293 | *Ali A. Beydoun / cmp*<br>Ali A. Beydoun, Esq. (D.C. Bar No. 475413)<br>aab@carrmaloney.com<br>CARR MALONEY P.C.<br>1615 L Street, N.W.<br>Washington, D.C. 20036<br>(202) 310-5524<br>(202) 310-5555 fax |

Of Counsel:

Barry Fisher, Esq.
Bfisher557@aol.com
FLEISHMAN & FISHER
1875 Century Park East
Suite 2130
Los Angeles, CA 90067
(310) 557-1077
(310) 577-0770 fax

Attorneys for Marburger Publishing Co., Inc.
d/b/a The Gamecock

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 30th day of March, 2007, a copy of the foregoing

Notice of Removal of Action was served electronically and via first class mail, postage prepaid,

on:

Ethan Carson Eddy, Esq.
Jonathan R. Lovvorn, Esq.
The Humane Society of the United States
2100 L Street, N.W.
Washington, D.C. 20037

*Counsel for Plaintiff The Humane Society of
the United States*

Stuart Philip Ross, Esq.
Alexei M. Silverman, Esq.
Ross, Dixon & Bell, LLP
2001 K Street, N.W.
Washington, D.C. 20006-1040

*Of Counsel for Plaintiff The Humane Society of
the United States*

Donna M. Crowe, Esq.
Bradley Arant Rose & White, LLP
1133 Connecticut Avenue, N.W.
12th Floor
Washington, D.C. 20036

*Counsel for Defendant Magazine Express Inc.*

Michael Denniston, Esq.
Bradley Arant Rose & White, LLP
1819 Fifth Avenue North
Birmingham, AL 35203

*Of Counsel for Defendant Magazine Express Inc.*

Dowd Publishers d/b/a The Feathered Warrior
1812 Highway 70-71 East
DeQueen, AR 71832

Ali A. Beydoun, Esq.
Carr Maloney P.C.
1615 L Street, N.W.
Washington, D.C. 20036

*Counsel for Marburger Publishing Co., Inc. d/b/a The Gamecock*

Barry Fisher, Esq.
Fleishman & Fischer
1875 Century Park East
Suite 2130
Los Angeles, CA 90067

*Of Counsel for Marburger Publishing Co., Inc. d/b/a The Gamecock*

John Doe d/b/a Underground Pitbull Breeders Association

John Doe d/b/a StreetheatDVD.com

Constance M. Pendleton

**IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA
Civil Division**

| | |
|---|---|
| **THE HUMANE SOCIETY OF<br>THE UNITED STATES**<br>2100 L Street, NW<br>Washington, DC 20037,<br><br>     Plaintiff,<br><br>     v.<br><br>**AMAZON.COM, INC.**<br>1200 12th Avenue South<br>Suite 1200<br>Seattle, WA 98144,<br><br>**JOHN DOE d/b/a UNDERGROUND<br>PITBULL BREEDERS ASSOCIATION,**<br><br>**JOHN DOE d/b/a<br>STREETHEATDVD.COM,**<br><br>**MARBURGER PUBLISHING CO., INC.<br>d/b/a THE GAMECOCK**<br>210 Highway 45 North<br>Hartford, AR 72938,<br><br>**DOWD PUBLISHERS d/b/a<br>THE FEATHERED WARRIOR**<br>1812 Hwy 70-71 East<br>DeQueen, AR 71832,<br><br>**MAGAZINE EXPRESS, INC.**<br>5724 Highway 280 East<br>Birmingham, AL 35242,<br><br>**JOHN DOES III-XX,**<br><br>     Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)   Case No: _____ |

**EXHIBITS TO
NOTICE OF REMOVAL OF ACTION**

CA Form 1

# Superior Court of the District of Columbia
## CIVIL DIVISION
### 500 Indiana Avenue, N.W., Room JM-170
### Washington,   D.C.   20001   Telephone:   879-1133

| | |
|---|---|
| The Humane Society of the United States | 0000925-07 |
| *Plaintiff* | |
| **VS.** | Civil Action No. |
| Amazon.com, Inc. | |
| *Defendant* | |

## SUMMONS

To the above named Defendant:

　　　You are hereby summoned and required to serve an Answer to the attached Complaint, either personally or through an attorney, within twenty (20) days after service of this summons upon your exclusive of the day of service. If you are being sued as an officer or agency of the United States Government or the District of Columbia Government  you have 60 days after  service of this summons to serve  your Answer. A  copy of  the Answer  must be  mailed  to the  attorney for the party plaintiff who is suing you. The attorney's name and address appear **below.**    If plaintiff has no attorney, a copy of the Answer  must be mailed to the plaintiff at the  address stated on this Summons.

　　　You are  also required  to file  the original Answer  with the Court in Room  JM 170 at 500 Indiana Avenue.  N.W. between 9:00 am. and 4:00 pm., Mondays through Fridays or between 9:00 am. and 12:00 Noon on Saturdays.  You may file the original Answer  with the Court either before you serve a copy of the Answer on the plaintiff or within five (5) days after you have served the plaintiff If you fail to file an Answer, judgment  by default may be entered against you for the relief demanded in the complaint.

*Clerk of the Court*

| | |
|---|---|
| Ethan Carson Eddy | |
| Name of Plaintiff's Attorney | By  *[signature]* |
| 2100 L St. NW | Deputy Clerk |
| Address | |
| Washington, DC  20037 | |
| 202-676-2329 | Date  February 8, 2007 |
| Telephone | |

PUEDE OBTENERSE COPIAS DE ESTE FORMULARIO EN ESPANOL EN EL TRIBUNAL SUPERIOR DEL DISTRITO DE COLUMBIA, 500 INDIANA AVENUE, N.W., SALA JM 170

YOU MAY OBTAIN A COPY OF THIS  FORM IN SPANISH AT THE SUPERIOR COURT OF D.C., 500 INDIANA AVENUE, N.W., ROOM JM 170

Form CV(6)-456/Mar. 98        **NOTE:** SEE IMPORTANT INFORMATION ON BACK OF THIS FORM.

IMPORTANT: IF YOU FAIL TO SERVE AND FILE AN ANSWER WITHIN THE TIME STATED ABOVE, OR IF, AFTER YOU ANSWER, YOU FAIL TO APPEAR AT ANY TIME THE COURT NOTIFIES YOU TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY DAMAGES OR OTHER RELIEF DEMANDED IN THE COMPLAINT. IF THIS OCCURS, YOUR WAGES MAY BE ATTACHED OR WITHHELD OR PERSONAL PROPERTY OR REAL ESTATE YOU OWN MAY BE TAKEN AND SOLD TO PAY THE JUDGMENT. IF YOU INTEND TO OPPOSE THIS ACTION, DO NOT *FAIL TO ANSWER WITHIN THE REQUIRED TIME*

If you wish to talk to a lawyer and feel that you cannot afford to pay a fee to a lawyer, promptly contact one of the offices of the Legal Aid Society (628-1 161) or the Neighborhood Legal Services (682-2700) for help or come to Room JM 170 at 500 Indiana Avenue, N.W., for more information concerning where you may ask for such help.



# SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
## CIVIL DIVISION

THE HUMANE SOCIETY OF THE UNITED STATES

    Vs.                                   C.A. No.      2007 CA 000925 B

AMAZON.COM, INC

## INITIAL ORDER

Pursuant to D.C. Code § 11-906 and District of Columbia Superior Court Rule of Civil Procedure ("SCR Civ") 40-I, it is hereby **ORDERED** as follows:

(1) Effective this date, this case has assigned to the individual calendar designated below. All future filings in this case shall bear the calendar number and the judge's name beneath the case number in the caption. On filing any motion or paper related thereto, one copy (for the judge) must be delivered to the Clerk along with the original.

(2) Within 60 days of the filing of the complaint, plaintiff must file proof of serving on each defendant: copies of the Summons, the Complaint, and this Initial Order, and any General Order issued **by the judge** to whom the case is assigned. As to any defendant for whom such proof of service has not been filed, the Complaint will be dismissed without prejudice for want of prosecution unless the time for serving the defendant has been extended as provided in SCR Civ 4(m).

(3) Within 20 days of service as described above, except as otherwise noted in SCR Civ 12, each defendant must respond to the Complaint by filing an Answer or other responsive pleading. As to the defendant who has failed to respond, a default and judgment will be entered unless the time to respond has been extended as provided in SCR Civ 55(a).

(4) At the time and place noted below, all counsel and unrepresented parties shall appear before the assigned judge at an Initial Scheduling and Settlement Conference to discuss the possibilities of settlement and to establish a schedule for the completion of all proceedings, including, normally, either mediation, case evaluation, or arbitration. Counsel shall discuss with their clients **prior** to the conference whether the clients are agreeable to binding or non-binding arbitration. **This order is the only notice that parties and counsel will receive concerning this Conference.**

(5) Upon advice that the date noted below is inconvenient for any party or counsel, the Quality Review Branch (202) 879-1750 may continue the Conference **once**, with the consent of all parties, to either of the two succeeding Fridays. Request must be made not less than six business days before the scheduling conference date. No other continuance of the conference will be granted except upon motion for good cause shown.

Chief Judge Rufus G. King, III

Case Assigned to:  Judge MARY A TERRELL
Date:  February 8, 2007
Initial Conference: 9:15 am, Friday, May 11, 2007
Location:  Courtroom 219
          500 Indiana Avenue N.W.
          WASHINGTON, DC  20001

Caio.doc

SUPERIOR COURT OF DISTRICT OF COLUMBIA

Civil Division

**THE HUMANE SOCIETY OF
THE UNITED STATES**
2100 L St., NW
Washington, DC  20037,

       Plaintiff,

      v.

**AMAZON.COM, INC.**
1200 12th Avenue South
Suite 1200
Seattle, WA  98144,

**JOHN DOE d/b/a UNDERGROUND
PITBULL BREEDERS ASSOCIATION,**

**JOHN DOE d/b/a
STREETHEATDVD.COM,**

**MARBURGER PUBLISHING CO., INC.
d/b/a THE GAMECOCK**
210 Highway 45 North
Hartford, AR  72938,

**DOWD PUBLISHERS d/b/a
THE FEATHERED WARRIOR**
1812 Hwy 70-71 East
DeQueen, AR  71832,

**MAGAZINE EXPRESS, INC.**
5724 Highway 280 East
Birmingham, AL  35242,

**JOHN DOES III – XX,**

      Defendants.

Civil Action No:

0000925-07

RECEIVED
Civil Clerk's Office
FEB 0 8 2007
Superior Court of the
District of Columbia
Washington, D.C.

# COMPLAINT

**(Action Pursuant to the District of Columbia Consumer Protection Procedures Act
For Injunctive and Declaratory Relief and Statutory Monetary Penalties;
With Jury Demand)**

Plaintiff The Humane Society of the United States, in its own capacity and in a representative capacity, on behalf of all its members, alleges unlawful trade practices pursuant to the Consumer Protection Procedures Act ("CPPA"), D.C. CODE ANN. § 28-3904, and files this Complaint with jury demand. This action for statutory penalties and appropriate injunctive relief arises from Defendants' purposeful marketing, sale, and shipment of graphic dog fighting videos and cockfighting magazines in violation of federal criminal prohibitions and District of Columbia animal welfare laws.

The videos and magazines depict and/or describe actual animal cruelty, as well as animal fights staged for the purposes of: (1) producing and selling more copies of the videos for commercial gain; and (2) unlawfully promoting the criminal enterprises of dog fighting and cockfighting. In particular, the magazines contain hundreds of criminal solicitations and feature advertisements for fighting birds, fighting dogs, and other contraband that render them unlawful under the following statutory schemes: federal Animal Welfare Act, 7 U.S.C. § 2132 *et seq.*; the federal Depiction of Animal Cruelty Statute, 18 U.S.C. § 48; the D.C. Cruelty to Animals Statute, D.C. CODE ANN. §§ 22-1015(a)(1), (a)(5); the federal conspiracy statute, 18 U.S.C. § 371; and the D.C. conspiracy law, D.C. CODE ANN. § 22-1805a(a). All such statutory violations are actionable by way of the private right of action available to organizational plaintiffs, such as The Humane Society of the United States, under the CPPA, D.C. CODE ANN. §§ 28-3904(a), (f), (x); 28-3905(k)(1).

349169 v 1

## SUBJECT MATTER JURISDICTION

1.     The Court has subject matter jurisdiction over statutory claims in this matter pursuant to D.C. CODE ANN. § 28-3905(k)(1), and subject matter jurisdiction over equitable claims in this matter pursuant to D.C. CODE ANN. § 11-921.

## PERSONAL JURISDICTION

2.     The Court has personal jurisdiction over Defendants pursuant to D.C. CODE ANN. §§ 13-334, 13-423(a)(1), because the allegations and claims for relief herein arise from Defendants' transaction of business: through which Defendants, whether by maintenance of a website or by direct mailing of the unlawful dog fighting videos and cockfighting magazines, purposefully directed their business activities to the District of Columbia and its resident consumers.

## THE PARTIES

3.     Plaintiff The Humane Society of the United States (hereinafter "The HSUS") is a nonprofit animal protection organization headquartered in the District of Columbia and incorporated in Delaware, with over 25,000 members and constituents in the District of Columbia, and nearly 10 million members and constituents nationwide.

4.     Defendant Amazon.com, Inc. (hereinafter "Amazon"), is a Delaware corporation with its headquarters at 1200 12th Street, Suite 1200, Seattle, Washington, 98144, that regularly transacts business in the District of Columbia as an e-tailer, including through its websites and through the mail service of the United States Postal Service; and that advertises its website and the products on its website to consumers in the District of Columbia.

5.     Defendant John Doe d/b/a "UNDERGROUND PITBULL BREEDERS ASSOCIATION" (hereinafter "John Doe d/b/a UPBA") is a fictitious entity named in the dog

3

fighting video described in paragraphs 36-44 below as the "present[er]" of that video. No other individual or corporate identities appear in either the content of the video or on its cover or packaging, and the real identities and street addresses of the individuals who created the video are unknown at this time.

6.    Defendant John Doe d/b/a "StreetHeatDVD.com" (hereinafter "John Doe d/b/a Street Heat") is an unincorporated entity named in the dog fighting video described in paragraphs 45-49 below as the presenter of that video, with no verifiable street address, incorporation, or license to do business in any state. As printed on the cover of the dog fighting video, Defendant John Doe d/b/a Street Heat also does business under the fictitious name "50/50 Ent.," and lists a false address on a street that does not exist. No other individual or corporate identities appear in either the content of the video or on its packaging, and the real identities and street addresses of the individuals who created the video are unknown at this time.

7.    Defendant Dowd Publishers is an unincorporated entity owned and operated by Verna Dowd, doing business as The Feathered Warrior, with its headquarters at 1812 Highway 70-71 East, DeQueen, Arkansas 71832, that regularly transacts business in the District of Columbia, including through the mail service of the United States Postal Service; its products are advertised and sold on the website of Defendant Amazon, which is used by District of Columbia residents to purchase dog fighting videos and cockfighting magazines.

8.    Defendant Marburger Publishing Co., Inc., d/b/a The Gamecock, is an Arkansas corporation with its headquarters in Hartford, Arkansas, and a business address of 210 Highway 45 North, Hartford, Arkansas 72938; its corporate registration with the Arkansas Secretary of State lists no street address for either the corporation or its registered agent. Defendant Marburger Publishing regularly transacts business in the District of Columbia, including through

the mail service of the United States Postal Service; its products are advertised and sold on the website of Defendant Amazon, which is used by District of Columbia residents to purchase dog fighting videos and cockfighting magazines.

9.    Defendant Magazine Express, Inc. is an Alabama corporation with its headquarters at 5724 Highway 280 East, Birmingham, Alabama 35242, that services magazine subscriptions; the magazine subscriptions it purveys are advertised and sold on the website of Defendant Amazon, which is used by District of Columbia residents to purchase dog fighting videos and cockfighting magazines; the magazines are shipped into the District of Columbia through the mail service of the United States Postal Service.

10.    Defendants John Does III-XX are employees, officers, or agents of Defendants Amazon, Dowd Publishers, Marburger Publishing, Magazine Express, John Doe d/b/a UPBA, and John Doe d/b/a Street Heat, who, acting within the scope of their employment or agency, with intent to benefit their respective employer or company for whom they are acting as an agent, committed the acts described below, including soliciting, entering into, authorizing, requesting, or otherwise ratifying the Agreements described below in paragraphs 68-73, by which the parties agreed to, among other terms, share profits from the publication, distribution, marketing, and sale of publications and videos that promote unlawful animal fighting ventures.

## LEGAL FRAMEWORK

### A.    District of Columbia Consumer Protection Procedures Act

11.    The District of Columbia Consumer Protection Procedures Act ("CPPA") provides that:

> A person, whether acting for the interests of itself, its members, or the general public, may bring an action under this chapter in the Superior Court of the District of Columbia seeking relief from the use by any person of a trade practice in violation of a law of the District of Columbia . . . .

5

D.C. CODE ANN. § 28-3905(k)(1).

12.   It is a violation of District of Columbia law, and therefore an unlawful trade practice under the CPPA, *id.*, "*whether or not any consumer is in fact misled, deceived or damaged thereby*, for any person to:

> (a) represent that goods or services have a source, sponsorship, approval, certification, accessories, characteristics, ingredients, uses, benefits, or quantities that they do not have, . . .
>
> (e) misrepresent as to a material fact which has a tendency to mislead;
>
> (f) fail to state a material fact if such failure tends to mislead, . . . [or]
>
> (x) sell consumer goods in a condition or manner not consistent with that warranted by . . . operation or requirement of federal law.

*Id.* § 28-3904 (emphasis added).

13.   Additionally, "the CPPA's extensive enforcement mechanisms apply not only to the unlawful trade practices proscribed by § 28-3904, but to all other statutory and common law prohibitions." *Osbourne v. Capital City Mortgage Corp.*, 727 A.2d 322, 325-26 (D.C. 1999).

14.   The CPPA allows for treble damages, or $1,500 per violation, whichever is greater, as well as reasonable attorney's fees, an injunction against the unlawful trade practice, "additional relief as may be necessary to restore to the consumer money or property . . . which may have been acquired by means of the unlawful trade practice," and "any other relief the court deems proper." D.C. Code Ann. § 28-3905(k)(1).

**B.    Federal Depiction of Animal Cruelty Statute**

15.   The federal Depiction of Animal Cruelty statute makes it a federal crime, punishable by a fine and up to five years in prison, to "knowingly create[ ], sell[ ], or possess[ ] a depiction of animal cruelty with the intention of placing that depiction in interstate or foreign commerce for commercial gain." 18 U.S.C. § 48(a). A "depiction of animal cruelty" is:

any visual or auditory depiction, including any . . . motion-picture film, video recording, electronic image, or sound recording of conduct in which a living animal is intentionally maimed, mutilated, tortured, wounded, or killed, if such conduct is illegal under Federal law or the law of the State in which the creation, sale, or possession takes place, regardless of whether the maiming, mutilation, torture, wounding, or killing took place in the State.

*Id.* § 48(c)(1). The statute does not apply to "any depiction that has serious religious, political, scientific, educational, journalistic, historical, or artistic value." *Id.* § 48(b).

## C.  Federal Animal Welfare Act

16.     It is a violation of the federal Animal Welfare Act ("AWA") for "any person" to "knowingly use the mail service of the United States Postal Service or any interstate instrumentality for purposes of *promoting or in any other manner furthering* an animal fighting venture except as performed outside the limits of the States of the United States." 7 U.S.C. § 2156(c) (emphasis added).

17.     The AWA also makes it a federal crime for "any person" to "knowingly sell, buy, transport, deliver, or receive for purposes of transportation, in interstate or foreign commerce, any dog or other animal for purposes of having the dog or other animal participate in an animal fighting venture." *Id.* § 2156(b).

## D.  District of Columbia Cruelty to Animals Statute

18.     The D.C. Cruelty to Animals Statute makes it a felony punishable by up to a $25,000 fine or 5 years in prison for each violation, for "any person" to

organize[], sponsor[], conduct[], stage[], *promote*[], [be] employed at, collect[] an admission fee for, or bet[] or wager[] any money or other valuable consideration on the outcome of an exhibition between two or more animals of fighting, baiting or causing injury to each other.

D.C. CODE ANN. § 22-1015(a)(1) (emphasis added). It is also a felony, punishable by up to a $25,000 fine or 5 years in prison for each violation, for "any person" to "aid[ ] or abet[ ]" any of

7

the unlawful acts specified in D.C. CODE ANN. § 22-1015(a), including the "promot[ion]" of animal fighting. *Id.* § 22-1015(a)(5).

19.    The D.C. Cruelty to Animals Statute also makes it a felony, punishable by up to a $25,000 fine or 5 years in prison for each violation, for "any person" to "own[ ], train[ ], buy[ ], sell[ ], offer[ ] to buy or sell, steal[ ], transport[ ], or possess[ ] any animal with the intent that it engage in any [animal fighting or baiting] exhibition. . ." *Id.* § 22-1015(a)(2).

### E.    Other Federal and District of Columbia Laws

20.    It is unlawful for "two or more persons [to] conspire . . . to commit any offense against the United States," 18 U.S.C. § 371, or to "conspire . . . to commit a criminal offense" under District of Columbia law. D.C. CODE ANN. § 22-1805a(a).

21.    Under federal law, "[w]hoever commits an offense against the United States or aids, abets, counsels, commands, induces or procures its commission, is punishable as a principal." 18 U.S.C. § 2(a).  Additionally, "[w]hoever willfully causes an act to be done which if directly performed by him or another would be an offense against the United States, is punishable as a principal." *Id.* § 2(b).

22.    In addition to the specific aiding and abetting provisions of the D.C. Cruelty to Animals Statute described above, District of Columbia law also provides that "all persons advising, inciting, or conniving at the offense, or aiding or abetting the principal offender, shall be charged as principals and not as accessories." D.C. CODE ANN. § 22-1805.

### FACTS GIVING RISE TO PLAINTIFF'S CLAIMS FOR RELIEF

### A.    Dog Fighting and Cockfighting in the District of Columbia and in the United States

23.    Dog fighting is illegal in every state and in the District of Columbia. Cockfighting is prohibited in all or part of all fifty states, with statewide prohibitions in effect in

8

forty-eight states and the District of Columbia. Additionally, thirty-six states prohibit the sale, purchase, and/or possession of fighting animals or implements, and twenty-seven states and the District of Columbia further criminalize other acts that "promote," D.C. CODE ANN. § 22-1015(a)(1), or "further" animal fighting, such as "advertising" or "us[ing] any means of communication for the purpose of promoting [ ] a fight." *See, e.g.,* FLA. STAT. ANN. § 828.122(2)(d) (West 2006); COLO. REV. STAT. ANN. § 18-9-204(1)(b)(V).

24.    At an animal fight, two or more animals specially trained and bred for aggression are pitted against one another in a small enclosure and provoked by their handlers to attack each other, usually until one or both of the animals dies from injuries inflicted in the fight, with gamblers betting on the outcome. Birds fight with knives or "gaffs" affixed to their legs. Dogs and birds wounded or killed in a fight suffer painful, disfiguring, and debilitating injuries, including lacerations, ruptured organs, broken or severed limbs, gouged eyes, punctured lungs, head injuries, broken necks and backs, internal bleeding, shock, and partial or full paralysis.

25.    If an animal loses a fight by running away, it causes the handler embarrassment and loss of reputation. A runaway dog's handler will often electrocute her as punishment, using a car battery or other crude methods. Handlers of runaway roosters have been observed slamming the birds into walls as punishment.

26.    If a bird is injured but not killed after the fight, it is customary for the handler not to provide veterinary care, food, or water for the animal, but rather, to abandon the animal, causing the animal to suffer from injuries, starvation, or dehydration for up to several days before dying. At raids, officials have observed injured, live animals trapped at the bottom of trash barrels under the bodies of dead animals. These animals may suffer for several days before being crushed in a trash compactor or otherwise disposed of.

27.    Fighting birds and dogs are typically injected with steroids, speed, and other substances before the fight, including blood-clotting drugs expressly designed and marketed to ensure that gravely wounded animals will fight longer, thereby deliberately prolonging the animals' suffering prior to death.    Handlers also inflict pain upon the roosters by sawing or shearing off certain appendages for the purpose of fighting, including the birds' waddles, combs, and spurs.    Dog fighters also create painful stimuli in order to provoke the dogs' aggression prior to the fight, such as by sewing bottle caps into the dogs' skin or burning the dogs' paw pads with cigarette lighters.

28.    Dog fighters typically obtain fighting dogs by purchasing dogs from, or using the breeding or "stud services" of, breeders who are known to selectively breed and train dogs for gameness, and whose reputation is based on these dogs' "victories" in fights.

29.    To train dogs for fighting or to be sold for fighting purposes, dog fighters and the breeders and sellers of fighting dogs use smaller or less aggressive "bait" dogs (and cats) whom the fighting dogs maim or kill for practice.    Fighters obtain "bait" dogs by breeding them, from "Free to a Good Home" advertisements, from puppy mills, or by stealing them from homes and backyards.

30.    Each year, hundreds of millions of dollars of unreported income changes hands at cockfights and dog fights from illegal gambling, in addition to entry fees and prize money.    Some cockfighting events involve hundreds of matches, with prizes in the tens of thousands of dollars.    Accordingly, handlers often travel across state lines to fight animals, as documented by the Federal Bureau of Investigation ("FBI").    FBI Special Agents have observed children as young as six years old taking bets at animal fights.

31.     A variety of criminal activities, including gambling, drug possession, rape, illegal weapon possession, and homicide have been associated with animal fighting. Drug money is also laundered through animal fighting operations.

32.     Because of the gambling, money, weapons, and illegal drugs involved, dog fighting and cockfighting contribute to a rise in other types of crime in the affected communities, such as personal violence and property crime.

33.     The gambling associated with dog fighting and cockfighting is illegal in every state, and those who cross state lines or use the mail service to "promote . . . or facilitate the promotion" of such gambling also violate federal racketeering laws. *See, e.g.*, 18 U.S.C. § 1952.

34.     Cockfighting also poses a public health and biosecurity threat. As confirmed by the World Health Organization, cockfighting was responsible for at least eight human cases of avian influenza between January 2004 and April 2005, due to the bloody nature of the fights, and the fact that cockfighters occasionally put their mouths over the heads of wounded birds to resuscitate them during the fight. In 2003, the Governor of California declared a State of Emergency after cockfighting birds from Mexico spread Exotic Newcastle Disease to poultry flocks in the United States, resulting in the deaths of 3.4 million birds and the loss of more than 200 million dollars, including reimbursements made to poultry producers at taxpayer expense.

35.     Dog fighting also threatens public health and safety, by increasing the risk to law enforcement officers and to the public – especially children and the elderly – of dog bites and dog attacks. Dog fighting also facilitates the spread of transmissible diseases from dog to dog and dog to human, such as heartworm and rabies.

11

**B.**    **Defendants' Sale of Dog Fighting Videos**

36.    On or before 2004, Defendant John Doe d/b/a UPBA produced a digital video disc entitled "UNLEASHED: THE REALEST PITBULL ACTION CAUGHT ON TAPE" (hereinafter "*Unleashed*"), containing nearly two hours of video footage in which approximately twenty live dogs are actually and intentionally maimed, mutilated, tortured, wounded, and killed.

37.    Specifically, *Unleashed* depicts approximately twelve dog fights whereby two unneutered dogs at a time are placed within a small enclosure made of plywood panels four feet high, and baited and taunted until they begin to attack one another, with a camera operator hovering closely over the animals.  According to the content of the video, some of the dogs used are puppies, with one described as "11 months old."   At least one of the dogs is also a female who has recently given birth.  After each match the dogs or their bodies are removed and a new pair is placed into the enclosure.

38.    Over the course of two hours, *Unleashed* depicts hundreds if not thousands of injuries being inflicted upon these twenty dogs, leading to the death of at least one (as confirmed by the producers in the text displayed during the video), and the likely deaths of at least several others, based on the severity of their wounds at the moment the camera cuts to the next match. For instance, in one sequence of *Unleashed*, a dog pulls at the trachea of a second dog with a large neck laceration at the end of a fight; the mortally wounded dog appears to be deceased, as he is on his back with all four paws in the air, eyes closed, covered from head to tail in blood.

39.    Throughout this video, hundreds of puncture wounds, lacerations, and avulsions are inflicted upon the dogs.  The dogs have large pieces of skin pulled off their shoulders, necks, faces, and the tops of their heads; these pieces of severed tissue can sometimes be seen in the dirt of the ring.  The dogs bite through the paws, ears, legs, and genitals of one another.   Their

12

wounds become contaminated with dirt and weeds, and the blood from their wounds smears across all four walls of the plywood enclosure. Dogs who start the fight with white fur appear to have been soaked in blood by the end of the fight. By the end of each fight the dogs often struggle to breathe because they are near collapse and their mouths are filled with dirt and blood.

40.    When the dogs give up and try to escape they are prevented from exiting through cracks in the boards by people standing on the other side of the boards, who can be seen only by their pants and boots. During most of the sequences, the dogs' growls, screams, and vocalizations cannot be heard because they are muted out, and the audio consists instead of rap music. Much of the music has violent themes, such as one song about the "murder" of "the family, the lawyer, the jurors and the judge . . . the district attorney." None of the music is properly attributed to its source, and appears to have been used in violation of copyright laws.

41.    The final "Chapter" of *Unleashed* contains more than thirty minutes of ten second clips that alternate between excerpts of the dog fight sequences in prior chapters, and video clips of nude women undertaking various sexual acts. Often, the alternating clips will show dogs being shaken violently by their necks, followed by women shaking violently.

42.    The events depicted in *Unleashed*, and staged for the purpose of producing *Unleashed*, are unlawful in every state, and are punishable as a felony in 48 states. Copies of *Unleashed* were found and seized by law enforcement authorities at a recent raid of a dog fighting compound in Columbus, Ohio.

43.    The dog fights featured in *Unleashed* were staged for the purpose of producing and selling *Unleashed* for commercial gain, as demonstrated by, among other things, the fact that the camera operator is waiting for the dogs in the ring and follows them around closely; not even

the dogs' handlers are in the ring. Furthermore, none of the other people attending the dog fight are visible in *Unleashed*, although their voices can be heard in the final chapter.

44. Unlike most DVDs, the true identity of the producer or distributor of *Unleashed* is not shown on either the label of *Unleashed*, or its container or packaging, or in the content of *Unleashed*. The video footage states only that it is "present[ed]" by the "UNDERGROUND PITBULL BREEDERS ASSOCIATION," a fictitious entity with no known street address, incorporation, or license to do business in any state. None of the individuals involved in the making of *Unleashed* are identified by name or face.

45. On or before April 2006, Defendant John Doe d/b/a Street Heat produced a digital video disc entitled "HOOD FIGHTS VOL. 2: THE ART OF THE PIT" (hereinafter "*Hood Fights*"), containing approximately forty minutes of video footage in which approximately twenty live dogs are actually and intentionally maimed, mutilated, tortured, wounded, and killed. The dog fighting footage in *Hood Fights* is identical to the footage described in paragraphs 36-44 – it appears to have been copied directly from *Unleashed*.

46. Defendants Amazon, John Doe d/b/a UPBA, and John Doe d/b/a Street Heat knowingly create, sell, or possess *Unleashed* and *Hood Fights* (hereinafter collectively referred to as "the Videos") – depictions of animal cruelty – with the intention of placing that depiction in interstate or foreign commerce for commercial gain, in the District of Columbia and other jurisdictions where dog fighting is illegal; and/or aid or abet in the same.

47. The Videos do not have has serious religious, political, scientific, educational, journalistic, historical, or artistic value. There is no context, commentary, historical or documentary reference for the dog fighting.

14

48.    The production, distribution, marketing, and sale of the Videos also promote and further unlawful animal fighting ventures. The Videos employ popular music to glamorize and make light of animal fighting. They desensitize viewers to the violent nature of animal fighting by using music for the audio content while muting out the animals' vocalizations.

49.    Defendants Amazon, John Doe d/b/a UPBA, and John Doe d/b/a Street Heat, and their employees and agents, knowingly distribute the Videos through the mail service of the U.S. Postal Service for the purpose of promoting and furthering unlawful animal fighting, and/or aid and abet in their distribution for the purpose of promoting and furthering unlawful animal fighting.

**C.    Defendants' Sale of Cockfighting Magazines**

50.    At all times relevant to this action, Defendants Dowd Publishers and Marburger Publishing published, and continue to publish, respectively, *The Feathered Warrior* and *The Gamecock* (hereinafter "the Publications") – two monthly catalog-type publications that feature hundreds of advertisers and thousands of products per monthly issue. Advertisements comprise approximately 64 percent of the total content of the Publications as measured over a twelve month period – a total of over 2,500 advertisements for commercial transactions.

51.    Of these advertisements – more than 1,700 pages' worth as measured over a twelve month period – over 90 percent are criminal solicitations. For instance, 34 percent of these advertisements propose commercial transactions for fighting animals or fighting paraphernalia that are illegal *everywhere*, because the transactions are prohibited by state law in the seller's jurisdiction, and their interstate or international sale, purchase or shipment is also prohibited by federal law. The remaining 66 percent of these advertisements propose

15

commercial transactions for fighting animals or fighting paraphernalia that are illegal if purchased anywhere in the world except the state in which the seller resides.

52.     For instance, the Publications contain advertisements for fighting birds who "want to hurt something," such as one in particular that was marketed for his fighting prowess on the basis that he had impaled an opposing bird "through [the] neck and kill[ed] [him] outright." THE FEATHERED WARRIOR 1 (Verna Dowd, ed., July 2006).

53.     The Publications also advertise dogs intended for fighting purposes, including dogs bred and sold by dog fighting kingpin Floyd Boudreaux. *See id.* at 63. Boudreaux was arrested in March of 2005 and presently awaits trial on forty-eight felony counts of animal fighting, based on the breeding and sale of dogs intended for fighting.

54.     The Publications also advertise animal fighting venues for purchase, such as the "Sally Gap Game Club," a "10,000 Sq. Ft." cockfighting club that "Is Up And Running!!!!" in Kentucky, where cockfighting is illegal. THE GAMECOCK 37 (J.C. Griffiths, ed., Dec. 2006). Cockfighting pits and cages are pictured in the advertisement, along with rows of bleachers where spectators observe the fights. *Id.*

55.     A recent undercover investigation confirmed that the sole function of this facility is to host unlawful animal fighting events. Specifically, the seller of the cockfighting pit told an investigator by telephone that the weekly events feature both "short knife" and "long knife" cockfights, and that prospective purchasers of the pit need not worry about being prosecuted because the local sheriff already knew about the pit and would not take action. Undercover video footage taken on February 3, 2007 reveals over four hundred people from several states in attendance at the Sally Gap Game Club, with an estimated $500,000 in illegal wagers being handled by the house. None of this income, on information and belief, is reported to the Internal

16

Revenue Service as required by law. Therefore, the Publication in which this advertisement appears promotes and furthers unlawful animal fighting ventures and other crimes.

56. The Publications also advertise actual animal fighting events in jurisdictions where cockfighting is illegal. *See, e.g.,* THE FEATHERED WARRIOR 5 (Apr. 2004) (listing schedule for Oklahoma cockfights, months after the Oklahoma Supreme Court had affirmed the validity of the statewide cockfighting ban, which also makes it a felony to advertise a cockfight).

57. The advertisements for specific animal fights contain information not found in any other print periodical, without which a gambler or fight participant would not be able to attend, such as entry fees and required "memberships," weapons classifications, driving directions, cockfighting rules, and the telephone number that will ring in the fighting "Pit." *See id.* at 10 (July 2006) (advertising "Long Knife Derby"); THE GAMECOCK 34 (July 2006) (explaining how the "Rules of Cockfighting" operate when the birds kill each other at the same time, and describing the referee's "examination to determine if a cock is actually dead, not just dying").

58. The Publications also list the results and champions from recent cockfights, including fights in states where cockfighting is illegal. *See, e.g.,* THE FEATHERED WARRIOR 61 (July 2006); *id.* at 37 (Jan. 2004). These accolades, including "victories" at "derbies" or cockfights in jurisdictions where cockfighting is illegal, are then used by winning handlers and breeders to market and sell birds intended for fighting and to obtain premium prices based on their fighting reputation. THE GAMECOCK 103, 107 (Feb. 2006) (advertising birds for sale that were illegally transported in interstate commerce and fought at illegal cockfights in Virginia, Alabama, California, Kentucky, Tennessee, Texas, Oklahoma, and Hawai'i).

17

59.    The advertisements also include cockfighting supplies such as "gaffs" or knives attached to the legs of birds for purposes of fighting. *See, e.g., id.* at 117 (Jan. 2006) (Tennessee supplier advertising fighting blades that are designed for "maximum cutting and penetration"); *id.* at 99 (June 2004) (listing fighting gaffs and blades for sale that "cut the fowl in good place, it bounce to roll on the ground and dead [sic]"). The sale, purchase, and transport of these implements is unlawful.

60.    The Publications also advertise steroids, "speed," and other drugs for fighting purposes. *See, e.g.,* THE FEATHERED WARRIOR 12, 15 (Jan. 2006) (advertising hormones that encourage "pure aggression" to "prepare your cock for battle"); THE GAMECOCK 21 (July 2006) (advertising injectable "blood clotting solution" that "can and does help your cocks [sic] chances by stopping internal bleeding fast"); *id.* at page T (Jan. 2004) (advertising injectable "Nicoramin" stimulant that allows birds to "fight longer even when injured"). The sale, purchase, and transport of these drugs is prohibited by the AWA and the laws of twenty-three states, and may also violate controlled substances laws.

61.    Advertising in *The Gamecock* costs up to $2,118 for a single advertisement per year; advertising in *The Feathered Warrior* costs up to $1,155 for a single advertisement per year. *Id.* at 64 (Jan. 2006); THE FEATHERED WARRIOR 67 (July 2006). The publisher of *The Feathered Warrior* lists an e-mail address by which advertisers and consumers in the District of Columbia and elsewhere could contact the publication. *Id.* at 60 (Jan. 2006).

62.    The Publications are found at seventy-five percent or more of all law enforcement raids of illegal animal fights. Judges and juries have considered possession of the Publications to be evidence of criminal culpability under animal cruelty prohibitions. *See, e.g., Com. v. Balog,*

18

672 A.2d 319, 322-24 (Pa. Super. Ct. 1996) (affirming cockfighting conviction on basis of circumstantial evidence including "36 magazines on fighting birds, and two sets of [gaffs]").

63.    The publisher of a dog fighting magazine pled guilty last year in Pennsylvania to two felony animal fighting and conspiracy charges based entirely on his publishing and distributing the magazine, under a statute that prohibits "encouraging" animal fighting, similar to the AWA and D.C. Cruelty to Animals Statute provisions at issue here. *See Com. v. Fricchione*, Crim. No. 0012396-2004 (Pa. Ct. Comm. Pleas, sentenced March 13, 2006).

64.    Like the Publications here, the dog fighting magazines at issue in the *Fricchione* criminal action listed the winners from recent animal fights, advertised fighting animals marketed based on their "victories" in those fights, advertised dog fighting implements, and contained some non-advertising content.

65.    On information and belief, most of the fighting animals and fighting implements advertised in the Publications are not advertised in any other medium, paper or electronic.

66.    Defendants Amazon, Dowd Publishers and Marburger Publishing, and their employees and agents, knowingly publish and distribute the Publications through the mail service of the U.S. Postal Service for the purpose of promoting and furthering unlawful animal fighting ventures; and/or aid and abet in their distribution for the purpose of promoting and furthering unlawful animal fighting.

67.    The publication, distribution, marketing, and sale of the Publications promotes and furthers hundreds if not thousands of specific unlawful animal fighting ventures, including those expressly named in the text and advertisements of the Publications, as well as those that are not expressly named but would not exist but for the real-time commercial cockfighting infrastructure provided by the Publications.

**D.**     **The Agreements to Publish, Distribute, Market, Promote, and Sell the Publications**

68.     On information and belief, Defendant Amazon, through its website, is the only retail seller of subscriptions to the Publications; its website is the only way consumers in the District of Columbia and elsewhere can find and purchase subscriptions to the Publications over the internet, or by any other means besides contacting the publishers directly by written mail or by telephone as listed only in the Publications themselves. The Defendant magazine publishers do not presently maintain their own websites.

69.     On information and belief, and on a date prior to June 2005, employees, officers, or agents of Defendants Amazon, Magazine Express, and Dowd Publishers, respectively; acting within the scope of their employment or agency; and with the intent to benefit their employer company or the company on whose behalf they were acting; and at the request of or with the approval, ratification, authorization, or tolerance of the appropriate manager(s), or officer(s), or executive(s) of that company; entered into one or more agreements or arrangements with at least one of the other Defendants named in this paragraph, in writing or otherwise (hereinafter "Agreements"), by which: (1) Defendant Amazon would list *The Feathered Warrior* on Amazon's website for retail sale, in exchange for a percentage of the retail price of each subscription purchased from Amazon's website, and would transmit the remainder of the subscription price to either Defendant Magazine Express or Defendant Dowd Publishers; and/or (2) Defendant Dowd Publishers would deliver hard copies of each issue of *The Feathered Warrior* either to Defendant Amazon or its agent, Defendant Magazine Express, or directly to the consumers whose name and mailing address Defendant Amazon provided to the Defendant Dowd Publishers; and/or (3) Defendant Amazon would arrange, through its agent, Defendant Magazine Express, for the delivery of those hard copies of *The Feathered Warrior*, by the mail

20

service of the U.S. Postal Service, to consumers who purchased that publication from Defendant Amazon's website.

70.     Likewise, on information and belief, on a date prior to June 2005, employees, officers, or agents of Defendants Amazon, Magazine Express, and Marburger Publishing, respectively; acting within the scope of their employment or agency; and with the intent to benefit their employer company or the company on whose behalf they were acting; and at the request of or with the approval, ratification, authorization, or tolerance of the appropriate manager(s), officer(s), or executive(s) of that company; entered into one or more agreements or arrangements with at least one of the other Defendants named in this paragraph, in writing or otherwise, by which: (1) Defendant Amazon would list *The Gamecock* on Amazon's website for retail sale, in exchange for a percentage of the retail price of each subscription purchased from Amazon's website, and would transmit the remainder of the subscription price to either Defendant Magazine Express or Defendant Marburger Publishing; and/or (2) Defendant Marburger Publishing would deliver hard copies of each issue of *The Gamecock* either to Defendant Amazon or its agent, Defendant Magazine Express, or directly to the consumers whose name and mailing address Defendant Amazon provided to the Defendant Marburger Publishing; and/or (3) Defendant Amazon would arrange, on its own or through its agent, Defendant Magazine Express, for the delivery of those hard copies of *The Gamecock*, by the mail service of the U.S. Postal Service, to consumers who purchased that publication from Defendant Amazon's website.

71.     By their actions as described in this Section and in paragraphs 68-70 above, the Defendants described in this Section, and their employees, officers, or agents, all sought by their actions to make the Agreements successful, because the Defendants had and have a financial

21

stake in the Publications' success, based on the number of subscriptions to the Publications that are sold. Defendants Amazon and Magazine Express combined, cooperated, agreed, and otherwise conspired with Defendants Dowd Publishers and Marburger Publishing to sell as many subscriptions to the Publications as possible.

72.     The effect of the Agreements – namely, the promotion and furthering of unlawful animal fighting ventures – is unlawful. On information and belief, the Agreements have, at their base, a stream of illicit revenue generated by illegal gambling on animal fighting that furthers the promotion of illegal animal fights in states where such activity is prohibited. Specifically, both animals and implements unlawfully advertised in the Publications are used at unlawful animal fights, where handlers and others obtain illegal profits. The revenue generated by advertisers through the Publications is not only unlawful in and of itself, but also directly furthers unlawful animal fighting ventures, as the animals and goods involved are in turn used to commit crimes and to procure money illegally. The Publications are therefore a central part of an unlawful revenue scheme.

73.     As described further below, Defendant Amazon had actual and constructive knowledge that its marketing, sale, and shipment of the Publications were unlawful; Defendant Amazon nevertheless continued to intentionally assist Defendants Dowd Publishers and Marburger Publishing, using its website and its paid advertising on other popular websites to purposefully procure subscribers for Defendants Dowd Publishers and Marburger Publishing. Defendants Dowd Publishers and Marburger Publishing purposefully caused Defendants Amazon and Magazine Express to use the mail service to deliver the Publications to purchasers.

349169 v 1

E.     **The Distribution, Marketing, and Sale of the Videos and the Publications**

74.     Beginning in October 2006 and June 2006, respectively, or earlier, Defendant Amazon sold, and continues to sell, *Unleashed* and *Hood Fights* on its Marketplace website, as supplied by third-party merchants. A link to the webpage where Amazon sells *Unleashed* is the first link displayed whenever a user types in the search term "Pitbull" for DVDs on Defendant Amazon's search engine. The "Product Description," in its entirety, states "Pitbull action caught on tape."

75.     Defendant Amazon keeps a percentage of each purchase made on its Marketplace website and transmits the buyer's address to the third-party merchant. Defendant Amazon is one of only three internet sellers of the Videos.

76.     Defendant Amazon knowingly sells the Videos. On October 17, 2006, a member of the public alerted Defendant Amazon to the fact that *Unleashed* contained actual scenes of animal fighting and asked that Defendant discontinue its sale of the video. In response, Defendant Amazon told the consumer that her request amounted to "censorship" and stated that it would "continue to make controversial works available in the United States and everywhere else, except where they are prohibited by law."

77.     Similarly, Plaintiff alerted Amazon to the unlawful nature of *Hood Fights* in June, 2006.

78.     Beginning in June 2005 or earlier, and pursuant to the Agreements described in paragraphs 68-73, Defendant Amazon sold, and continues to sell, the Publications on its website. Each of the Publications has its own webpage on the Amazon website that lists the title, retail price, number of issues, and a "Product Description." For both Publications, Defendant

Amazon's webpage states that the consumer's "name and mailing address will be shared with the appropriate publisher."

79.    Defendant Amazon's "Product Description" for *The Feathered Warrior* states that the publication "is a trade magazine devoted to [ ] the . . . fighting of gamefowl." Defendant Amazon's "Product Description" for *The Gamecock* states that the publication contains "[a]rticles on gamefowl, poultry diseases, sport [*i.e.,* fighting] results, advertising of supplies for proper care of gamefowl and some history of gamefowl."

80.    These "Product Descriptions" were either transmitted to Defendant Amazon or its agent, Defendant Magazine Express, from the respective Defendant publishers, or were developed by employees or agents of Defendant Amazon after reviewing the Publications.

81.    In July of 2005, Plaintiff notified executives at Defendant Amazon in writing that Defendant Amazon's marketing and sale of the Publications violates the AWA, and requested that Defendant Amazon discontinue its marketing and sale of the Publications. Plaintiff also explained that the advertisements in the Publications proposed unlawful commercial transactions.

82.    After several unreturned follow-up phone calls and letters, Plaintiff sent another letter on July 18, 2006 to executives at Defendant Amazon stating that the Publications were still being marketed and sold by Amazon in violation of federal law, and that Plaintiff would initiate this civil action unless Defendant agreed to cease its promotion and sale of the Publications.

83.    On or before July 18, 2006, Amazon also listed a single set of "Phillippine Cockfighting Slasher Knives" on its Marketplace website through a third party seller for $500.00. The Amazon website listing for the Slasher Knives stated that the knives were the

24

"Most Lethal Slashers Money can Buy," and "[g]uaranteed to stay sharp and lethal even after several usages."

84.    Amazon actively markets the Publications through advertisements, some of which are expressly listed as paid advertisements on several popular websites such as Yahoo! Shopping, mySimon.com, aMagArea.com, DealTime.com, Verizon SuperPages.com, Epinions.com, and the banner ad that appears at the top of Google.com following specific searches. Those advertisements all feature live links by which a consumer clicks on the text and is sent directly to the pages on Amazon's website where Amazon sells the Publications.

85.    Defendant Amazon also actively markets the Videos and the Publications using various promotions on its own website. For instance, Defendant Amazon advertises one of the Publications on the selling page of the other, under the heading "Better Together," which offers a price promotion if the buyer purchases both, rather than just one, of the Publications.

86.    Defendant Amazon also actively markets the Videos and the Publications by advertising them on the selling page of other items, under the heading "Customers who bought this item also bought . . ." which displays the purchases of other consumers who bought the listed Publication.

87.    On Defendant Amazon's "Policies, Glossary, and FAQs" webpage, which consumers can access from the "Help" page that is linked to all of the specific product web pages on Defendant Amazon's website, Amazon states that it will not sell a broad range of potentially objectionable yet lawful materials on its website – twenty-three categories in all, including sexually explicit materials and anything else "we [Defendant Amazon] deem offensive," which "is probably about what you would expect."

25

88.    Defendant Amazon also represents that sellers on its website, a category that includes Defendant Amazon itself, "are expected to conduct proper research to ensure that the items posted to our . . . sites are in compliance with all local, state, national, and international laws." Defendant Amazon also states that "the items we prohibit" include "Illegal items," such as "any product which may lead to the production of an illegal item or illegal activity."

89.    In order to "visit" or "shop" at Amazon.com, consumers must "accept" and "agree" to Defendant Amazon's "conditions of use," which states that Defendant Amazon's "other policies," such as its "policies" regarding "Illegal items" as described in paragraphs ***, "also govern your visit to Amazon.com." These policies and the conditions of use are expressly incorporated into each consumer transaction as indicated on the ordering page.

90.    Defendant Amazon's terms and conditions, insofar as they are expressly incorporated in every consumer transaction that occurs with respect to the website, constitute warranties and/or affirmative representations that (1) the items sold are not illegal; and (2) that those items will not give rise to illegal activities if they are possessed and/or used.

91.    In breach of the express warranties and/or affirmative representations conveyed within Defendant Amazon's sales terms and conditions, the Videos and cockfighting publications constitute prohibited "illegal items" and are not presented in a condition consistent with that warranted by Amazon because they are not in compliance with applicable federal and state laws.

92.    Additionally, anyone who "visit[s] or shop[s]" on the Amazon Marketplace site, where the Video is sold, must also "accept" the "Participation Agreement." The Participation Agreement requires sellers to "comply with all applicable laws, statutes, and regulations." The

Participation Agreement is expressly incorporated into each consumer transaction as indicated on the ordering page.

93.     Contrary to the terms of the Participation Agreement, Defendant Amazon and the merchant producers and distributors of the Videos, Defendants John Doe d/b/a UPBA, and John Doe d/b/a Street Heat, have failed to comply with federal animal cruelty laws and the D.C. Cruelty to Animals statute, rendering them liable for unlawful trade practices proscribed by the CPPA.

94.     On information and belief, a substantial percentage, and perhaps even a majority, of all new subscriptions to the Publications are sold by Amazon.  For instance, the Publications consistently rank in the top one percent and top five percent, respectively, of all magazine subscriptions sold on Amazon.com.

95.     If unlawful animal fighting ventures are promoted or in any other manner furthered, more people will participate in those animal fighting ventures, and therefore more people will purchase subscriptions to the Publications in order to compare prices, read fight results, find the location and dates of upcoming fights, and order fighting animals and paraphernalia.  Concomitantly, more people will purchase subscriptions to the Publications from Defendant Amazon.

96.     If Defendants did not advertise and sell the Publications and distribute them through the mail service, there would be no retail outlet for, no internet promotion and advertising of, and no internet sale of subscriptions to the Publications in the District of Columbia and elsewhere, and the Publications' circulation would therefore be substantially reduced.  Likewise, if Defendants did not market and sell the Video, there would be substantially fewer Videos sold.

27

97.     In turn, less illegal animal fighting and fighting animal trafficking would occur in the District of Columbia and surrounding areas if Defendants ceased their marketing and sale of the Videos and the Publications, because both the Videos and the Publications promote and further unlawful animal fighting, as described above in paragraphs 23-35.     Without the magazines, animal fighters in the District of Columbia and elsewhere would have substantially reduced access to sellers and buyers of fighting animals and other implements intended to be used in unlawful animal fighting, and would also have substantially reduced access to information about how and where to attend specific animal fights.

**F.     Harm To District of Columbia Consumers**

98.     Consumers in the District of Columbia have purchased each of the Publications – and, on information and belief, the Videos – from Defendant Amazon.

99.     Based on the representations made by Defendant Amazon in its "conditions of use," "Policies," and "Participation Agreement" – all of which "bind" and are an inherent part of consumer transactions – consumers believe that the sale and content of products sold on Amazon.com, including the Videos and the Publications, "comply with all applicable laws, statutes, and regulations," including the AWA, the federal Depiction of Animal Cruelty statute, and the D.C. Cruelty to Animals Statute, and reasonably rely on that representation when making purchases.

100.     On information and belief, many consumers are misled by Defendant Amazon's express representations that the content and sale of the Videos and the Publications "adhere to all applicable laws" and do not "lead to the production of an illegal item or illegal activity," and would not complete the transactions if they knew that the products did not comport with federal criminal prohibitions and the animal welfare law of the District of Columbia.     Furthermore,

28

Defendant Amazon's website nowhere identifies the Videos in question as ones that contain unlawful depictions of actual animal cruelty.

101.    Whether or not consumers are actually misled by these material misrepresentations and/or omissions of material fact, the sale of the Videos and Publications clearly causes harm to consumers within the District of Columbia.

102.    According to Defendant Amazon's website, "Customers who bought [*Unleashed*] also bought" from Amazon a DVD called "Off the Chain," which is clearly identified on Amazon's website as an anti-dog fighting "documentary [about] the world of dog fighting and how it [has] damaged the [pit bull] breed." It is unlikely that consumers would purchase both videos if Defendant Amazon had not failed to state the material fact that *Unleashed* depicted actual dog fighting and other forms of animal cruelty and, unlike "Off the Chain," was not an anti-dog fighting video.

103.    If Defendants had not engaged in violations of the CPPA by agreeing to advertise, sell, publish, and distribute the Videos and Publications in a manner contrary to federal criminal prohibitions concerning animal fighting and D.C. animal welfare law, District of Columbia residents would not have suffered pecuniary loss, *i.e.*, they would not have expended funds to obtain the Videos and subscribe to the Publications.

G.    **Health and Safety Harms**

104.    As explained above, Defendants' advertisement and sale of, and agreement to publish, distribute by mail service, market, and sell the Publications and the Videos, including in the District of Columbia, "promotes" and "furthers" unlawful animal fighting in the District of Columbia, thereby resulting in more illegal animal fighting than there would be if Defendants

349169 v 1

did not advertise and sell the Publications, or agree to publish, distribute by mail service, market, and sell the Publications or the Videos.

105.    Animal fighting imminently harms the health and safety of District of Columbia residents because, as explained above, animal fighting ventures involve illegal gambling and drug and weapons trafficking, all of which increase the risk that District of Columbia citizens and members of the public will be victimized by violent crime and property crime. Therefore, Defendants' ongoing publishing, distributing through the mail service, marketing, and sale of the Publications and the Videos, all of which promote and further unlawful animal fighting, substantially increase the risk of harm to the health and safety of District of Columbia residents. These injuries will be redressed if Plaintiff prevails in this action.

106.    Likewise, increased animal fighting caused by Defendants' advertisement and sale of, and agreement to publish, distribute by mail service, market, and sell the Publications and the Video also imminently harms the health and safety of D.C. residents because, as explained above, cockfighting spreads Avian influenza and other diseases that are transmissible to other animals and to humans, exposing D.C. citizens to a substantially increased risk of health harms. Dog fighting also threatens public health and safety, by increasing the risk of dog bites and dog attacks, and by facilitating the spread of transmissible diseases, such as rabies and heartworm. These injuries will be redressed if Plaintiff prevails in this action.

H.    **Harm To Plaintiff and Its Members**

107.    Plaintiff is the nation's largest animal protection organization with nearly ten million members and constituents. For more than five decades, The HSUS has engaged in public education, advocacy, training, and legislative activities to curb animal fighting. Plaintiff was instrumental in securing the passage of the federal Animal Welfare Act Amendments of 1976

30

and 2002 relating to animal fighting.    Plaintiff also works toward the enactment and strengthening of animal fighting laws in each of the United States, including the D.C. Cruelty to Animals Statute.

108.    In addition to these efforts, Plaintiff has also been called upon by law enforcement agencies to participate in dozens of law enforcement raids at animal fighting ventures and to provide direct care and shelter for fighting animals seized by law enforcement agents, at a total cost to Plaintiff of hundreds of thousands of dollars' worth of equipment, transportation, veterinary supplies, and personnel.

109.    For instance, on May 15, 2005, Plaintiff provided critical animal handling and technical expertise in a law enforcement raid on an unlawful commercial cockfighting and gamefowl breeding operation in Fiddletown, California owned by one of the advertisers in the Publications – where police arrested 28 people for cockfighting and seized copies of the Publications as evidence. In addition, Plaintiff also provided an emergency grant to pay for the care of 58 roosters seized as evidence pending trial, and to build makeshift housing after the affected communities could no longer make room for the aggressive birds in their animal shelter dog runs without euthanizing more stray or surrendered dogs. The owner awaits trial on felony charges but nonetheless continues to advertise fighting birds in the Publications, where his advertisements state that the compound is "still alive and – well!" and that he will continue to "ship" fighting birds "Anytime, anywhere." THE GAMECOCK at page Y (Mar. 2006).

110.    Additionally, Plaintiff participated at the request of Louisiana State Police, U.S. Customs agents, and local SWAT teams, in the law enforcement action on March 9, 2005 that resulted in the arrest of fighting dog breeder Floyd Boudreaux, who now awaits trial on forty-eight felony counts of dog fighting arising out of his breeding and sale of dogs for fighting

31

purposes. Despite the pending felony charges, Boudreaux's fighting dogs and "stud service" have been advertised for sale in the five most recent issues of one of the Publications.

111.    Plaintiff is presently assisting federal and state law enforcement officers with investigations in preparation for upcoming raids at animal fighting ventures in several jurisdictions, which are promoted and furthered by Defendants' unlawful actions.

112.    Defendants' actions impair and frustrate Plaintiff's ability to pursue its goals, because the proliferation of illegal animal fighting caused by Defendants' unlawful acts requires Plaintiff to divert its limited organizational and programmatic resources to law enforcement actions and the care and handling of fighting animals seized at raids. These resources would otherwise be spent on programmatic and advocacy activities to prevent other cruelty to animals, in furtherance of Plaintiff's goals. Plaintiff's injuries will be redressed if Plaintiff prevails in this action, because if Defendants cease their unlawful actions, animal fighting and trafficking in fighting animals and implements in the District of Columbia and elsewhere will be substantially reduced, and Plaintiff will not be required to divert its programmatic resources to assist with law enforcement actions against illegal animal fighting ventures. Additionally, Plaintiff's members who live in the District of Columbia are at risk of harms to their health and safety from increased animal fighting caused by Defendants' actions, as described in paragraphs 23-97 above. These injuries will be redressed if Plaintiff prevails in this action.

## PLAINTIFF'S CLAIMS FOR RELIEF

### COUNT I – Violations of the Consumer Protection Procedures Act Based on the Federal Depiction of Animal Cruelty Statute

113.    Plaintiff hereby incorporates by reference all the preceding paragraphs as if fully set forth herein.

114.    Plaintiff brings Claim One in its individual and representative capacity against Defendants Amazon, John Doe d/b/a UPBA, and John Doe d/b/a Street Heat on Plaintiff's own behalf and on behalf of affected consumers and the general public, pursuant to the CPPA, which allows any person to bring an action in the Superior Court of the District of Columbia for the interests of itself, its members, or the general public, seeking relief from the use by any person of a trade practice in violation of a law of the District of Columbia.  D.C. CODE ANN. § 28-3905(k)(1).

115.    By producing, distributing through the mail service, marketing, and selling the Videos in D.C. and other jurisdictions where dog fighting is unlawful, Defendants Amazon, John Doe d/b/a UPBA, and John Doe d/b/a Street Heat "knowingly create[ ], sell[ ], or possess[ ] a depiction of animal cruelty with the intention of placing that depiction in interstate or foreign commerce for commercial gain." 18 U.S.C. § 48(a).  By engaging in trade practices that violate federal law, Defendants are therefore also violating the CPPA. D.C. CODE ANN. §§ 28-3904(x), 28-3905(k)(1).

116.    Additionally, and in the alternative, Defendant Amazon, by marketing and selling the Videos, aids and abets Defendants John Doe d/b/a UPBA and John Doe d/b/a Street Heat in knowingly creating, selling, or possessing a depiction of animal cruelty with the intention of placing that depiction in interstate or foreign commerce for commercial gain.  By engaging in trade practices that violate federal law, *see* 18 U.S.C. §§ 2(a), (b), Defendants Amazon, John Doe d/b/a UPBA, and John Doe d/b/a Street Heat are therefore also violating the CPPA.  D.C. CODE ANN. §§ 28-3904(x), 28-3905(k)(1).

117.    These unlawful trade practices have caused and will continue to cause injuries as described in paragraphs 23-112.

**COUNT II – Violations of the Consumer Protection Procedures Act Based on the Federal Animal Welfare Act**

118.    Plaintiff hereby incorporates by reference all the preceding paragraphs as if fully set forth herein.

119.    Plaintiff brings Claim Two in its individual and representative capacity against all Defendants, on Plaintiff's own behalf and on behalf of affected consumers and the general public, pursuant to the CPPA, which allows any person to bring an action in the Superior Court of the District of Columbia for the interests of itself, its members, or the general public, seeking relief from the use by any person of a trade practice in violation of a law of the District of Columbia. D.C. CODE ANN. § 28-3905(k)(1).

120.    By publishing, distributing through the mail service, marketing, and selling the Publications and the Videos, Defendants knowingly use the mail service of the U.S. Postal Service for the purpose of promoting or in any other manner furthering unlawful animal fighting ventures, in violation of the AWA, 7 U.S.C. § 2156(c). By engaging in trade practices that violate the AWA, Defendants are therefore also violating the CPPA. D.C. CODE ANN. §§ 28-3904(x), 28-3905(k)(1).

121.    Additionally, and in the alternative, Defendants Amazon and Magazine Express, by distributing through the mail service, marketing, and selling the Publications and the Videos, are aiding and abetting Defendants Dowd Publishers, Marburger Publishing, John Doe d/b/a UPBA, and John Doe d/b/a Street Heat in knowingly using the mail service of the U.S. Postal Service for the purpose of promoting or in any other manner furthering unlawful animal fighting ventures, in violation of federal law. *See* 18 U.S.C. §§ 2(a), (b). By engaging in trade practices that violate federal law, Defendants Amazon and Magazine Express are therefore also violating the CPPA. D.C. CODE ANN. §§ 28-3904(x), 28-3905(k)(1).

34

122.    These unlawful trade practices have caused and will continue to cause Plaintiff injuries as described in paragraphs 23-112.

**COUNT III - Violations of the Consumer Protection Procedures Act Based on the District of Columbia Cruelty to Animals Statute**

123.    Plaintiff hereby incorporates by reference all the preceding paragraphs as if fully set forth herein.

124.    Plaintiff brings Claim Three in its individual and representative capacity against all Defendants, on Plaintiff's own behalf and on behalf of affected consumers and the general public, pursuant to the CPPA. D.C. CODE ANN. § 28-3905(k)(1).

125.    By publishing, distributing through the mail service, marketing, and selling the Publications and the Videos to District of Columbia residents, Defendants "promote" exhibitions between two or more animals of fighting, baiting or causing injury to each other, in violation of the D.C. Cruelty to Animals Statute, D.C. CODE ANN. § 22-1015(a)(1).

126.    By engaging in trade practices that violate the D.C. Cruelty to Animals Statute, Defendants are therefore also violating the CPPA, D.C. CODE ANN. §§ 28-3904, 28-3905(k)(1).

127.    Additionally, and in the alternative, Defendants Amazon and Magazine Express, by distributing through the mail service, marketing, and selling the Publications and the Videos, are aiding and abetting Defendants Dowd Publishers, Marburger Publishing, John Doe d/b/a UPBA, and John Doe d/b/a Street Heat in "promot[ing]" exhibitions between two or more animals of fighting, baiting or causing injury to each other, in violation of D.C. CODE ANN. §§ 22-1015(a)(1), (a)(5).  By engaging in trade practices that violate the D.C. Cruelty to Animals Statute, Defendants Amazon and Magazine Express are therefore also violating the CPPA, D.C. CODE ANN. §§ 28-3904(x), 28-3905(k)(1).

128.    These unlawful trade practices have caused and will continue to cause Plaintiff injuries as described in paragraphs 23-112.

**COUNT IV – Violations of the Consumer Protection Procedures Act Based on Material Misrepresentations**

129.    Plaintiff hereby incorporates by reference all the preceding paragraphs as if fully set forth herein.

130.    Plaintiff brings Claim Four in its individual and representative capacity against Defendant Amazon, on Plaintiff's own behalf and on behalf of affected consumers and the general public, pursuant to the CPPA. D.C. CODE ANN. § 28-3905(k)(1).

131.    By its marketing and sale of the Publications and the Videos, and by representing that the Publications and the Videos have an approval, certification, or characteristics that they do not have, namely, that the content of the Publications and the Videos and their sale is legal, thereby misrepresenting as to a material fact which has a tendency to mislead, Defendant Amazon is violating the Consumer Protection Procedures Act, D.C. CODE ANN. §§ 28-3904(a), 28-3904(e), 28-3905(k)(1).

132.    This unlawful trade practice has caused and will continue to cause Plaintiff injuries as described in paragraphs 23-112.

**COUNT V – Violations of the Consumer Protection Procedures Act Based on Failure to State a Material Fact**

133.    Plaintiff hereby incorporates by reference all the preceding paragraphs as if fully set forth herein.

134.    Plaintiff brings Claim Five in its individual and representative capacity against Defendant Amazon, on Plaintiff's own behalf and on behalf of affected consumers and the general public, pursuant to the CPPA. D.C. CODE ANN. § 28-3905(k)(1).

349169 v 1

135.    By its ongoing advertising and sale of the Publications and the Videos, and by failing to state a material fact where such failure tends to mislead, namely, failing to state that the content of the Publications and the Videos and their sale is illegal, Defendant Amazon is violating the Consumer Protection Procedures Act, D.C. CODE ANN. §§ 28-3904(f), 28-3905(k)(1).

136.    This unlawful trade practice has caused and will continue to cause Plaintiff injuries as described in paragraphs 23-112.

## COUNT VI – Violations of the Consumer Protection Procedures Act Based on the District of Columbia Conspiracy Law

137.    Plaintiff hereby incorporates by reference all the preceding paragraphs as if fully set forth herein.

138.    Plaintiff brings Claim Six in its individual and representative capacity against Defendants Amazon, Marburger Publishing, Dowd Publishers, Magazine Express, and John Does III-XX ("Magazine Defendants"), on Plaintiff's own behalf and on behalf of affected consumers and the general public, pursuant to the CPPA. D.C. CODE ANN. § 28-3905(k)(1).

139.    By entering into one or more Agreements, as described in paragraphs 68-97, to publish, distribute through the mail service, market, and sell each of the Publications, the Magazine Defendants conspired to commit a criminal offense under District of Columbia law, namely, "promot[ing]" exhibitions between two or more animals of fighting, baiting or causing injury to each other, in violation of the District of Columbia conspiracy law, D.C. CODE ANN. § 22-1805a(a).

140.    By engaging in trade practices that violate the District of Columbia conspiracy law, D.C. CODE ANN. § 22-1805a(a), Defendants are therefore also violating the CPPA, D.C. CODE ANN. §§ 28-3904, 28-3905(k)(1).

141.    These unlawful trade practices have caused and will continue to cause Plaintiff injuries as described in paragraphs 23-112.

### COUNT VII — Violations of the Consumer Protection Procedures Act Based on Federal Conspiracy Law

142.    Plaintiff hereby incorporates by reference all the preceding paragraphs as if fully set forth herein.

143.    Plaintiff brings Claim Seven in its individual and representative capacity against the Magazine Defendants, on Plaintiff's own behalf and on behalf of affected consumers and the general public, pursuant to the CPPA. D.C. CODE ANN. § 28-3905(k)(1).

144.    By entering into one or more Agreements, as described in paragraphs 68-97, to publish, distribute through the mail service, market, and sell each of the Publications, the Magazine Defendants conspired to commit an offense against the United States, namely, knowingly using the mail service of the U.S. Postal Service for the purpose of promoting or in any other manner furthering unlawful animal fighting ventures, in violation of 18 U.S.C. § 371.

145.    By engaging in trade practices that violate the federal conspiracy law, 18 U.S.C. § 371, Defendants are therefore also violating the CPPA, D.C. CODE ANN. §§ 28-3904(x), 28-3905(k)(1).

146.    These unlawful trade practices have caused and will continue to cause Plaintiff injuries as described in paragraphs 23-112.

### RELIEF REQUESTED

WHEREFORE, Plaintiff, individually and in its representative capacity, requests judgment and the following relief:

349169 v 1

A.    Declaratory judgment that Defendants' ongoing distribution through the mail service, marketing, and sale of the Videos and each of the Publications; the aiding and abetting of same; and Agreements to do the same; violate the federal Animal Welfare Act, 7 U.S.C. § 2156; the federal Depictions of Animal Cruelty Statute, 18 U.S.C. § 48; the D.C. Cruelty to Animals Statute, D.C. CODE ANN. §§ 22-1015(a)(1), (a)(5); the federal conspiracy statute, 18 U.S.C. § 371; the D.C. conspiracy law, D.C. CODE ANN. § 22-1805a(a); and the D.C. Consumer Protection Procedures Act, D.C. CODE ANN. §§ 28-3904(a), (f), (x); 28-3905(k)(1);

B.    All appropriate injunctive relief, including an Order that Defendants permanently cease and desist from unlawful trade practices in violation of D.C. CODE ANN. § 28-3905(k)(1)(D), namely, possessing, distributing by mail, marketing, and/or selling the Videos and the Publications that promote and further the illegal criminal enterprises of dog fighting and cockfighting;

C.    Treble damages, or $1,500 for every violation, whichever is greater, payable to Plaintiff on behalf of its members and consumers in the District, *id.* § 28-3905(k)(1)(A);

D.    Additional relief as may be necessary to restore to the consumer the money or property which was acquired by means of the unlawful trade practice, *id.* § 28-3905(k)(1)(E);

E.    Reasonable attorney's fees and costs, *id.* § 28-3905(k)(1)(B), (F); and

F.    Such other and further relief as the Court deems proper, *id.* § 28-3905(k)(1)(F).

349169 v 1

Respectfully submitted,



_____

Ethan Carson Eddy (D.C. Bar No. 496406)

_____

Jonathan R. Lovvorn (D.C. Bar No. 461163)
THE HUMANE SOCIETY OF THE UNITED STATES
2100 L Street, N.W.
Washington, D.C. 20037
eeddy@hsus.org; jlovvorn@hsus.org
Telephone: (202) 676-2329
Facsimile: (202) 778-6132

*Counsel for Plaintiff The Humane Society of
the United States*

OF COUNSEL
Stuart Philip Ross (D.C. Bar No. 031658)
Alexei M. Silverman (D.C. Bar No. 461286)
ROSS, DIXON & BELL, LLP
2001 K Street, N.W.
Washington, D.C. 20006-1040
Telephone: (202) 662-2000
Facsimile: (202) 662-2190

*Of Counsel for Plaintiff*

40

## JURY DEMAND

Plaintiff hereby demands a trial by jury of this matter.

_____

Ethan Carson Eddy
Jonathan R. Lovvorn
Counsel for Plaintiff

February 8, 2007

349169 v 1

IN THE SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
Civil Division

```
--------------------------------------------------x
                                                  )
THE HUMANE SOCIETY OF                             )
THE UNITED STATES,                                )
2100 L Street, N.W.                               )
Washington, D.C. 20037          .                 )
                                                  )
               Plaintiff,                         )    2007 CA 000925 B
                                                  )
        v.                                        )    Next Event: Initial Scheduling Conference
                                                  )    May 11, 2007 at 9:15 a.m.
AMAZON.COM, INC., ET AL.,                          )
1200 12ᵗʰ Avenue South                            )    Judge: Hon. Mary A. Terrell
Suite 1200                                        )
Seattle, WA 98144                                 )
                                                  )
               Defendants.                        )
                                                  )
--------------------------------------------------x
```

## CONSENT MOTION TO EXTEND TIME TO ANSWER OR RESPOND
## AND POINTS AND AUTHORITIES IN SUPPORT

Defendant Amazon.com, Inc. ("Amazon"), with the consent of plaintiff The Humane

Society of the United States ("HSUS"), moves this Court for an order extending the time by

which Amazon must answer or otherwise respond to the Complaint in the above-captioned

action for thirty (30) days in addition to the time prescribed by the D.C. Superior Court Rules of

Civil Procedure to and including April 19, 2007.

Amazon further moves, at the request of plaintiff HSUS, for an order extending the time

by which HSUS must file and serve its opposition, in the event Amazon moves to dismiss the

Complaint, for thirty (30) days in addition to the time prescribed the Rules to and including June

4, 2007.

1

Finally, Amazon, with the consent of HSUS, moves for an order extending the time by which Amazon must file and serve its reply, in the event Amazon moves to dismiss, to and including June 29, 2007.

HSUS and Amazon hereby agree that Amazon was served with the Summons and Complaint by certified mail on February 28, 2007, received on March 5, 2007.

Pursuant to D.C. R. Civ. P. 12-I(a), counsel for Amazon certifies that she has conferred with counsel for HSUS and has obtained HSUS's consent to the filing of the instant motion.

WHEREFORE, Amazon respectfully requests the entry of an order extending the time by which Amazon must answer or otherwise respond to the Complaint and the time by which the parties must file any oppositions and reply motions thereto.

Dated:   March 7, 2007

Respectfully submitted,

DAVIS WRIGHT TREMAINE LLP

Laura R. Handman (D.C. Bar No. 444386)
laurahandman@dwt.com
Constance M. Pendleton (D.C. Bar No. 456919)
conniependleton@dwt.com
1500 K Street, N.W., Suite 450
Washington, D.C. 20005-1272
(202) 508-6600
(202) 508-6699 (fax)

Attorneys for Defendant Amazon.com, Inc.

## CERTIFICATE OF SERVICE

I hereby certify that on this 7th day of March 2007, I directed that true and correct copies

of the foregoing Consent Motion to Extend Time to Answer or Respond and Points and

Authorities in Support and Proposed Order be served electronically and by first class-mail,

postage pre-paid, upon the following:

Ethan Carson Eddy
Jonathan R. Lovvorn
The Humane Society of the United States
2100 L Street, N.W.
Washington, D.C. 20037

*Counsel for Plaintiff The Humane Society of
the United States*

Stuart Philip Ross
Alexei M. Silverman
Ross, Dixon & Bell, LLP
2001 K Street, N.W.
Washington, D.C. 20006-1040

*Of Counsel for Plaintiff The Humane Society of
the United States*

Magazine Express, Inc.
5724 Highway 280 East
Birmingham, AL 35242

Marburger Publishing Co., Inc.
d/b/a The Gamecock
210 Highway 45 North
Hartford, AR 72938

Dowd Publishers d/b/a
The Feathered Warrior
1812 Hwy 7-71 East
DeQueen, AR 71832

John Doe d/b/a Underground Pitbull
Breeders Association

3

John Doe d/b/a StreetheatDVD.com

Constance M. Pendleton

IN THE SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
Civil Division

```
-------------------------------------------------------x
                                                       )
THE HUMANE SOCIETY OF                                  )
THE UNITED STATES,                                     )
2100 L Street, N.W.                                    )
Washington, D.C. 20037                                 )
                                                       )
                    Plaintiff,                         )        2007 CA 000925 B
                                                       )
        v.                                             )        Next Event: Initial Scheduling Conference
                                                       )        May 11, 2007 at 9:15 a.m.
AMAZON.COM, INC., ET AL.,                               )
1200 12th Avenue South                                 )        Judge:  Hon. Mary A. Terrell
Suite 1200                                             )
Seattle, WA 98144                                      )
                                                       )
                    Defendants.                        )
                                                       )
-------------------------------------------------------x
```

### [PROPOSED] ORDER

Upon consideration of the Consent Motion to Extend Time to Answer or Respond to the Complaint in the above-captioned action, and Points and Authorities in Support, it is hereby

ORDERED that the Consent Motion is hereby GRANTED; it is

FURTHER ORDERED that defendant Amazon.com, Inc. ("Amazon") shall answer or otherwise respond to the Complaint on or before April 19, 2007; it is

FURTHER ORDERED that, in the event Amazon moves to dismiss the Complaint, plaintiff The Humane Society of the United States ("HSUS") shall file and serve any opposition thereto on or before June 4, 2007; it is

FURTHER ORDERED that defendant Amazon shall file and serve any reply thereto on or before June 29, 2007.

**SO ORDERED.**

Dated this ___ day of _____, 2007

_____

Hon. Mary A. Terrell
District of Columbia Superior Court Judge

Copies to:

Laura R. Handman
Constance M. Pendleton
Davis Wright Tremaine LLP
1500 K Street, N.W.
Suite 450
Washington, D.C. 20005

*Counsel for Defendant Amazon.com*

Magazine Express, Inc.
5724 Highway 280 East
Birmingham, AL 35242

Marburger Publishing Co., Inc.
d/b/a The Gamecock
210 Highway 45 North
Hartford, AR 72938

Dowd Publishers d/b/a
The Feathered Warrior
1812 Hwy 7-71 East
DeQueen, AR 71832

John Doe d/b/a Underground Pitbull
Breeders Association

John Doe d/b/a StreetheatDVD.com

*Defendants*

Ethan Carson Eddy
Jonathan R. Lovvorn
The Humane Society of the United States
2100 L Street, N.W.
Washington, D.C. 20037

*Counsel for Plaintiff The Humane Society of
the United States*

Stuart Philip Ross
Alexei M. Silverman
Ross, Dixon & Bell, LLP
2001 K Street, N.W.
Washington, D.C. 20006-1040

*Of Counsel for Plaintiff The Humane Society of
the United States*

IN THE SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
Civil Division

| | | |
|---|---|---|
| **THE HUMANE SOCIETY OF** | ) | |
| **THE UNITED STATES,** | ) | |
| | ) | 2007 CA 000925 B |
| Plaintiff, | ) | |
| | ) | Next Event: Initial Scheduling Conference: |
| v. | ) | May 11, 2007 at 9:15 a.m. |
| | ) | |
| **AMAZON.COM, INC., et al.,** | ) | Judge: Hon. Mary A. Terrell |
| | ) | |
| Defendants. | ) | |
| | ) | |

## NOTICE OF REMOVAL OF ACTION
## TO FEDERAL COURT

PLEASE TAKE NOTICE that pursuant to 28 U.S.C. §§ 1441 and 1446, a Notice of

Removal of Action and a Notice to Opposing Counsel of Removal of Action to Federal Court are

being filed this day with the Clerk of the United States District Court for the District of

Columbia. Copies of said notices are attached hereto. *See* Attachments 1 and 2 respectively.

Dated this 30th day of March, 2007.

Respectfully submitted,

| | |
|---|---|
| /s/ Donna M. Crowe | /s/ Laura R. Handman |
| Donna M. Crowe, Esq. (D.C. Bar No. 481946) | Laura R. Handman, Esq.(D.C. Bar No. 444386) |
| dcrowe@bradleyarant.com | laurahandman@dwt.com |
| BRADLEY ARANT ROSE & WHITE, LLP | Constance M. Pendleton, Esq. (D.C. Bar No. 456919) |
| 1133 Connecticut Avenue, N.W. | DAVIS WRIGHT TREMAINE LLP |
| 12th Floor | conniependleton@dwt.com |
| Washington, D.C. 20036 | 1500 K Street, N.W., Suite 450 |
| (202) 719-8212 | Washington, D.C. 20005-1272 |
| (202)-719-8312 fax | (202) 508-6600 |
| | (202) 508-6699 (fax) |
| | |
| | Attorneys for Defendant Amazon.com, Inc. |

1

Of Counsel:

Michael Denniston, Esq.
mdenniston@bradleyarant.com
BRADLEY ARANT ROSE & WHITE, LLP
1819 Fifth Avenue North
Birmingham, AL 35203
(205) 521-8244
(205) 488-6244 fax

Attorneys for Defendant Magazine Express
Inc.

_/s/ Verna Dowd_____
Verna Dowd
DOWD PUBLISHERS d/b/a THE
FEATHERED WARRIOR
1812 Hwy 70-71 East
DeQueen, AR 71832
(870) 642-2293

_/s/ Ali A. Beydoun_____
Ali A. Beydoun, Esq. (D.C. Bar No. 475413)
aab@carrmaloney.com
CARR MALONEY P.C.
1615 L Street, N.W.
Washington, D.C. 20036
(202) 310-5524
(202) 310-5555 fax

Of Counsel:

Barry Fisher, Esq.
Bfisher557@aol.com
FLEISHMAN & FISHER
1875 Century Park East
Suite 2130
Los Angeles, CA 90067
(310) 557-1077
(310) 577-0770 fax

Attorneys for Marburger Publishing Co., Inc.
d/b/a The Gamecock

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 30th day of March, 2007, a copy of the foregoing

Notice of Removal of Action to Federal Court was served electronically and via first class mail,

postage prepaid, on:

> Ethan Carson Eddy, Esq.
> Jonathan R. Lovvorn, Esq.
> The Humane Society of the United States
> 2100 L Street, N.W.
> Washington, D.C. 20037
>
> *Counsel for Plaintiff The Humane Society of*
> *the United States*
>
> Stuart Philip Ross, Esq.
> Alexei M. Silverman, Esq.
> Ross, Dixon & Bell, LLP
> 2001 K Street, N.W.
> Washington, D.C. 20006-1040
>
> *Of Counsel for Plaintiff The Humane Society of*
> *the United States*
>
> Donna M. Crowe, Esq.
> Bradley Arant Rose & White, LLP
> 1133 Connecticut Avenue, N.W.
> 12th Floor
> Washington, D.C. 20036
>
> *Counsel for Defendant Magazine Express Inc.*
>
> Michael Denniston, Esq.
> Bradley Arant Rose & White, LLP
> 1819 Fifth Avenue North
> Birmingham, AL 35203
>
> *Of Counsel for Defendant Magazine Express Inc.*
>
> Dowd Publishers d/b/a The Feathered Warrior
> 1812 Highway 70-71 East
> DeQueen, AR 71832

Ali A. Beydoun, Esq.
Carr Maloney P.C.
1615 L Street, N.W.
Washington, D.C. 20036

*Counsel for Marburger Publishing Co., Inc. d/b/a The Gamecock*

Barry Fisher, Esq.
Fleishman & Fischer
1875 Century Park East
Suite 2130
Los Angeles, CA 90067

*Of Counsel for Marburger Publishing Co., Inc. d/b/a The Gamecock*

John Doe d/b/a Underground Pitbull Breeders Association

John Doe d/b/a StreetheatDVD.com

                                        /s/ Constance M. Pendleton
                                        Constance M. Pendleton

IN THE SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
Civil Division

| | | |
|---|---|---|
| **THE HUMANE SOCIETY OF THE UNITED STATES,** | ) ) ) | |
| | ) | 2007 CA 000925 B |
| Plaintiff, | ) ) | |
| | ) | Next Event:  Initial Scheduling Conference: |
| v. | ) | May 11, 2007 at 9:15 a.m. |
| | ) | |
| **AMAZON.COM, INC., et al.,** | ) | Judge:  Hon. Mary A. Terrell |
| | ) | |
| Defendants. | ) ) | |

## NOTICE TO OPPOSING COUNSEL OF REMOVAL
## OF ACTION TO FEDERAL COURT

**TO:**   Ethan Carson Eddy
Jonathan R. Lovvorn
The Humane Society of the United States
2100 L Street, N.W.
Washington, D.C. 20037

Stuart Philip Ross
Alexei M. Silverman
Ross, Dixon & Bell, LLP
2001 K Street, N.W.
Washington, D.C. 20006-1040

PLEASE TAKE NOTICE that Amazon.com, Inc. ("Amazon"), defendant in the above-captioned matter, has on this 30th day of March, 2007 filed, in the United States District Court for the District of Columbia, its Notice of Removal of the above-styled action from the Superior Court of the District of Columbia (a copy of said Notice is attached hereto) to the United States District Court for the District of Columbia, together with copies of all process, pleadings and orders filed by the plaintiff The Humane Society of the United States ("HSUS") in the Superior Court of the District of Columbia, as required by 28 U.S.C. § 1446.

You are also advised that Amazon, upon filing said Notice, filed a Notice of Removal with the Clerk, Civil Division, Superior Court of the District of Columbia, and attached thereto

copies of the following: (1) Notice of Removal, and (2) this Notice to Opposing Counsel of filing a Notice of Removal.

Such action has effected the removal of this action to the United States District Court for the District of Columbia, in accordance with the provision of 28 U.S.C. §§ 1441 and 1446 and no further proceedings may be had in this action in the Superior Court of the District of Columbia.

Dated this 30th day of March, 2007.

Respectfully submitted,

| | |
|---|---|
| /s/ Donna M. Crowe<br>Donna M. Crowe, Esq. (D.C. Bar No. 481946)<br>dcrowe@bradleyarant.com<br>**BRADLEY ARANT ROSE & WHITE, LLP**<br>1133 Connecticut Avenue, N.W.<br>12th Floor<br>Washington, D.C. 20036<br>(202) 719-8212<br>(202)-719-8312 fax<br><br>Of Counsel:<br><br>Michael Denniston, Esq.<br>mdenniston@bradleyarant.com<br>**BRADLEY ARANT ROSE & WHITE, LLP**<br>1819 Fifth Avenue North<br>Birmingham, AL 35203<br>(205) 521-8244<br>(205) 488-6244 fax<br><br>Attorneys for Defendant Magazine Express Inc. | /s/ Laura R. Handman<br>Laura R. Handman, Esq. (D.C. Bar No. 444386)<br>laurahandman@dwt.com<br>Constance M. Pendleton, Esq. (D.C. Bar No. 456919)<br>**DAVIS WRIGHT TREMAINE LLP**<br>conniependleton@dwt.com<br>1500 K Street, N.W., Suite 450<br>Washington, D.C. 20005-1272<br>(202) 508-6600<br>(202) 508-6699 (fax)<br><br>Attorneys for Defendant Amazon.com, Inc. |
| /s/ Verna Dowd<br>Verna Dowd<br>DOWD PUBLISHERS d/b/a THE<br>FEATHERED WARRIOR<br>1812 Hwy 70-71 East<br>DeQueen, AR 71832<br>(870) 642-2293 | /s/ Ali A. Beydoun<br>Ali A. Beydoun, Esq. (D.C. Bar No. 475413)<br>aab@carrmaloney.com<br>**CARR MALONEY P.C.**<br>1615 L Street, N.W.<br>Washington, D.C. 20036<br>(202) 310-5524 |

(202) 310-5555 fax

Of Counsel:

Barry Fisher, Esq.
Bfisher557@aol.com
FLEISHMAN & FISHER
1875 Century Park East
Suite 2130
Los Angeles, CA 90067
(310) 557-1077
(310) 577-0770 fax

Attorneys for Marburger Publishing Co., Inc.
d/b/a The Gamecock

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 30th day of March, 2007, a copy of the foregoing

Notice to Opposing Counsel of Removal of Action to Federal Court was served electronically

and via first class mail, postage prepaid, on:

Ethan Carson Eddy, Esq.
Jonathan R. Lovvorn, Esq.
The Humane Society of the United States
2100 L Street, N.W.
Washington, D.C. 20037

*Counsel for Plaintiff The Humane Society of
the United States*

Stuart Philip Ross, Esq.
Alexei M. Silverman, Esq.
Ross, Dixon & Bell, LLP
2001 K Street, N.W.
Washington, D.C. 20006-1040

*Of Counsel for Plaintiff The Humane Society of
the United States*

Donna M. Crowe, Esq.
Bradley Arant Rose & White, LLP
1133 Connecticut Avenue, N.W.
12th Floor
Washington, D.C. 20036

*Counsel for Defendant Magazine Express Inc.*

Michael Denniston, Esq.
Bradley Arant Rose & White, LLP
1819 Fifth Avenue North
Birmingham, AL 35203

*Of Counsel for Defendant Magazine Express Inc.*

Dowd Publishers d/b/a The Feathered Warrior
1812 Highway 70-71 East
DeQueen, AR 71832

Ali A. Beydoun, Esq.
Carr Maloney P.C.
1615 L Street, N.W.
Washington, D.C. 20036

*Counsel for Marburger Publishing Co., Inc. d/b/a The Gamecock*

Barry Fisher, Esq.
Fleishman & Fischer
1875 Century Park East
Suite 2130
Los Angeles, CA 90067

*Of Counsel for Marburger Publishing Co., Inc. d/b/a The Gamecock*

John Doe d/b/a Underground Pitbull Breeders Association

John Doe d/b/a StreetheatDVD.com

                               /s/ Constance M. Pendleton
                                   Constance M. Pendleton

IN THE SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
Civil Division

THE HUMANE SOCIETY OF                    )
THE UNITED STATES,                       )
                                         )      2007 CA 000925 B
           Plaintiff,                    )
                                         )      Next Event:  Initial Scheduling Conference:
       v.                                )      May 11, 2007 at 9:15 a.m.
                                         )
AMAZON.COM, INC., et al.,                )
                                         )      Judge:  Hon. Mary A. Terrell
           Defendants.                   )
                                         )
_____ )

## NOTICE TO OPPOSING COUNSEL OF REMOVAL
## OF ACTION TO FEDERAL COURT

TO:   Ethan Carson Eddy
      Jonathan R. Lovvorn
      The Humane Society of the United States
      2100 L Street, N.W.
      Washington, D.C. 20037

      Stuart Philip Ross
      Alexei M. Silverman
      Ross, Dixon & Bell, LLP
      2001 K Street, N.W.
      Washington, D.C. 20006-1040

      PLEASE TAKE NOTICE that Amazon.com, Inc. ("Amazon"), defendant in the above-captioned matter, has on this 30th day of March, 2007 filed, in the United States District Court for the District of Columbia, its Notice of Removal of the above-styled action from the Superior Court of the District of Columbia (a copy of said Notice is attached hereto) to the United States District Court for the District of Columbia, together with copies of all process, pleadings and orders filed by the plaintiff The Humane Society of the United States ("HSUS") in the Superior Court of the District of Columbia, as required by 28 U.S.C. § 1446.

      You are also advised that Amazon, upon filing said Notice, filed a Notice of Removal with the Clerk, Civil Division, Superior Court of the District of Columbia, and attached thereto

1

copies of the following:  (1) Notice of Removal, and (2) this Notice to Opposing Counsel of filing a Notice of Removal.

Such action has effected the removal of this action to the United States District Court for the District of Columbia, in accordance with the provision of 28 U.S.C. §§ 1441 and 1446 and no further proceedings may be had in this action in the Superior Court of the District of Columbia.

Dated this 30th day of March, 2007.

Respectfully submitted,

| | |
|---|---|
| _/s/ Donna M. Crowe_<br>Donna M. Crowe, Esq. (D.C. Bar No. 481946)<br>dcrowe@bradleyarant.com<br>**BRADLEY ARANT ROSE & WHITE, LLP**<br>1133 Connecticut Avenue, N.W.<br>12th Floor<br>Washington, D.C. 20036<br>(202) 719-8212<br>(202)-719-8312 fax<br><br>Of Counsel:<br><br>Michael Denniston, Esq.<br>mdenniston@bradleyarant.com<br>**BRADLEY ARANT ROSE & WHITE, LLP**<br>1819 Fifth Avenue North<br>Birmingham, AL 35203<br>(205) 521-8204<br>(205) 488-6244 fax<br><br>Attorneys for Defendant Magazine Express Inc. | _/s/ Laura R. Handman_<br>Laura R. Handman, Esq. (D.C. Bar No. 444386)<br>laurahandman@dwt.com<br>Constance M. Pendleton, Esq. (D.C. Bar No. 456919)<br>**DAVIS WRIGHT TREMAINE LLP**<br>conniependleton@dwt.com<br>1500 K Street, N.W., Suite 450<br>Washington, D.C. 20005-1272<br>(202) 508-6600<br>(202) 508-6699 (fax)<br><br>Attorneys for Defendant Amazon.com, Inc. |
| _/s/ Verna Dowd_<br>Verna Dowd<br>DOWD PUBLISHERS d/b/a THE FEATHERED WARRIOR<br>1812 Hwy 70-71 East<br>DeQueen, AR 71832<br>(870) 642-2293 | _/s/ Ali A. Beydoun_<br>Ali A. Beydoun, Esq. (D.C. Bar No. 475413)<br>aab@carrmaloney.com<br>CARR MALONEY P.C.<br>1615 L Street, N.W.<br>Washington, D.C. 20036<br>(202) 310-5524 |

(202) 310-5555 fax

Of Counsel:

Barry Fisher, Esq.
Bfisher557@aol.com
FLEISHMAN & FISHER
1875 Century Park East
Suite 2130
Los Angeles, CA 90067
(310) 557-1077
(310) 577-0770 fax

Attorneys for Marburger Publishing Co., Inc.
d/b/a The Gamecock

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 30th day of March, 2007, a copy of the foregoing

Notice to Opposing Counsel of Removal of Action to Federal Court was served electronically

and via first class mail, postage prepaid, on:

Ethan Carson Eddy, Esq.
Jonathan R. Lovvorn, Esq.
The Humane Society of the United States
2100 L Street, N.W.
Washington, D.C. 20037

*Counsel for Plaintiff The Humane Society of
the United States*

Stuart Philip Ross, Esq.
Alexei M. Silverman, Esq.
Ross, Dixon & Bell, LLP
2001 K Street, N.W.
Washington, D.C. 20006-1040

*Of Counsel for Plaintiff The Humane Society of
the United States*

Donna M. Crowe, Esq.
Bradley Arant Rose & White, LLP
1133 Connecticut Avenue, N.W.
12th Floor
Washington, D.C. 20036

*Counsel for Defendant Magazine Express Inc.*

Michael Denniston, Esq.
Bradley Arant Rose & White, LLP
1819 Fifth Avenue North
Birmingham, AL 35203

*Of Counsel for Defendant Magazine Express Inc.*

Dowd Publishers d/b/a The Feathered Warrior
1812 Highway 70-71 East
DeQueen, AR 71832

Ali A. Beydoun, Esq.
Carr Maloney P.C.
1615 L Street, N.W.
Washington, D.C. 20036

*Counsel for Marburger Publishing Co., Inc. d/b/a The Gamecock*

Barry Fisher, Esq.
Fleishman & Fischer
1875 Century Park East
Suite 2130
Los Angeles, CA 90067

*Of Counsel for Marburger Publishing Co., Inc. d/b/a The Gamecock*

John Doe d/b/a Underground Pitbull Breeders Association

John Doe d/b/a StreetheatDVD.com

/s/ Constance M. Pendleton
Constance M. Pendleton

## IN THE UNITED STATES DISTRICT COURT FOR THE
## DISTRICT OF COLUMBIA
### Civil Division

| | |
|---|---|
| **THE HUMANE SOCIETY OF** ) | |
| **THE UNITED STATES** ) | |
| 2100 L Street, NW ) | |
| Washington, DC 20037, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No: _____ |
| ) | |
| **AMAZON.COM, INC.** ) | |
| 1200 12th Avenue South ) | |
| Suite 1200 ) | |
| Seattle, WA 98144, ) | |
| ) | |
| **JOHN DOE d/b/a UNDERGROUND** ) | |
| **PITBULL BREEDERS ASSOCIATION,** ) | |
| ) | |
| **JOHN DOE d/b/a** ) | |
| **STREETHEATDVD.COM,** ) | |
| ) | |
| **MARBURGER PUBLISHING CO., INC.** ) | |
| **d/b/a THE GAMECOCK** ) | |
| 210 Highway 45 North ) | |
| Hartford, AR 72938, ) | |
| ) | |
| **DOWD PUBLISHERS d/b/a** ) | |
| **THE FEATHERED WARRIOR** ) | |
| 1812 Hwy 70-71 East ) | |
| DeQueen, AR 71832, ) | |
| ) | |
| **MAGAZINE EXPRESS, INC.** ) | |
| 5724 Highway 280 East ) | |
| Birmingham, AL 35242, ) | |
| ) | |
| **JOHN DOES III-XX,** ) | |
| ) | |
| Defendants. ) | |

## NOTICE OF REMOVAL OF ACTION

TO:    **The United States District Court**
       **for the District of Columbia**

Pursuant to 28 U.S.C. §§ 1441 and 1446, defendant Amazon.com, Inc. ("Amazon"),

through its undersigned counsel, gives notice that it is removing this case to the United States

District Court for the District of Columbia.  In support of its Notice of Removal, Amazon avers

as follows:

**Prior Proceedings**

1.     Plaintiff The Humane Society of the United States ("HSUS") filed a Summons

and Complaint in the Superior Court of the District of Columbia, Civil Division, entitled *The*

*Humane Society of The United States v. Amazon.com, Inc., et al.*, C.A. No. 2007 CA 000925 B,

on February 8, 2007.  HSUS formally served Amazon on February 28, 2007, when the Summons

and Complaint were sent via certified mail to undersigned counsel for Amazon, counsel having

agreed to accept service on behalf of Amazon.  Amazon's undersigned counsel received the

Summons and Complaint on March 5, 2007.  Copies of the Summons and Complaint are

attached hereto as Exhibit A.

2.     On March 7, 2007, Amazon filed in D.C. Superior Court a consent motion

reflecting the agreement between Amazon and HSUS to extend the time by which Amazon must

answer or otherwise respond to the Complaint for thirty (30) days in addition to the time

prescribed by the D.C. Superior Court Rules of Civil Procedure to and including April 19, 2007.

3.     HSUS and Amazon also agreed and moved by consent motion in D.C. Superior

Court to extend the time by which HSUS must file and serve its opposition, in the event Amazon

moves to dismiss the Complaint, for thirty (30) days in addition to the time prescribed by the

D.C. Superior Court Rules of Civil Procedure to and including June 4, 2007.

4.    HSUS and Amazon further agreed and moved by consent motion in D.C. Superior Court to extend the time by which Amazon must file and serve its reply, in the event Amazon moves to dismiss the Complaint, to and including June 29, 2007.  The Consent Motion is attached hereto as Exhibit B.

5.    No further proceedings have taken place in this action.

**Basis for Removal**

6.    HSUS alleges that Amazon violated various federal and District of Columbia statutes by selling subscriptions to magazines relating, allegedly, to cockfighting and DVDs and videos depicting animal fighting.

7.    HSUS's complaint alleges seven counts:  (1) violation of the federal Depiction of Animal Cruelty statute, 18 U.S.C. § 48(a), by "knowingly creat[ing], sell[ing], or possess[ing] a depiction of animal cruelty with the intention of placing that depiction in interstate or foreign commerce for commercial gain" and "therefore also violating the CPPA [D.C. Consumer Protection Procedures Act]," Compl. ¶ 115;[1] (2) violation of the federal Animal Welfare Act, 7 U.S.C. § 2156(c), by "knowingly using the mail service of the U.S. Postal Service for the purpose of promoting or in any other manner furthering unlawful animal fighting ventures, in violation of the AWA" and "therefore also violating the CPPA," Compl. ¶ 120;[2] (3) violations of the District of Columbia Cruelty to Animals Statute and therefore violation of the CPPA, Compl. ¶¶ 125-126; (4) violation of the CPPA based on material misrepresentations, Compl. ¶ 131; (5)

---

[1]    With respect to the first count, HSUS alleges, in the alternative, that Amazon is liable for "aiding and abetting" the defendant publishers of the magazines and producers of the videos "in violation of federal law . . . 18 U.S.C. § 2(a), (b) (2) and that "by engaging in trade practices that violate federal law . . . Amazon . . . [is] therefore also violating the CPPA." Compl. ¶ 116.

[2]    HSUS's second count also alleges "in the alternative" that Amazon is "aiding and abetting" defendant publishers of the magazines and producers of the videos "in violation of federal law . . . 18 U.S.C. § 2(a), (b) (2) and that "by engaging in trade practices that violate federal law . . . Amazon . . . [is] therefore also violating the CPPA."  Compl. ¶ 121.

violation of the CPPA based on failure to state a material fact, Compl. ¶ 135; (6) violation of the CPPA based on District of Columbia conspiracy law, Compl. ¶¶ 139-140; (7) engaging in trade practices in violation of federal conspiracy law, 18 U.S.C. § 371, and "therefore also violati[on of] the CPPA," Compl. ¶¶ 144-145.

8.    This action may be removed to this Court by Amazon pursuant to 28 U.S.C. § 1441. On its face, the Complaint alleges federal law claims under the federal Depiction of Animal Cruelty statute, the federal Animal Welfare Act and federal conspiracy law.  Counts one, two, and seven all arise from the law of the United States and are therefore within the original jurisdiction of the federal courts.  Even if viewed as CPPA claims with federal questions embedded within them, these claims raise substantial, disputed federal issues and give rise to federal question jurisdiction. *See Grable & Sons Metal Prod., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 314 (2005) (holding that federal jurisdiction exists where federal question is embedded in state law claim that "necessarily raises a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities"); *Broder v. Cablevision Systems Corp.*, 418 F.3d 187, 194-96 (2d Cir. 2005) (following *Grable* to exercise federal question jurisdiction in suit alleging state-law deceptive business practices, breach of contract, common law fraud, unjust enrichment claims and seeking declaratory judgment that defendant violated in part federal law; claims raised federal issue whether provider violated federal statute and involved aspects of federal regulatory scheme).  HSUS cannot obtain the declaratory judgment it seeks, stating in part that Amazon violated the federal Animal Welfare Act, the federal Depictions of Animal Cruelty statute and the federal conspiracy statute, without prevailing on the issue of whether Amazon in fact violated federal statutes. *See Broder*, 418 F.3d at 194-95.

9.      Plaintiff's remaining state law claims are also properly removed to this Court, pursuant to § 1441(c), because those claims were joined with the federal claims and arise out of the same facts.

10.     Pursuant to 28 U.S.C. § 1446(a), this action is properly removed to the United States District Court for the District of Columbia, the federal district court for the district and division embracing the place where the District of Columbia Superior Court suit is pending.

11.     This Notice of Removal is being filed within thirty (30) days after February 28, 2007, the first day that any defendant was formally served with the Summons and Complaint Removal is therefore timely pursuant to 28 U.S.C. § 1446(b) and *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344 (1999); *Holmes v. PHI Service Co.*, 437 F. Supp. 2d 110 (D.D.C. 2006).

**All Served Defendants Consent to Removal**

12.     Defendant Magazine Express, by undersigned counsel, consents to the removal of this action to U.S. District Court for the District of Columbia and, without waiving any objections it may have including but not limited to service, personal or subject matter jurisdiction or venue and any other defenses or objections to this action, joins in this notice of removal.

13.     Defendant Dowd Publishers d/b/a The Feathered Warrior consent to the removal of this action to U.S. District Court for the District of Columbia and, without waiving any objections it may have including but not limited to service, personal or subject matter jurisdiction or venue and any other defenses or objections to this action, joins in this notice of removal.

14.     Defendant Marburger Publishing Co., Inc. d/b/a The Gamecock, by undersigned counsel, consents to the removal of this action to U.S. District Court for the District of Columbia and, without waiving any objections it may have including but not limited to service, personal or

subject matter jurisdiction or venue and any other defenses or objections to this action, joins in this notice of removal.

15.    Upon information and belief, none of the John Doe defendants, including John Doe defendants d/b/a Underground Pitbull Breeders Association and John Doe d/b/a/ StreetheatDVD.com, have been served with formal process in the D.C. Superior Court action.  In any event, John Doe defendants are not required to join in the notice of removal.  *Green v. America Online*, 318 F.3d 465, 470 (3d Cir.), *cert. denied*, 540 U.S. 877 (2003).

**Notice**

16.    Amazon will file a Notice of Removal of Action to Federal Court and a copy of this Notice of Removal with the Clerk, Civil Division, Superior Court of the District of Columbia, 500 Indiana Avenue, N.W., Washington, D.C.  20001, pursuant to 28 U.S.C. § 1446(d).  A copy of said notice is attached hereto as Exhibit C.

17.    Amazon will serve written notice to opposing counsel of the filing of this Notice of Removal and copies of this Notice of Removal will be served on opposing counsel pursuant to 28 U.S.C. § 1446(d).  A copy of said notice is attached hereto as Exhibit D.

18.    By this Notice of Removal, Amazon does not waive any objections it may have including but not limited to service, jurisdiction, or venue, and any other defenses or objections to this action.

WHEREFORE, defendant Amazon prays that the above-entitled action now pending in the Superior Court of the District of Columbia, Civil Division, be removed therefrom to this Court.

Dated this 30th day of March, 2007.

Respectfully submitted,

| | |
|---|---|
| *Donna M. Crowe/cmr* (signature)<br><br>Donna M. Crowe, Esq. (D.C. Bar No. 481946)<br>dcrowe@bradleyarant.com<br>BRADLEY ARANT ROSE & WHITE, LLP<br>1133 Connecticut Avenue, N.W.<br>12th Floor<br>Washington, D.C. 20036<br>(202) 719-8212<br>(202)-719-8312 fax<br><br>Of Counsel:<br><br>Michael Denniston, Esq.<br>mdenniston@bradleyarant.com<br>BRADLEY ARANT ROSE & WHITE, LLP<br>1819 Fifth Avenue North<br>Birmingham, AL 35203<br>(205) 521-8244<br>(205) 488-6244 fax<br><br>Attorneys for Defendant Magazine Express Inc. | *Constance M. Pendleton/cmr* (signature)<br><br>Laura R. Handman (D.C. Bar No. 444386)<br>laurahandman@dwt.com<br>Constance M. Pendleton (D.C. Bar No. 456919)<br>DAVIS WRIGHT TREMAINE LLP<br>conniependleton@dwt.com<br>1500 K Street, N.W., Suite 450<br>Washington, D.C. 20005-1272<br>(202) 508-6600<br>(202) 508-6699 (fax)<br><br>Attorneys for Defendant Amazon.com, Inc. |
| *Verna Dowd/cmr* (signature)<br><br>Verna Dowd<br>DOWD PUBLISHERS d/b/a THE FEATHERED WARRIOR<br>1812 Hwy 70-71 East<br>DeQueen, AR 71832<br>(870) 642-2293 | *Ali A. Beydoun/cmr* (signature)<br><br>Ali A. Beydoun, Esq. (D.C. Bar No. 475413)<br>aab@carrmaloney.com<br>CARR MALONEY P.C.<br>1615 L Street, N.W.<br>Washington, D.C. 20036<br>(202) 310-5524<br>(202) 310-5555 fax |

Of Counsel:

Barry Fisher, Esq.
Bfisher557@aol.com
FLEISHMAN & FISHER
1875 Century Park East
Suite 2130
Los Angeles, CA 90067
(310) 557-1077
(310) 577-0770 fax

Attorneys for Marburger Publishing Co., Inc.
d/b/a The Gamecock

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 30th day of March, 2007, a copy of the foregoing

Notice of Removal of Action was served electronically and via first class mail, postage prepaid,

on:

Ethan Carson Eddy, Esq.
Jonathan R. Lovvorn, Esq.
The Humane Society of the United States
2100 L Street, N.W.
Washington, D.C. 20037

*Counsel for Plaintiff The Humane Society of
the United States*

Stuart Philip Ross, Esq.
Alexei M. Silverman, Esq.
Ross, Dixon & Bell, LLP
2001 K Street, N.W.
Washington, D.C. 20006-1040

*Of Counsel for Plaintiff The Humane Society of
the United States*

Donna M. Crowe, Esq.
Bradley Arant Rose & White, LLP
1133 Connecticut Avenue, N.W.
12th Floor
Washington, D.C. 20036

*Counsel for Defendant Magazine Express Inc.*

Michael Denniston, Esq.
Bradley Arant Rose & White, LLP
1819 Fifth Avenue North
Birmingham, AL 35203

*Of Counsel for Defendant Magazine Express Inc.*

Dowd Publishers d/b/a The Feathered Warrior
1812 Highway 70-71 East
DeQueen, AR 71832

Ali A. Beydoun, Esq.
Carr Maloney P.C.
1615 L Street, N.W.
Washington, D.C. 20036

*Counsel for Marburger Publishing Co., Inc. d/b/a The Gamecock*

Barry Fisher, Esq.
Fleishman & Fischer
1875 Century Park East
Suite 2130
Los Angeles, CA 90067

*Of Counsel for Marburger Publishing Co., Inc. d/b/a The Gamecock*

John Doe d/b/a Underground Pitbull Breeders Association

John Doe d/b/a StreetheatDVD.com

Constance M. Pendleton

JS-44
(Rev.1/05 DC)

# CIVIL COVER SHEET

## I (a) PLAINTIFFS

The Humane Society of the United States

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF  11001
(EXCEPT IN U.S. PLAINTIFF CASES)

11001

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
Stuart Philip Ross, Ross, Dixon & Bell LL
2001 K St., NW, Wash, DC 20006
(202) 662-2001

## DEFENDANTS

Amazon.com, Inc.; Marburger Publ. Co., Inc.;
Dowd Publishers; Magazine Express, Inc.

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT
(IN U.S. PLAINTIFF CASES ONLY)

Case: 1:07-cv-00623
Assigned To : Kollar-Kotelly, Colleen
Assign. Date : 3/30/2007
Description: HUMANE SOCIETY V. AMAZON

## II. BASIS OF JURISDICTION
(PLACE AN X IN ONE BOX ONLY)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in item III)

## III CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) FOR DIVERSITY CASES ONLY!

|  | PTF | DFT |  | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A-N, that best represents your cause of action and one in a corresponding Nature of Suit)

**☐ A. Antitrust**

- ☐ 410 Antitrust

**☐ B. Personal Injury/Malpractice**

- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury
- ☐ 362 Medical Malpractice
- ☐ 365 Product Liability
- ☐ 368 Asbestos Product Liability

**☐ C. Administrative Agency Review**

- ☐ 151 Medicare Act

**Social Security:**
- ☐ 861 HIA ((1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g)
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g)

**Other Statutes**
- ☐ 891 Agricultural Acts
- ☐ 892 Economic Stabilization Act
- ☐ 893 Environmental Matters
- ☐ 894 Energy Allocation Act
- ☐ 890 Other Statutory Actions (If Administrative Agency is Involved)

**☐ D. Temporary Restraining Order/Preliminary Injunction**

Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

**☒ E. General Civil (Other) OR ☐ F. Pro Se General Civil**

**Real Property**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent, Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**Personal Property**
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**Bankruptcy**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**Prisoner Petitions**
- ☐ 535 Death Penalty
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition

**Property Rights**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 840 Trademark

**Federal Tax Suits**
- ☐ 870 Taxes (US plaintiff or defendant
- ☐ 871 IRS-Third Party 26 USC 7609

**Forfeiture/Penalty**
- ☐ 610 Agriculture
- ☐ 620 Other Food &Drug
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 630 Liquor Laws
- ☐ 640 RR & Truck
- ☐ 650 Airline Regs
- ☐ 660 Occupational Safety/Health
- ☐ 690 Other

**Other Statutes**
- ☐ 400 State Reapportionment
- ☐ 430 Banks & Banking
- ☐ 450 Commerce/ICC Rates/etc.
- ☐ 460 Deportation

- ☐ 470 Racketeer Influenced & Corrupt Organizations
- ☐ 480 Consumer Credit
- ☐ 490 Cable/Satellite TV
- ☐ 810 Selective Service
- ☐ 850 Securities/Commodities/ Exchange
- ☐ 875 Customer Challenge 12 USC 3410
- ☐ 900 Appeal of fee determination under equal access to Justice
- ☐ 950 Constitutionality of State Statutes
- ☒ 890 Other Statutory Actions (if not administrative agency review or Privacy Act

| □ G. *Habeas Corpus/ 2255* | □ H. *Employment Discrimination* | □ I. *FOIA/PRIVACY ACT* | □ J. *Student Loan* |
|---|---|---|---|
| □ 530 Habeas Corpus-General<br>□ 510 Motion/Vacate Sentence | □ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)<br><br>*(If pro se, select this deck)* | □ 895 Freedom of Information Act<br>□ 890 Other Statutory Actions (if Privacy Act)<br><br>*(If pro se, select this deck)* | □ 152 Recovery of Defaulted Student Loans (excluding veterans) |

| □ K. *Labor/ERISA (non-employment)* | □ L. *Other Civil Rights (non-employment)* | □ M. *Contract* | □ N. *Three-Judge Court* |
|---|---|---|---|
| □ 710 Fair Labor Standards Act<br>□ 720 Labor/Mgmt. Relations<br>□ 730 Labor/Mgmt. Reporting & Disclosure Act<br>□ 740 Labor Railway Act<br>□ 790 Other Labor Litigation<br>□ 791 Empl. Ret. Inc. Security Act | □ 441 Voting (if not Voting Rights Act)<br>□ 443 Housing/Accommodations<br>□ 444 Welfare<br>□ 440 Other Civil Rights<br>□ 445 American w/Disabilities-Employment<br>□ 446 Americans w/Disabilities-Other | □ 110 Insurance<br>□ 120 Marine<br>□ 130 Miller Act<br>□ 140 Negotiable Instrument<br>□ 150 Recovery of Overpayment & Enforcement of Judgment<br>□ 153 Recovery of Overpayment of Veteran's Benefits<br>□ 160 Stockholder's Suits<br>□ 190 Other Contracts<br>□ 195 Contract Product Liability<br>□ 196 Franchise | □ 441 Civil Rights-Voting (if Voting Rights Act) |

**V. ORIGIN**

□ 1 Original Proceeding   ☒ 2 Removed from State Court   □ 3 Remanded from Appellate Court   □ 4 Reinstated or Reopened   □ 5 Transferred from another district (specify)   □ Multi district Litigation   □ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)
Plaintiff's complaint alleges violations of the Animal Welfare Act, 7 USC Sec. 2156(c), the federal Depiction of Animal Cruelty Statute, 18 USC Sec. 48(a), and violations of federal conspiracy law.

**VII. REQUESTED IN COMPLAINT**   CHECK IF THIS IS A CLASS   □ ACTION UNDER F.R.C.P. 23   **DEMAND $** Not specified   Check YES only if demanded in complaint **JURY DEMAND:** ☒ YES   □ NO

**VIII. RELATED CASE(S)**   (See instruction)   □ YES   ☒ NO   If yes, please complete related case form.

...EY OF RECORD   *Constance Wendall*

...IONS FOR COMPLETING CIVIL COVER SHEET JS-44
Authority for Civil Cover Sheet    JTC

...ined herein neither replaces nor supplements the filings and service of pleadings or other papers as required by ...ved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of ...uently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips ... Roman Numerals on the Cover Sheet.

...LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of ...ident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

...S: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section

...F SUIT: The assignment of a judge to your case will depend on the category you select that best represents the ...mplaint. You may select only one category. You must also select one corresponding nature of suit found under

...Statute under which you are filing and write a brief statement of the primary cause.

...ated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's

...nation, you should ensure the accuracy of the information provided prior to signing the form.

Court Name: District of Columbia
Division: 1
Receipt Number: 4616083341
Cashier ID: dcallis
Transaction Date: 04/03/2007
Payer Name: DAVIS WRIGHT TREMAINE LLP
---------------------------------
CIVIL FILING FEE
For: DAVIS WRIGHT TREMAINE LLP
  Amount:      $350.00
---------------------------------
CHECK
  Check/Money Order Num: 3967
  Amt Tendered: $350.00
---------------------------------
Total Due:    $350.00
Total Tendered: $350.00
Change Amt:    $0.00

07-0623

Only when the bank clears the
check, money order, or verifies
credit of funds, is the fee or debt
officially paid or discharged. A
$45 fee will be charged for a
returned check.