UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| THE HUMANE SOCIETY OF THE UNITED STATES | : : : | |
| Plaintiff | : : | |
| vs. | : : | Civil No. 07-0623 (CKK) |
| AMAZON.COM., INC., *ET AL.*, | : : : : | |
| Defendants | : : | |

**MOTION BY SPECIALLY APPEARING DEFENDANT MARBURGER PUBLISHING CO., INC., FOR LEAVE UNDER FEDERAL RULE OF CIVIL PROCEDURE 30(a)(2)(C) TO CONDUCT DEPOSITION OF EILEEN WISOR ON ISSUES RELATED TO MARBURGER'S INTENDED MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION**

Defendant Marburger Publishing Co., Inc. (Marburger), specially appearing by counsel, and without waiving personal jurisdiction, hereby respectfully requests that the Court grant it leave, in accordance with Federal Rule of Civil Procedure 30(a)(2)(C), to conduct a deposition in advance of the time specified under Rule 26(d) for discovery and conducting of depositions. Specifically, Defendant Marburger requests that this Court grant Defendant Marburger leave to conduct the deposition of Eileen Wisor a/k/a Eileen Escudero Wisor, Eileen M. Wisor, Eileen Escudero, and/or Eileen Marie Wisor (Ms. Wisor).

Marburger intends to move, *inter alia*, for an order dismissing the action as to it pursuant to Fed. R. Civ. P. 12(b)(2) on the ground that there is a lack of jurisdiction over the person, and the deposition is proposed to be taken pursuant to that ground.

Plaintiff's counsel has stated that Ms. Wisor is a member of the Plaintiff Humane Society of the United States (HSUS), and for purposes of the requested deposition is represented by Plaintiff's counsel.

This action is based on Marburger's publication of a "monthly catalog-type publication" called *The Gamecock*. (Complaint ¶ 50.) Upon information and belief, Ms. Wisor, a District of Columbia resident and member of the Plaintiff Humane Society of the United States, is *the only known District of Columbia subscriber* to Defendant Marburger's publication. Ms. Wisor is the only person who can provide relevant information regarding topics including, but not limited to, Ms. Wisor's knowledge of Defendant Marburger's publication, the circumstances of her subscription to the publication, and how she received the publication. The relevancy of Ms. Wisor's testimony for the rule 12(b)(2) motion is clear.

Under Federal Rule of Civil Procedure 30(a)(2)(C), Defendant Marburger must obtain leave of court if, without the stipulation of parties, a party seeks to take a deposition before the time specified in Federal Rules of Civil Procedure 26(d) and 26(f). Fed. R. Civ. P. 30(a)(2)(C). As of the writing of this Motion, this Court has not set any dates for its Rule 26 conference or for the scheduling of a discovery timetable.

On April 11, 2007, Defendant Marburger requested that Plaintiff HSUS stipulate to the taking of this deposition, but on April 13, 2007 Plaintiff HSUS declined Defendant Marburger's request. Therefore, under Federal Rule of Civil Procedure 30(a)(2)(C), Defendant Marburger is requesting that this Court grant leave in order to take Ms. Wisor's deposition.

Under Federal Rule of Civil Procedure 30(a)(2)(C), when leave of court to take a deposition is requested, the court must generally grant permission to the extent that the deposition would be consistent with the principles stated in Rule 26(b)(2). Rule 26(b)(2) gives courts the power to limit discovery on a finding that (1) the discovery is unreasonably cumulative or duplicative or can be obtained from some other source that is more convenient, less burdensome, or less expensive; (2) the party seeking discovery has had ample opportunity already to obtain the information sought; or (3) the burden or expense of taking the discovery outweighs the likely benefit.

Plaintiff's Complaint asserts that Defendant Marburger is a proper defendant in this matter and that this Court has personal jurisdiction over it because Defendant Marburger allegedly transacts business in the District of Columbia. *See* Plaintiff's Complaint at ¶¶ 2, 8. Defendant Marburger, which is a corporation organized under the laws of Arkansas, with its principal place of business in Arkansas, denies this allegation and intends to challenge this Court's personal jurisdiction over it. In order to prepare its responsive pleading to properly challenge Plaintiff HSUS' claims that this Court has personal jurisdiction over Defendant Marburger, it is necessary to take the deposition of Ms. Wisor as quickly as possible. *See, e.g., Edmond v. United States Postal Service General Counsel,* 949 F.2d 415, 425 (D.C. Cir.1991)("As a general matter, discovery under the Federal Rules of Civil Procedure should be freely permitted, and this is no less true when discovery is directed to personal jurisdiction."). Currently, this Court has set Defendant Marburger's deadline for a responsive pleading as May 4, 2007.

Defendant Marburger's request for leave complies with the principles stated in Rule 26(b)(2). The deposition being requested in this Motion is not unreasonably

cumulative or duplicative, but rather deals with a specific issue that is central to Defendant Marburger's defense in this matter. The information obtained at the requested deposition would be used to properly frame and resolve important legal issues currently pending before this Court related to personal jurisdiction over Defendant Marburger. Moreover, and in accordance with the principles stated in Rule 26(b)(2), the Defendant has not already had any opportunity to obtain the information sought and will not have an opportunity until after this Court's Scheduling Conference, which has currently not been set. Additionally, the information Defendant Marburger intends to obtain at the deposition cannot be obtained from any other source. Unless this Court grants Defendant Marburger leave to conduct this deposition, there is a real risk that certain legal defenses, including challenges to this Court's personal jurisdiction over Defendant Marburger, may be waived and become unavailable.

WHEREFORE, for the reasons stated herein, Defendant Marburger respectfully requests that this Court grant it leave under Federal Rule of Civil Procedure 30(a)(2)(C) to conduct the deposition of Ms. Wisor in advance of the time specified under Rule 26(d) for discovery and conducting of depositions.

Respectfully submitted,

CARR MALONEY P.C.

/s/ Ali A. Beydoun
Ali A. Beydoun #475413
1615 L Street, N.W.
Suite 500
Washington, D.C. 20036
202-310-5500
202-310-5555 - fax
aab@carrmaloney.com
Attorney for Defendant
Marburger Publishing Co., Inc.

**CERTIFICATE OF SERVICE**

      I HEREBY CERTIFY that a copy of the foregoing was served electronically, this 13th day of April, 2007 to:

      Ethan Carson Eddy
      Jonathan R. Lovvorn
      The Humane Society of the United States
      2100 L Street, N.W.
      Washington, D.C. 20037

      Stuart Philip Ross
      Alexei M. Silverman
      Ross, Dixon & Bell, LLP
      2001 K Street, N.W.
      Washington, D.C. 20006

      Donna M. Crowe
      Bradley Arant Rose & White LLP
      1133 Connecticut Avenue, N.W., 12th Floor
      Washington, D.C. 20036

      Michael S. Denniston
      Bradley Arant Rose & White LLP
      1819 Fifth Avenue North
      Birmingham, Alabama 35213

      Constance M. Pendleton
      1500 K Street, N.W.
      Suite 450
      Washington, D.C. 20005

      Dowd Publishers d/b/a
      The Feathered Warrior
      1812 Hwy 7-71 East
      DeQueen, AR 71832

      Mark Pollot, Esquire
      mpollot@cableone.net

      John Doe d/b/a Underground Pitbull
      Breeders Association

      John Doe d/b/a StreetheatDVD.com

                                      /s/ Ali A. Beydoun
                                        Ali A. Beydoun

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| THE HUMANE SOCIETY OF THE UNITED STATES | : : : | |
| Plaintiff | : : | |
| vs. | : : | Civil No. 07-0623 (CKK) |
| AMAZON.COM., INC., *ET AL.*, | : : | |
| Defendants | : : : | |

**<u>ORDER</u>**

Upon consideration of the Specially Appearing Defendant Marburger Publishing Co., Inc.'s (Marburger) Motion for Leave under Federal Rule of Civil Procedure 30(a)(2)(C) to Conduct a Deposition of Eileen Wisor in the above-captioned action, and any Opposition thereto, it is this _____ day of _____, 2007, hereby

ORDERED that the Defendant Marburger's Motion is hereby GRANTED; it is

FURTHER ORDERED that Defendant Marburger Publishing Co., Inc. ("Marburger") shall be granted leave to conduct the deposition of Eileen Wisor a/k/a Eileen Escudero Wisor, Eileen M. Wisor, Eileen Escudero, and/or Eileen Marie Wisor, at a time that is mutually convenient to the parties involved, but not to exceed five (5) days from the signing of this Order, it is,

SO ORDERED.

_____
Honorable Colleen Kollar-Kotelly

Copies to:
Ali A. Beydoun
Carr Maloney P.C.
1615 L Street, N.W.
Suite 500
Washington, D.C. 20036

Ethan Carson Eddy
Jonathan R. Lovvorn
The Humane Society of the United States
2100 L Street, N.W.
Washington, D.C. 20037

Stuart Philip Ross
Alexei M. Silverman
Ross, Dixon & Bell, LLP
2001 K Street, N.W.
Washington, D.C. 20006

Donna M. Crowe
Bradley Arant Rose & White LLP
1133 Connecticut Avenue, N.W., 12th Floor
Washington, D.C. 20036

Michael S. Denniston
Bradley Arant Rose & White LLP
1819 Fifth Avenue North
Birmingham, Alabama 35213

Constance M. Pendleton
1500 K Street, N.W.
Suite 450
Washington, D.C. 20005

Dowd Publishers d/b/a
The Feathered Warrior
1812 Hwy 7-71 East
DeQueen, AR 71832

Mark Pollot
mpollot@cableone.net

John Doe d/b/a Underground Pitbull
Breeders Association

John Doe d/b/a StreetheatDVD.com