IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **THE HUMANE SOCIETY OF THE UNITED STATES,** ) ) ) ) Plaintiff, ) ) v. ) ) **AMAZON.COM, INC., ET AL.,** ) ) Defendants. ) ) | Civ. No. 07-623 (CKK) |

**PLAINTIFF'S OPPOSITION TO DEFENDANT MARBURGER'S MOTION
FOR LEAVE UNDER FRCP 30(a)(2)(C) TO CONDUCT DEPOSITION**

Defendant Marburger Publishing d/b/a The Gamecock's ("Gamecock") request to depose Ms. Eileen Wisor[1] in advance of the conference required by Federal Rule of Civil Procedure 26(d) prior to the commencement of discovery fails to meet the stringent standards applied to such unusual requests, and should be denied. Gamecock's motion should also be denied because it raises material issues of disputed fact that cannot be resolved in Gamecock's favor at this early stage of the proceedings, and therefore will delay and complicate this case for no valid purpose.

**I.  BACKGROUND**

Defendants in this action purposefully market, sell, and ship graphic dog fighting videos and animal fighting trade publications in violation of several federal criminal prohibitions and District of Columbia animal welfare laws. *See* Compl. ¶¶ 36-67. The videos at issue contain nearly two hours of footage in which approximately twenty live dogs are wounded and killed in fights staged for the purpose of producing, distributing and selling the videos for commercial

---

[1] Ms. Wisor is a member of Plaintiff The Humane Society of the United States ("HSUS"), and has consented to be represented in this matter by undersigned counsel for the HSUS.

1

gain. *Id.* ¶¶ 36-49. The catalog-type publications at issue consist predominantly of criminal solicitations – more than 1,700 pages' worth as measured over a twelve month period – to purchase fighting roosters, dogs, weapons, blood-clotting drugs and other paraphernalia, and even an illegal animal fighting venue, that are illegal to buy, ship, or sell. *Id.* ¶¶ 50-67.

Nineteen months after first bringing these legal violations to Defendant Amazon.com Inc.'s attention, and having been rejected by Defendant Amazon on several subsequent requests that it discontinue its sale of these unlawful materials, Plaintiff brought an action on February 8, 2007 in the Superior Court of the District of Columbia against Defendant Amazon and its business associates, including Defendant Gamecock, pursuant to the District of Columbia Consumer Protection Procedures Act ("CPPA"), D.C. CODE ANN. § 28-3904, to stop these unlawful and injurious trade practices. On March 30, 2007, prior to answering Plaintiff's Complaint in Superior Court, and after obtaining Plaintiff's consent to extend the time by which all Defendants had to respond to the Complaint to April 19, 2007, all Defendants filed a Notice of Removal to this Court. Two weeks later, and after Defendants obtained Plaintiff's consent to a second enlargement of time for all Defendants to respond to the Complaint, Defendant Gamecock filed its Rule 30(a)(2)(C) motion for leave to take seek accelerated discovery prior to responding to the Complaint. No other defendant has joined the request.

II.     ARGUMENT

    A.     **Gamecock Fails to Acknowledge, Let Alone Meet, the Rigorous Showing Required to Prevail On a Rule 30(a)(2)(C) Motion.**

Gamecock's motion fails to mention – let alone satisfy – the stringent standards applied by this Court in considering requests to suspend Federal Rule of Civil Procedure 26(d) and allow depositions prior to the Rule 26(f) discovery conference between the parties. In the absence of

2

any legal standard built into Rule 30(a)(2), courts have developed two methods for evaluating requests for expedited discovery. This Court has used the more stringent of the two standards, which requires a party moving under Rule 30(a)(2)(C) to demonstrate:

> (1) irreparable injury, (2) some probability of success on the merits, (3) some connection between the expedited discovery and the avoidance of the irreparable injury, and (4) some evidence that the injury that will result without expedited discovery looms greater than the injury that the [party from whom discovery is sought] will suffer if the expedited relief is granted.

*Sinclair Nat'l Bank v. Ofc. of the Comptroller of the Currency*, 2000 WL 34012862, *3 (D.D.C. 2000) (citing *Notaro v. Koch*, 95 F.R.D. 403, 405 (S.D.N.Y. 1982) and denying request for expedited depositions under these "injunction-like standards"), *cited in In re Fannie Mae Derivative Litigation*, 227 F.R.D. 142 (D.D.C. 2005).

Other courts employ a standard based on "good cause," which inquires as to: whether the plaintiff has moved for a preliminary injunction; the scope and purpose of the expedited discovery request; the burden to the non-moving party; and how far in advance of the normal discovery process the motion was made. *See*, *e.g.*, *Entm't Tech. Corp. v. Walt Disney Imagineering,* Civ. No. 03-3546, 2003 WL 22519440, at *3-5 (E.D. Pa. Oct. 2, 2003). This Court has observed that the "good cause" standard was used by other courts "particularly in cases w[h]ere the expedited discovery is related to a motion for a preliminary injunction." *Disability Rights Council of Greater Wash. v. Wash. Metro. Area Transit Auth.*, 234 F.R.D. 4, 6 (D.D.C. 2006) (acknowledging difference between the *Sinclair* standard and the "good cause" standard and finding that not even the "good cause" standard was met by party seeking discovery to prepare its preliminary injunction motion); *Fannie Mae*, 227 F.R.D. at 143 (same).

Gamecock's motion fails to meet even the "good cause" standard used by other courts in preliminary injunction cases, let alone any of the four requirements adopted by this Court in

*Sinclair*. Gamecock's assertion that, without expedited discovery it faces a "real risk that certain legal defenses, including challenges to this Court's personal jurisdiction over Defendant Marburger, may be waived and become unavailable," has no legal basis and is therefore not a valid purpose for seeking accelerated discovery. Def.'s Mot. For Leave to Conduct Depo. at 4. Gamecock faces no irreparable injury here – the denial of its Rule 30(a) motion does not foreclose its ability to challenge personal jurisdiction. *See*, *e.g.*, *Wyatt v. Kaplan,* 686 F.2d 276, 283 (5th Cir. 1982) ("[w]hen a defendant challenges personal jurisdiction, courts generally permit depositions confined to the issues *raised in the motion to dismiss*") (emphasis added). Rather, what Gamecock effectively asks the Court to do is grant it an opportunity to gather facts in advance that it believes may substantiate its challenge to personal jurisdiction. *See Fannie Mae*, 227 F.R.D. at 143 (rejecting Rule 30(a) motion, which the Court characterized as a "thinly veiled attempt to circumvent the normal litigation process").

Thus, to protect the interests claimed in its motion, Gamecock need only raise its personal jurisdiction argument in its answer. As Rule 12 states, "[a] defense of lack of jurisdiction over the person . . . is waived . . . if it is neither made by motion under this rule nor included in a responsive pleading." Fed. R. Civ. P. 12(h)(1); *see also* Fed. R. Civ. P. 12(b) (lack of personal jurisdiction "shall be asserted in the responsive pleading thereto . . . [or] may at the option of the pleader be made by motion").

Indeed, courts are reluctant to grant a Rule 30(a)(2)(C) motion under circumstances far more exigent than those asserted by Gamecock, such as when necessary to respond to a court's order to show cause, *see Gibson v. Bagas Restaurants, Inc.*, 87 F.R.D. 60, 61-62 (W.D. Mo. 1980); or to prepare for emergency injunction proceedings. *See Pearce v. Southeast Banking Corp.*, 97 F.R.D. 535, 537 (S.D. Fla. 1983). This is because the "important protection" in Rule

26(d) limiting discovery until after the Rule 26(f) conference "maintains the fairness of civil litigation. . . . The court must protect [the non-moving party] from unfairly expedited discovery." *Notaro*, 95 F.R.D. at 405.

In the truly "exceptional case[s]" allowing expedited depositions, *Gibson*, 87 F.R.D. at 62, courts found (or hypothesized) extraordinary factual circumstances, such as the declining mental faculties of a witness, *Babolia v. Local 456, Teamsters & Chauffeurs Union*, 11 F.R.D. 423, 424 (S.D.N.Y. 1951); or the need to depose the defendant's relative in order to obtain defendant's location to effect service of process. *U.S. v. Agnew*, 80 F.R.D. 506, 507 (S.D. Fla. 1978). None of these circumstances are presented here. Rather, Gamecock loses nothing by proceeding with discovery as provided under the Federal Rules. *See K. J. Schwartzbaum, Inc. v. Evans, Inc.*, 279 F. Supp. 422, 424 (S.D.N.Y. 1968) (denying request for early deposition because "[n]o claim is made that the desired testimony is in hazard of loss"). Accordingly, since Gamecock has not even alleged irreparable injury or any of the other three factors required to prevail in this Court on a Rule 30(a)(2)(C) motion, its unusual request for early discovery should be denied.

      **B.**    **Gamecock's Rule 30(a)(2)(C) Motion Raises Material Factual Disputes That Cannot Be Resolved Without Full Discovery.**

Gamecock's Rule 30(a)(2)(C) motion is also fundamentally flawed because it is based on the erroneous assumption that Gamecock can take a single deposition, and then rely on that deposition to conclusively establish disputed facts in this case. Specifically, Gamecock apparently thinks it can be dismissed from this action by way of a 12(b) motion by simply (1) representing that Ms. Wisor is the only District of Columbia subscriber to its monthly cockfighting publication; (2) attacking Ms. Wisor in some fashion in a deposition to establish she is somehow not an actual subscriber; and (3) concluding that the absence of a current subscriber

in the District of Columbia conclusively establishes that Gamecock cannot be sued in this forum. This gambit simply will not work, and thus there is no reason to delay and complicate this proceeding with a useless pre-answer fishing expedition.

Indeed, Gamecock's line of reasoning not only relies on numerous disputed facts – such as questions about the scope of *all* of Gamecock's contacts with the forum, and the actual scope of its subscriber list, including purchasers who subscribed through the website of Defendant Amazon, the only retail seller of subscriptions – but presumes that discovery into disputed factual questions is a one-way street. However, the factual question lurking in Gamecock's motion is properly resolved by discovery taken in due course by all parties, pursuant to a schedule presented jointly to the court following the discovery conference required by Rule 26(d).[2]

In short, even if it were necessary for Plaintiff to demonstrate the presence of one or more District of Columbia subscribers to establish personal jurisdiction over the Gamecock – and Plaintiffs do not agree with that flawed legal proposition – discovery to answer this factual question cannot be limited to the single expedited deposition proposed by Gamecock. As the Court has observed, "the D.C. Circuit has stressed that '[a] plaintiff faced with a motion to dismiss for lack of personal jurisdiction is entitled to reasonable discovery, lest the defendant defeat the jurisdiction of a federal court by withholding information on its contacts with the forum.'" *Virgin Records America, Inc. v. Does 1-35*, No. 05-1918, 2006 WL 1028956, *3 (D.D.C. Apr 18, 2006) (Kollar-Kotelly, J.) (citing *El-Fadl v. Cent. Bank of Jordan*, 75 F.3d 668, 676 (D.C. Cir. 1996)).

---

[2] Plaintiff's counsel offered to resolve this matter more fully at a Rule 26(d) discovery conference where all parties would be present, but this offer was rejected by counsel for the Gamecock.

Thus, the proper practice – especially in a case like this with multiple defendants that may move to dismiss the Complaint on various legal and factual theories – is for the Defendants to file their responsive pleadings or motions to dismiss prior to discovery. If one or more of the Defendants raises factual issues concerning personal jurisdiction that require discovery, the parties and the Court can arrange for an appropriate period of discovery that serves *all* parties' needs. Gamecock's alternative proposal – wherein they take a single deposition and then move to dismiss based on their self-serving factual theory – will merely reach the same result with additional delay and complication, since plaintiffs will certainly be entitled to discovery to test any factual theory Gamecock intends to construct based on the early deposition it now seeks.[3]

## Conclusion

For the foregoing reasons, Gamecock's motion for early discovery should be denied. Gamecock may obtain the discovery it seeks in due course, and in accordance with the discovery rules that bind all parties.

April 23, 2007

*Of Counsel:*

Stuart Philip Ross
ROSS, DIXON & BELL, LLP
2001 K Street, N.W.
Washington, D.C. 20006
(202) 662-2000

Respectfully submitted,

___/s/_____
Ethan Carson Eddy (D.C. Bar No. 496406)
Jonathan R. Lovvorn (D.C. Bar No. 461163)
THE HUMANE SOCIETY OF THE UNITED STATES
2100 L Street, N.W.
Washington, D.C. 20037
(202) 676-2329
(202) 778-6132 (fax)
eeddy@hsus.org

---

[3] In the event the Court allows Gamecock to conduct early discovery, Plaintiff may seek permission to revise the current briefing schedule so that Gamecock's Rule 30(a)(2)(C) request is not used as a tactic to distract Plaintiff's counsel with discovery matters during the time allotted to prepare responses to Defendants' anticipated motions to dismiss.

**CERTIFICATE OF SERVICE**

    I hereby certify that on this 23rd day of April 2007, I directed that true and correct copies of the foregoing Plaintiff's Opposition to Defendant Marburger's Motion For Leave Under FRCP 30(a)(2) To Conduct Deposition be served electronically to all counsel who receive filings through the Court's electronic filing system, and by first class-mail postage pre-paid upon all others, as follows:

        Laura R. Handman
        Constance M. Pendleton
        Davis Wright Tremaine LLP
        1500 K Street, N.W., Suite 450
        Washington, D.C. 20005-1272

        *Attorneys for Defendant Amazon.com, Inc.*

        Donna M. Crowe
        Bradley Arant Rose & White LLP
        1133 Connecticut Avenue, N.W., 12th Floor
        Washington, D.C. 20036

        *Attorney for Defendant Magazine Express, Inc.*

        Ali A. Beydoun
        Carr Maloney P.C.
        1615 L Street, N.W., Suite 500
        Washington, D.C. 20036

        *Attorney for Defendant Marburger Publishing Co., Inc.*

        Robin W. Grover
        Law Office of Robin W. Grover
        1747 Pennsylvania Avenue, N.W., Suite 1000
        Washington, D.C. 20006

        *Attorney for Defendant Dowd Publishers*

        John Doe d/b/a Underground Pitbull Breeders Association
        John Doe d/b/a StreetheatDVD.com

        __/s/_____
        Ethan Carson Eddy