UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

THE HUMANE SOCIETY OF THE     :
UNITED STATES                   :
                                  :
          Plaintiff          :
                                  :
      vs.                   :       Civil No. 07-0623 (CKK)
                                  :
AMAZON.COM., INC., *ET AL.*,     :
                                  :
      Defendants      :

**REPLY BY SPECIALLY APPEARING DEFENDANT MARBURGER
PUBLISHING CO., INC., TO PLAINTIFF'S OPPOSITION TO
MARBURGER'S MOTION FOR LEAVE UNDER FRCP 30(a)(2)(C)
TO CONDUCT DEPOSITION OF EILEEN WISOR**

Defendant Marburger Publishing Co., Inc. (Marburger), specially appearing by
counsel, and without waiving personal jurisdiction, hereby replies to Plaintiff Humane
Society of the United States' Opposition to Defendant Marburger's request for expedited
discovery under Federal Rule of Civil Procedure 30(a)(2)(C). Defendant Marburger's
request does meet the standard adopted by this Court and applied to such requests and
should be granted. Additionally, and in spite of Plaintiff's claims otherwise, Defendant
Marburger *does* face the possibility of irreparable injury if it is not granted leave to
conduct expedited discovery.

Marburger has moved expeditiously to file all necessary motions regarding its
request to conduct the deposition of Ms. Wisor. A quick summary of events will
illustrate this point. On March 30, 2007, Defendants filed their removal pleading and the
case was taken to the United States District Court for the District of Columbia. During
the week of April 9, 2007, Marburger's counsel initiated calls to Plaintiff's counsel to
discuss the possibility of entering into a stipulation so as to conduct the accelerated

deposition of Ms. Wisor.   Between April 10th and April 13th, the parties had conversations and sent communications regarding Ms. Wisor and possible ways to resolve this issue by means other than this present motion.   On April 13th Plaintiff informed Marburger that it would not stipulate to Marburger conducting the deposition of Ms. Wisor before the FCRP 26(f) conference.   On that same day, Marburger filed its Motion for Leave with this Court.   Marburger did not purposefully delay any filings to this Court and the time spent in trying to engage Plaintiff into a stipulation – that would have made the filing of this Motion unnecessary – cannot be used against it.   This is not an emergency created by Marburger, as Plaintiff contends, but rather, due to the fact that Marburger faces a May 4th deadline to file its Motion to Dismiss that relief is being requested from the Court.   Even now, Marburger continues to face the same time pressures and continues to ask this Court to allow it to conduct expedited discovery before the May 4 deadline in order to properly prepare its Motion to Dismiss.

Marburger must be allowed to conduct limited discovery before May 4, 2007 in order to properly prepare its responsive pleading.   As stated in its Motion, Marburger requests that this Court allow it to conduct the deposition of Ms. Wisor in advance of the Rule 26(f) discovery conference between the parties.   Marburger denies the Plaintiff's allegations and intends to challenge this Court's personal jurisdiction over it in a Motion to Dismiss under FRCP 12(b)(2).   The Court has May 4th as the deadline for filing such motion, and for Marburger to protect its interests, it is necessary to take the deposition of Ms. Wisor – the sole subscriber in the District of Columbia – as quickly as possible.   If Marburger cannot conduct the deposition of Ms. Wisor prior to filing its responsive pleading on May 4, it loses to opportunity to fully argue the issue on the Motion to

Dismiss. It is reasonable to request that this Court allow Marburger to take the limited deposition of a single member of the Plaintiff's association in order to fully preserve any defense which is currently available to Marburger. This is fair when balanced against the nominal inconvenience it would be to Plaintiff to cooperate with the expedited discovery. Surely, this is not an "opportunity to gather facts in advance" of any further litigation as Plaintiff alleges. Rather, this is a request to be allowed to properly examine, investigate and argue a crucial defense against rapidly approaching deadlines. In considering all of the surrounding circumstances, Marburger's request must be seen as reasonable and should be granted.

Marburger's motion puts forth the limited request for a deposition to challenge Plaintiff's claims on some of the bases provided by FRCP 12. Marburger cannot wait until after the scheduling of a Rule 26(d) discovery conference to conduct the deposition because that conference will likely not occur before May 4, 2007. If Marburger is made to wait until the Rule 26(f) conference takes place before it can investigate this matter (one that is crucial to its defense), it will be prejudiced. In order to prepare its Motion to Dismiss, Marburger needs to use the information from the deposition.

Plaintiff's opposition uses the "*Notaro* test" analysis (used by the *Sinclair* case) to support its request to deny Marburger's motion. See Pl. Op. at p 3. Under that analysis, the moving parties must meet this stringent standard before being granted the expedited discovery. With regard to its request for early deposition, Marburger meets the standards of the *Notaro* test. Marburger will face the risk of being involved in a multi-party litigation for the foreseeable future and in expending resources just waiting for the opportunity to challenge Plaintiff's claims regarding personal jurisdiction over

Marburger.  This risk can only be minimized if this Court grants leave to conduct this single deposition.

There is also a good chance of success on the merits of Marburger's request to take this deposition.  Marburger believes that information from the deposition will provide a factual basis that could be used to support a challenge to Plaintiff's claims against Marburger in its Motion to Dismiss under Federal Rule of Civil Procedure 12. Conversely, Plaintiff will not be harmed in the same way Marburger would be if the discovery were permitted.  Plaintiff would not risk diminishing any of its causes of action against Marburger.  There is no real risk of injury to Plaintiff if this deposition takes place.

Recently, there has come an alternative test used by many courts, including this one, to determine whether expedited discovery is appropriate.  Under the "reasonableness test", the Court considers the motion based on the "reasonableness of the request in light of all surrounding circumstances . . ." *In re Fannie Mae Derivative Litigation*, 227 F.R.D. 142 (D.D.C. 2005), *cited but not discussed by plaintiff.*  Some of the factors reviewed under this test include the breadth of the discovery request; the purpose for requesting the expedited discovery and the burden to comply with the request. *Id*. at 143.  Marburger succeeds in meeting this standard and should be granted its request.

WHEREFORE, for the reasons stated herein, Defendant Marburger respectfully requests that this Court grant it leave under Federal Rule of Civil Procedure 30(a)(2)(C) to conduct the deposition of Ms. Wisor in advance of the time specified under Rule 26(d) for discovery and conducting of depositions.

Respectfully submitted,

CARR MALONEY P.C.


/s/ Ali A. Beydoun
Ali A. Beydoun #475413
1615 L Street, N.W.
Suite 500
Washington, D.C.  20036
202-310-5500
202-310-5555 - fax
aab@carrmaloney.com
Attorney for Defendant
Marburger Publishing Co., Inc.


## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing was served electronically, this 25th day of April, 2007 to:

Ethan Carson Eddy
Jonathan R. Lovvorn
The Humane Society of the United States
2100 L Street, N.W.
Washington, D.C.  20037

Stuart Philip Ross
Alexei M. Silverman
Ross, Dixon & Bell, LLP
2001 K Street, N.W.
Washington, D.C.  20006

Donna M. Crowe
Bradley Arant Rose & White LLP
1133 Connecticut Avenue, N.W., 12th Floor
Washington, D.C. 20036

Michael S. Denniston
Bradley Arant Rose & White LLP
1819 Fifth Avenue North
Birmingham, Alabama 35213

Constance M. Pendleton
1500 K Street, N.W.
Suite 450
Washington, D.C.  20005

Dowd Publishers d/b/a
The Feathered Warrior
1812 Hwy 7-71 East
DeQueen, AR  71832

Mark Pollot, Esquire
mpollot@cableone.net

John Doe d/b/a Underground Pitbull
Breeders Association

John Doe d/b/a StreetheatDVD.com

/s/ Ali A. Beydoun_____
Ali A. Beydoun

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

THE HUMANE SOCIETY OF THE          :
UNITED STATES                       :
                                    :
          Plaintiff                 :
                                    :
     vs.                            :          Civil No. 07-0623 (CKK)
                                    :
AMAZON.COM., INC., *ET AL.*,        :
                                    :
                                    :
          Defendants                :

## **ORDER**

Upon consideration of the Specially Appearing Defendant Marburger Publishing

Co., Inc.'s (Marburger) Motion for Leave under Federal Rule of Civil Procedure

30(a)(2)(C) to Conduct a Deposition of Eileen Wisor in the above-captioned action, and

any Opposition thereto, it is this _____ day of _____, 2007, hereby

ORDERED that the Defendant Marburger's Motion is hereby GRANTED; it is

FURTHER ORDERED that Defendant Marburger Publishing Co., Inc.

("Marburger") shall be granted leave to conduct the deposition of Eileen Wisor a/k/a

Eileen Escudero Wisor, Eileen M. Wisor, Eileen Escudero, and/or Eileen Marie Wisor, at

a time that is mutually convenient to the parties involved, but not to exceed five (5) days

from the signing of this Order, it is,

SO ORDERED.

_____
Honorable Colleen Kollar-Kotelly

Copies to:
Ali A. Beydoun
Carr Maloney P.C.
1615 L Street, N.W.
Suite 500
Washington, D.C.  20036

Ethan Carson Eddy
Jonathan R. Lovvorn
The Humane Society of the United States
2100 L Street, N.W.
Washington, D.C.  20037

Stuart Philip Ross
Alexei M. Silverman
Ross, Dixon & Bell, LLP
2001 K Street, N.W.
Washington, D.C.  20006

Donna M. Crowe
Bradley Arant Rose & White LLP
1133 Connecticut Avenue, N.W., 12th Floor
Washington, D.C. 20036

Michael S. Denniston
Bradley Arant Rose & White LLP
1819 Fifth Avenue North
Birmingham, Alabama 35213

Constance M. Pendleton
1500 K Street, N.W.
Suite 450
Washington, D.C.  20005

Dowd Publishers d/b/a
The Feathered Warrior
1812 Hwy 7-71 East
DeQueen, AR  71832

Mark Pollot
mpollot@cableone.net

John Doe d/b/a Underground Pitbull
Breeders Association

John Doe d/b/a StreetheatDVD.com