UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| THE HUMANE SOCIETY OF THE UNITED STATES,<br><br>   Plaintiff,<br><br>   v.<br><br>AMAZON.COM, INC., *et al.*,<br><br>   Defendants. | Civil Action No. 07–623 (CKK) |

**MEMORANDUM OPINION**
(May 1, 2007)

On February 8, 2007, Plaintiff, The Humane Society of the United States, filed the instant action in the Superior Court for the District of Columbia against Defendants Amazon.Com Inc., John Doe d/b/a Underground Pitbull Breeders Association d/b/a Streetheatdvd.com, Marburger Publishing Co. d/b/a The Gamecock (hereinafter, "Marburger"), Dowd Publishers d/b/a The Feathered Warrior, Magazine Express Inc., and John Does III-XX.  Plaintiff's suit relates to magazines and videos depicting animal fights and alleges in part violations of consumer protection and animal cruelty laws.  Defendants removed the action to this Court on March 30, 2007.

Presently before the Court is Defendant Marburger's [14] "Motion by Specially Appearing Defendant Marburger Publishing Co., Inc. For Leave Under Federal Rule of Civil Procedure 30(a)(2)(C) to Conduct Deposition of Eileen Wisor on Issues Related to Marburger's Intended Motion to Dismiss for Lack of Personal Jurisdiction," filed on April 13, 2007.  An opposition and reply have been filed with respect thereto.  Also before the Court is Defendant

Marburger's [15] "Motion by Specially Appearing Defendant Marburger Publishing Co., Inc., to Shorten Time for Any Opposition to Defendant Marburger's Moiton [sic] for Leave to Conduct Deposition of Eileen Wisor on Issues Related to Marburger's Intended Motion to Dismiss for Lack of Personal Jurisdiction," also filed on April 13, 2007.  An opposition has been filed with respect thereto, and the time for a reply has passed.  Upon consideration of the aforementioned motion, related filings, and the relevant statutes and case law, the Court shall DENY  Defendant Marburger's [14] "Motion by Specially Appearing Defendant Marburger Publishing Co., Inc. For Leave Under Federal Rule of Civil Procedure 30(a)(2)(C) to Conduct Deposition of Eileen Wisor on Issues Related to Marburger's Intended Motion to Dismiss for Lack of Personal Jurisdiction," and DENY AS MOOT Defendant Marburger's [15] "Motion by Specially Appearing Defendant Marburger Publishing Co., Inc., to Shorten Time for Any Opposition to Defendant Marburger's Moiton [sic] for Leave to Conduct Deposition of Eileen Wisor on Issues Related to Marburger's Intended Motion to Dismiss for Lack of Personal Jurisdiction."

>A.     *Defendant Marburger's [14] Motion to Depose Eileen Wisor pursuant to Federal Rule of Civil Procedure 30(a)(2)(C)*

In Defendant Marburger's [14] Motion to Depose Eileen Wisor[1] pursuant to Federal Rule of Civil Procedure 30(a)(2)(C),[2] Defendant Marburger requests that the Court grant it leave to

---

[1] Ms. Wisor is a member of Plaintiff The Humane Society of the United States.  *See* Def. Marburger's [14] Mot. at 2; Pl.'s Opp'n at 1 n.1.

[2] "A party must obtain leave of court, which shall be granted to the extent consistent with the principles stated in Rule 26(b)(2), . . . if, without the written stipulation of the parties, . . . a party seeks to take a deposition before the time specified in Rule 26(d) unless the notice contains a certification, with supporting facts, that the person to be examined is expected to leave the United States and be unavailable for examination in this country unless deposed before that time." Fed. R. Civ. P. 30(a)(2)(C).

depose Ms. Wisor in advance of the time specified under Federal Rule of Civil Procedure 26(d) (prior to any Rule 26 conference) because Defendant Marburger "intends to move, *inter alia*, for an order dismissing the action as to it pursuant to Fed. R. Civ. P. 12(b)(2) on the ground that there is a lack of jurisdiction over the person, and the deposition is proposed to be taken pursuant to that ground." Def. Marburger's [14] Mot. at 1. Defendant Marburger states that

> [u]pon information and belief, Ms. Wisor, a District of Columbia resident and member of the Plaintiff Humane Society of the United States, is *the only known District of Columbia subscriber* to Defendant Marburger's publication. Ms. Wisor is the only person who can provide relevant information regarding topics including, but not limited to, Ms. Wisor's knowledge of Defendant Marburger's publication, the circumstances of her subscription to the publication, and how she received the publication. The relevancy of Ms. Wisor's testimony for the rule 12(b)(2) motion is clear.

*Id.* at 2. Defendant Marburger states its intention to deny that it transacts business in the District of Columbia and requests leave to depose Ms. Wisor at this time "[i]n order to prepare its responsive pleading to properly challenge Plaintiff HSUS' claims that this Court has personal jurisdiction over Defendant Marburger," as Defendant Marburger's responsive pleading must be submitted to the Court by May 4, 2007. *Id.* at 3.

While Defendant Marburger has not set out the legal standard under which the Court may consider its request, the case law reveals "two common judicial approaches" in considering a request for expedited discovery. *In re Fannie Mae Derivative Litigation*, 227 F.R.D. 142, 142 - 143 (D.D.C. 2005). First, the following standard was articulated in *Notaro v. Koch:*

> courts should require the plaintiff to demonstrate (1) irreparable injury, (2) some probability of success on the merits, (3) some connection between the expedited discovery and the avoidance of the irreparable injury, and (4) some evidence that the injury that will result without expedited discovery looms greater than the injury that the defendant will suffer if the expedited relief is granted.

*Notaro v. Koch,* 95 F.R.D. 403, 405 (S.D. N.Y. 1982), *cited in In re Fannie Mae*, 227 F.R.D. at

142. A number of cases in this district have adopted in full or in part the *Notaro* approach. *See id.* at 142 (holding in part that plaintiff "is unable to satisfy the stringent standard because he has failed to demonstrate that any irreparable injury will result if the expedited discovery is not provided"); *Sinclair Nat'l Bank v. Office of the Comptroller of the Currency*, Civ. No. 00-2398, 2000 WL 34012862 at *3 (D.D.C. Dec. 18, 2000) (denying expedited discovery because plaintiff failed to show irreparable injury).

    In this case, Defendant Marburger never demonstrates what harm, let alone irreparable harm, would befall Defendant Marburger in waiting to depose Ms. Wisor until after a discovery schedule is in place. While Defendant Marburger states that "[u]nless this Court grants Defendant Marburger leave to conduct this deposition, there is a real risk that certain legal defenses, including challenges to this Court's personal jurisdiction over Defendant Marburger, may be waived and become unavailable[,]" Def. Marburger's [14] Mot. at 4, Defendant Marburger may contest personal jurisdiction in an Answer filed by May 4, 2007, and may raise the issue of personal jurisdiction in a later-filed Motion to Dismiss. Furthermore, while in its Reply, Defendant Marburger repeats that "to protect its interests, it is necessary to take the deposition of Ms. Wisor–the sole subscriber in the District of Columbia–as quickly as possible," Def. Marburger's Reply at 2, Defendant Marburger never addresses what prejudice would befall it in filing an Answer to comply with the May 4, 2007 responsive pleading deadline and filing a dispositive motion after discovery has commenced beyond "the risk of being involved in a multi-party litigation" and in "expending resources," neither of which constitute irreparable harm under any definition of the term. "'Mere litigation expense, even substantial and unrecoupable cost, does not constitute irreparable injury.'" *F.T.C. v. Standard Oil Co. of Cal.*, 449 U.S. 232, 244,

101 S. Ct. 488, 495, 66 L. Ed. 2d 416 (1980) (quoting *Renegotiation Board v. Bannercraft Clothing Co.*, 415 U.S. 1, 24, 94 S. Ct. 1028, 1040, 39 L. Ed. 2d 123 (1974)). *See also Ala. Power Co. v. F.E.R.C.*, 993 F.2d 1557, 1567 n.5 (D.C. Cir. 1993). As Defendant Marburger has not demonstrated any irreparable harm, it does not fulfill the first, third, and fourth prongs of the *Notaro* standard such that the Court shall not grant Defendant Marburger's request for expedited discovery in part on this basis.

The second approach, deemed the "reasonableness test,"

> calls for the Court to decide the motion based on the "reasonableness of the request in light of all of the surrounding circumstances . . . ." Among the factors to be considered by the Court are: (1) whether a preliminary injunction is pending; (2) the breadth of the discovery requests; (3) the purpose for requesting the expedited discovery; (4) the burden on the [opposing party] to comply with the requests; and (5) how far in advance of the typical discovery process the request was made.

*In re Fannie Mae*, 227 F.R.D. at 142-143 (internal citations omitted). *See also Disability Rights Council of Greater Wash. v. Wash. Metro. Area Transit Auth.*, 234 F.R.D. 4, 4-5 (D.D.C. 2006) (adopting the reasonableness standard in denying request for expedited discovery).

In this case, the Court notes that no preliminary injunction is pending. While Defendant Marburger's request is tailored to one deposition, and the burden on Plaintiff in the taking of this one deposition is not inordinately high, the underlying purpose for the request–so that Defendant Marburger can allegedly draw *factual* conclusions outside of the scope of the Complaint on which to base its motion to dismiss–misguidedly assumes that it can "prove" a lack of personal jurisdiction via one deposition in this case. "As a general matter, discovery under the Federal Rules of Civil Procedure should be freely permitted, and this is no less true when discovery is directed to personal jurisdiction." *Edmond v. U.S. Postal Serv. General Counsel*, 949 F.2d 415,

5

425 (D.C. Cir. 1991). "'[A] plaintiff faced with a motion to dismiss for lack of personal jurisdiction is entitled to reasonable discovery, lest the defendant defeat the jurisdiction of a federal court by withholding information on its contacts with the forum.'" *Virgin Records Am., Inc. v. Does*, Civ. No. 05-1918, 2006 WL 1028956 (D.D.C. April 18, 2006) (quoting *El-Fadl v. Cent. Bank of Jordan*, 75 F.3d 668, 676 (D.C. Cir. 1996)). Based on the record before the Court, Plaintiff would also be entitled to discovery on Defendant Marburger's contacts with the District of Columbia if Defendant Marburger filed a motion to dismiss on this basis. Accordingly, the deposition of Ms. Wisor prior to the commencement of the discovery process would be premature, and the Court shall not grant Defendant Marburger's request for expedited discovery, as said request is not "reasonable."

After considering Defendant Marburger's request under both the *Notaris* and "reasonableness" standards, the Court finds that it meets neither and shall deny Defendant Marburger's [14] "Motion by Specially Appearing Defendant Marburger Publishing Co., Inc. For Leave Under Federal Rule of Civil Procedure 30(a)(2)(C) to Conduct Deposition of Eileen Wisor on Issues Related to Marburger's Intended Motion to Dismiss for Lack of Personal Jurisdiction."

    B.    *Defendant Marburger's [15] Motion to Shorten Time for Any Opposition to the Above [14] Motion*

Plaintiff has already filed an opposition with respect to Defendant Marburger's [14] Motion. Accordingly, Defendant Marburger's [15] Motion to Shorten Time for Any Opposition shall be denied as moot. The Court further notes that in filing its [15] Motion to Shorten Time for Any Opposition, Defendant Marburger failed to confer with Plaintiff's counsel as required pursuant to Local Civil Rule 7(m).

Based on the aforementioned reasoning, the Court shall DENY Defendant Marburger's [14] "Motion by Specially Appearing Defendant Marburger Publishing Co., Inc. For Leave Under Federal Rule of Civil Procedure 30(a)(2)(C) to Conduct Deposition of Eileen Wisor on Issues Related to Marburger's Intended Motion to Dismiss for Lack of Personal Jurisdiction," and DENY AS MOOT Defendant Marburger's [15] Motion by Specially Appearing Defendant Marburger Publishing Co., Inc., to Shorten Time for Any Opposition to Defendant Marburger's Moiton [sic] for Leave to Conduct Deposition of Eileen Wisor on Issues Related to Marburger's Intended Motion to Dismiss for Lack of Personal Jurisdiction." An Order accompanies this Memorandum Opinion.

Date:   May 1, 2007

              /s/
COLLEEN KOLLAR-KOTELLY
United States District Judge