**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA
Civil Division**

---------------------------------------------------------x
                                                )

| | |
|---|---|
| THE HUMANE SOCIETY OF THE UNITED STATES, | Civ. No. 07-623 (CKK) |
| Plaintiff, | |
| v. | MAGAZINE EXPRESS, INC.'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS |
| AMAZON.COM, INC., ET AL., Defendants. | ORAL ARGUMENT REQUESTED |

---------------------------------------------------------x

**MAGAZINE EXPRESS, INC.'S MEMORANDUM OF POINTS
AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS**

Donna M. Crowe (D.C. Bar No. 481946)
dcrowe@bradleyarant.com
Bradley Arant Rose & White, LLP
1133 Connecticut Avenue, N.W., 12th Floor
Washington, D.C. 20036
Telephone: (202) 719-8212
Facsimile: (202) 347-1684

Michael S. Denniston
Alabama Bar No. asb-6906-o45m
*Admitted Pro Hac Vice*
mdenniston@bradleyarant.com
Bradley Arant Rose & White LLP
1819 Fifth Avenue North
Birmingham, AL  35213
Telephone: (205) 521-8244
Facsimile: (205) 488-6244

Attorneys for Magazine Express, Inc.

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES ……………………………………………………………………..ii

BACKGROUND……………………………………………………………..………………....1

ARGUMENT……………………………………………………………………...…………………2

I.      THE CLAIMS ALLEGED AGAINST MAGAZINE EXPRESS, INC. IN COUNTS II AND III OF THE COMPLAINT FAIL TO STATE A CLAIM BECAUSE THEY DO NOT PROVIDE A PRIVATE RIGHT OF ACTION……………..……………………3

II.    THE COMPLAINT FAILS TO STATE A CLAIM AGAINST MAGAZINE EXPRESS UNDER THE ANIMAL WELFARE ACT…….………………………………………4

III.   AS WITH AMAZON, HSUS'S CLAIMS FAIL BECAUSE MAGAZINE EXPRESS, AS A DISTRIBUTOR, HAS NO DUTY TO REVIEW THE CONTENT OF PUBLICATIONS OR SUBSCRIPTIONS IT OFFERS………………………………….5

IV.   THE FIRST AMENDMENT BARS HSUS'S CLAIMS AGAINST MAGAZINE EXPRESS……………...…………………………………………………………..5

V.    HSUS'S CONSPIRACY CLAIMS FAIL AS A MATTER OF LAW……………………6

CONCLUSION………………………………………………………………………………6

## TABLE OF AUTHORITIES

**Cases**

*International Primate Protection League v. Institute for Behavioral Research*, 799 F.2d 934 (4th Cir. 1986)……………………………………...……..3

*New York Times Co. v. United States*, 403 U.S. 713 (1971)……………………………………6

**Statutes**

7 U.S.C. § 2156(c)…………………………………………………………………………….....4

18 U.S.C. § 371……………………………………………………………………………….....6

47 U.S.C. § 230………………………………………………………………………………...2

D.C. Code Ann. § 22-1015…………………………………………………………………….4

Defendant, Magazine Express, Inc. ("Magazine Express"), by counsel, pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure, submits this Memorandum of Points and Authorities in support of its contemporaneously filed motion to dismiss, with prejudice, the Complaint filed by The Humane Society of the United States ("HSUS").

Magazine Express incorporates by this reference and joins in the Memorandum of Points and Authorities in Support of Amazon's Motion to Dismiss that co-defendant Amazon.com, Inc. contemporaneously has filed in this action (the "Amazon Memorandum"), together with all exhibits submitted by Amazon with the Amazon Memorandum. The bases for dismissing this action set forth in the Amazon Memorandum apply equally to Magazine Express, and Magazine Express will not restate Amazon's reasoning under each ground. However, this Memorandum will explain several points that are unique to Magazine Express.

## BACKGROUND

Magazine Express adopts and incorporates the Background in the Amazon Memorandum that states the facts relevant to the parties' motions, and only highlights several points particular to Magazine Express.

Magazine Express operates a magazine subscription service. (Compl. ¶ 9; 69-70). HSUS does not allege that Magazine Express publishes any magazines, much less the magazines at issue in this case, *The Feathered Warrior* or *The Gamecock* (the "Magazines"). In fact, Magazine Express is not a publisher. As alleged by HSUS, Amazon and Magazine Express have a contractual relationship where Amazon receives orders for the Magazines on its website, and refers order requests to Magazine Express for fulfillment of the subscription order request. Magazine Express then secures the ordered subscription from the publisher by sending the subscriber information to the publisher along with payment. The publisher then sends the

magazines to the customers.  Like Amazon, at no time does Magazine Express have physical possession of the Magazines.

Magazine Express is a "middleman" between Amazon and the publishers of the Magazines (as well as publishers of over 90,000 other magazines).  Magazine Express receives information from the publishers of the Magazines, such as the cover image (if any) the publisher wants to include on the Amazon site, the magazine description, pricing, and other product information.  (*See* Compl. ¶¶ 78-80)  Magazine Express passes those details along to Amazon for Amazon to display on its website in its "product detail page" associated with each Magazine.

**ARGUMENT**

This Memorandum only will address issues that have a particular application to Magazine Express, or issues where the discussion in Amazon's Memorandum did not adequately emphasize Magazine Express' connection to the issue.  To be clear in its intent, Magazine Express states that this Memorandum does not expressly address the arguments of Amazon that relate to: (a) the lack of a case or controversy because HSUS has no standing to bring this lawsuit, or (b) the failure of HSUS's Complaint to state any claim under the CPPA.  Magazine Express does not address those issues because the arguments in the Amazon Memorandum concerning those issues apply with equal force to Magazine Express, and Magazine Express adopts and incorporates them.  The Amazon Memorandum's treatment of the remaining grounds for dismissal of the HSUS Complaint apply also to Magazine Express, and Magazine Express likewise adopts and incorporates them.[1]  However, for each of the remaining issues raised by

---

[1] Amazon's discussion of the immunity provided by Section 230 of the federal Communications Decency Act of 1996, 47 U.S.C. § 230, should also apply to Magazine Express.  As an "interactive computer service," Amazon is entitled to immunity from suit based on claims concerning information provided by a content provider like a publisher.  Like Amazon, Magazine Express is a passive "middleman" in the process of customers obtaining

- 2 -

Amazon, Magazine Express clarifies the application of Amazon's argument to its position.

The HSUS Complaint alleges four claims against Magazine Express.[2]  Counts II and III allege violations by Magazine Express of the District of Columbia Consumer Protection Procedures Act (the "CPPA") based on alleged violations of the federal Animal Welfare Act and the D.C. Cruelty to Animals statute, respectively.  Counts VI and VII allege violations by Magazine Express of the CPPA based on D.C. and federal conspiracy statutes.  Magazine Express will first address the alleged substantive violations of Counts II and III, and then will address the alleged conspiracy claims.

## I. THE CLAIMS ALLEGED AGAINST MAGAZINE EXPRESS, INC. IN COUNTS II AND III OF THE COMPLAINT FAIL TO STATE A CLAIM BECAUSE THEY DO NOT PROVIDE A PRIVATE RIGHT OF ACTION.

As noted in the Amazon Memorandum, the Animal Welfare Act, 7 U.S.C. § 2156, which is the basis for HSUS's allegations in Count II under the CPPA, does not provide a private right of action.  *See International Primate Protection League v. Institute for Behavioral Research*, 799 F.2d 934 (4th Cir. 1986), *cert. denied*, 481 U.S. 1004 (1987) (the AWA "does not imply any provision for lawsuits by private individuals as a complement to the authority of the Secretary of Agriculture").  Where there is no private right of action under the statute upon which HSUS's claims ultimately rest, the allegations of Count II of the Complaint fail to state a claim.

---

subscriptions to the Magazines.  It does not provide the content of the Magazines, and does not even provide the product information descriptions for the Magazines.  It merely passes that information along from the publisher.  Thus, under the Communications Decency Act, Magazine Express is not an "information content provider" or publisher, but is more akin to an immune "interactive computer service" like Amazon.

[2] Magazine Express has no involvement whatsoever in the alleged offering for sale or distribution of the two dogfighting videos referenced in the Complaint, "Hood Fights Vol. II" and "Unleashed" (the "Videos") (Compl. ¶ 74), and the Complaint does not allege that Magazine Express has any involvement.  The claim in Count I of the Complaint relates solely to alleged sale and offering for sale of the Videos and alleged violations of the Depiction of Animal Cruelty Statute (allegedly resulting in a violation of the D.C. Consumer Protection Procedures Act (the "CPPA").  Count I does not purport to apply, and does not apply to Magazine Express.  (Compl. ¶¶ 113-117).

   Similarly, the claims in Counts IV and V, which allege violations of the D.C. CPPA resulting from alleged misrepresentations and suppressions allegedly made by Amazon, (Comp. ¶¶ 129-136), do not purport to apply, and do not apply to Magazine Express.

Count III of the Complaint also fails to state a claim because it does not provide for a private right of action. Count III alleges a violation of the CPPA that rests upon the D.C. Cruelty to Animals Statute, D.C. Code Ann. § 22-1015. The text of that statute clearly indicates that it is a criminal statute that does not confer any private right of action. *See* D.C. Code Ann. § 22-1015 (providing criminal felony and misdemeanor penalties for violations).

As noted in the Amazon Memorandum, because HSUS does not have a private cause of action to bring the claims alleged in Counts II and III under the federal Animal Welfare Act and the D.C. Cruelty to Animals Statute, HSUS cannot rely on the CPPA for a remedy. Accordingly, those Counts fail to state a claim against Magazine Express and the other defendants, and should be dismissed, with prejudice.

## II.   THE COMPLAINT FAILS TO STATE A CLAIM AGAINST MAGAZINE EXPRESS UNDER THE ANIMAL WELFARE ACT.

The Amazon Memorandum's position that Count II of the Complaint should be dismissed against Amazon because the Animal Welfare Act does not reach Amazon's conduct in offering an on-line mechanism for buying magazine subscriptions applies with equal force to Magazine Express. Accordingly, the claim in Count II that arises from the Animal Welfare Act should be dismissed against Magazine Express. As with Amazon, Magazine Express cannot be held to a standard of "knowingly" using the Postal Service as the Animal Welfare Act requires, *see* 7 U.S.C. § 2156(c), that would require it to review the pages of each of the 90,000 magazines and newspapers to which it provides subscription fulfillment services for Amazon. The magazines that are subject of those subscription fulfillments do not come into the possession of Magazine Express (or Amazon), and the standard suggested by HSUS strains credulity. Accordingly, HSUS's claims under Count II of the Complaint should be dismissed, with prejudice, with

- 4 -

respect to Magazine Express.

### III. AS WITH AMAZON, HSUS'S CLAIMS FAIL BECAUSE MAGAZINE EXPRESS, AS A DISTRIBUTOR, HAS NO DUTY TO REVIEW THE CONTENT OF PUBLICATIONS OR SUBSCRIPTIONS IT OFFERS.

Like Amazon, Magazine Express is removed from the publication and editorial process with respect to the Magazines. The Magazines are published by their respective publishers, and Magazine Express's role is merely to provide the bridge between the publisher and Amazon (or Amazon's customers) that facilitates the placing and receiving of orders for magazine subscriptions. As a mere distributor, Magazine Express not only does not review, but also is in no position to review the approximately 90,000 different publications that it makes available to Amazon's customers via the Amazon website.

With that preface, Amazon's position that it is not liable for the alleged wrongful or negligent publication of third-party advertisements applies equally to Magazine Express, and the claims against Magazine Express should be dismissed, with prejudice.

### IV. THE FIRST AMENDMENT BARS HSUS'S CLAIMS AGAINST MAGAZINE EXPRESS.

Magazine Express can phrase the issue no more clearly than Amazon. HSUS's claims fail because the speech HSUS seeks to suppress is protected by the First Amendment. Like Amazon, Magazine Express is removed from the publication and editorial process with respect to the Magazines. Magazine Express is merely a subscription fulfillment processor. It is not a publisher. It does not solicit or exercise control over the content of the Magazines or over the advertisements that HSUS alleges are in the Magazines. Magazine Express merely facilitates the dissemination of the constitutionally protected speech of third parties. At bottom, HSUS asks this Court to impose a presumptively unconstitutional prior restraint on protected speech. *See*

*New York Times Co. v. United States*, 403 U.S. 713, 714 (1971).  For the reasons set forth in the Amazon Memorandum, the HSUS Complaint should be dismissed in its entirety.

## V. HSUS'S CONSPIRACY CLAIMS FAIL AS A MATTER OF LAW.

Counts VI and VII of the Complaint fail to state claims against Magazine Express for violation of either the D.C. or federal conspiracy laws and should be dismissed.  As pointed out in the Amazon Memorandum, the federal conspiracy statute relied upon by HSUS, 18 U.S.C. § 371, is a criminal statute that provides no private right of action.  Moreover, HSUS cannot show that it states a claim (or has standing to bring a claim) under any of the various causes of action it alleges in the Complaint.  Therefore, its conspiracy claims likewise do not state a claim.

## CONCLUSION

For the foregoing reasons, Defendant Magazine Express respectfully requests that its motion to dismiss be granted and that the Complaint, and each and every count thereof, separately and severally, be dismissed, with prejudice.

Dated: May 4, 2007

Respectfully submitted,

        __/s/ Donna M. Crowe_____
        Donna M. Crowe (D.C. Bar No. 481946)
        Bradley Arant Rose & White, LLP
        1133 Connecticut Avenue, N.W., 12th Floor
        Washington, D.C. 20036
        Telephone:    202-719-8212
        Facsimile:    202-347-1684

        *Attorney for Magazine Express, Inc.*

OF COUNSEL:

Michael S. Denniston
Alabama Bar No. asb-6906-o45m
*Admitted Pro Hac Vice*
Bradley Arant Rose & White LLP
1819 Fifth Avenue North
Birmingham, AL  35213
(205) 521-8244

- 7 -

**CERTIFICATE OF SERVICE**

I hereby certify that on this 4th day of May 2007, I directed that true and correct copies of the foregoing Magazine Express, Inc.'s Memorandum of Points and Authorities in Support of Motion to Dismiss be served electronically to all counsel who receive filings through the Court's electronic filing system, and by first class mail, postage pre-paid, upon all others, as follows:

> Ethan Carson Eddy
> Jonathan R. Lovvorn
> The Humane Society of the United States
> 2100 L Street, N.W.
> Washington, D.C. 20037
> *Attorneys for Plaintiff The Humane Society of*
> *the United States*
>
> Stuart Philip Ross
> Alexei M. Silverman
> Ross, Dixon & Bell, LLP
> 2001 K Street, N.W.
> Washington, D.C. 20006-1040
> *Attorneys for Plaintiff The Humane Society of*
> *the United States*
>
> Laura R. Handman
> Constance M. Pendleton
> 1919 Pennsylvania Avenue, N.W.  Suite 200
> Washington, D.C. 20005-1272
> *Attorneys for Defendant Amazon.com, Inc.*
>
> Ali A. Beydoun
> Carr Maloney P.C.
> 1615 L Street, N.W., Suite 500
> Washington, D.C. 20036
> *Attorneys for Defendant Marburger Publishing Co., Inc.*
>
> Robin W. Grover
> Law Office of Robin W. Grover
> 1747 Pennsylvania Avenue, N.W., Suite 1000
> Washington, D.C. 2006
> *Attorneys for Defendant Dowd Publishers*

John Doe d/b/a Underground Pitbull
Breeders Association

John Doe d/b/a StreetheatDVD.com

                                                           /s/Donna M. Crowe
                                                   Donna M. Crowe