**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**
**Civil Division**

```
-------------------------------------------------x
                                                 )
THE HUMANE SOCIETY OF                            )
THE UNITED STATES,                               )
                                                 )
              Plaintiff,                         )
                                                 )
       v.                                        )      Civ. No. 07-623 (CKK)
                                                 )
AMAZON.COM, INC., ET AL.,                        )      MAGAZINE EXPRESS, INC.'S
                                                 )      MOTION TO DISMISS
       Defendants.                               )
                                                 )
-------------------------------------------------x
```

## <u>MAGAZINE EXPRESS, INC.'S MOTION TO DISMISS</u>

Defendant, Magazine Express, Inc. ("Magazine Express"), by counsel, moves this Court, pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure, to dismiss the First Amended Complaint ("Complaint") (Doc. 38) filed by plaintiff, The Humane Society of the United States ("HSUS"), in its entirety, with prejudice. As grounds for this motion, Magazine Express states that this Court lacks jurisdiction over the subject matter alleged in the Complaint, and that the Complaint, and each and every count of the Complaint, fails to state a claim against Magazine Express upon which relief can be granted. In addition, Magazine Express incorporates by this reference and joins in the motions to dismiss contemporaneously filed by defendants Amazon.com, Inc., ("Amazon"), Dowd Publishing ("Dowd"), and Marburger Publishing Company, Inc. ("Marburger").

As further support for this motion, Magazine Express relies on the Memorandum of Points and Authorities in Support of Magazine Express, Inc.'s Motion to Dismiss that it contemporaneously has filed. Magazine Express also incorporates by this reference and joins in:

(1) the Memorandum of Points and Authorities in Support of Amazon's Motion to Dismiss, (2) the Memorandum of Points and Authorities in Support of Dowd's Motion to Dismiss, and (3) Memorandum of Points and Authorities in Support of Marburger's Motion to Dismiss.

Dated: July 18, 2007

Respectfully submitted,

\_\_/s/ Donna M. Crowe _____
Donna M. Crowe (D.C. Bar No. 481946)
Bradley Arant Rose & White LLP
1133 Connecticut Avenue, N.W., 12th Floor
Washington, D.C. 20036
Telephone:     202-719-8212
Facsimile:     202-347-1684

*Attorney for Magazine Express, Inc.*

OF COUNSEL:

Michael S. Denniston
Alabama Bar No. asb-6906-o45m
*Admitted Pro Hac Vice*
Bradley Arant Rose & White LLP
1819 Fifth Avenue North
Birmingham, AL  35213
(205) 521-8244

## CERTIFICATE OF SERVICE

I hereby certify that on this 18th day of July 2007, I directed that true and correct copies of the foregoing Magazine Express, Inc.'s Motion to Dismiss be served electronically to all counsel who receive filings through the Court's electronic filing system, and by first class mail, postage pre-paid, upon all others, as follows:

Ethan Carson Eddy
Jonathan R. Lovvorn
The Humane Society of the United States
2100 L Street, N.W.
Washington, D.C. 20037
*Attorneys for Plaintiff The Humane Society of
the United States*

Stuart Philip Ross
Alexei M. Silverman
Ross, Dixon & Bell, LLP
2001 K Street, N.W.
Washington, D.C. 20006-1040
*Attorneys for Plaintiff The Humane Society of
the United States*

Laura R. Handman
Constance M. Pendleton
Davis Wright Tremaine LLP
1919 Pennsylvania Avenue, N.W., Suite 200
Washington, D.C. 20005-1272
*Attorneys for Defendant Amazon.com, Inc.*

Ali A. Beydoun
Carr Maloney P.C.
1615 L Street, N.W., Suite 500
Washington, D.C. 20036
*Attorneys for Defendant Marburger Publishing Co., Inc.*

Robin W. Grover
Law Office of Robin W. Grover
1747 Pennsylvania Avenue, N.W., Suite 1000
Washington, D.C. 2006
*Attorneys for Defendant Dowd Publishers*

John Doe d/b/a Underground Pitbull
Breeders Association

John Doe d/b/a StreetheatDVD.com

                                     ___/s/Donna M. Crowe
                                     Donna M. Crowe

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA
### Civil Division

-------------------------------------------------------x
                                          )
THE HUMANE SOCIETY OF                     )
THE UNITED STATES,                        )         Civ. No. 07-623 (CKK)
                                          )
            Plaintiff,                    )
                                          )         MAGAZINE EXPRESS, INC.'S
    v.                                    )         MEMORANDUM OF POINTS AND
                                          )         AUTHORITIES IN SUPPORT
                                          )         OF MOTION TO DISMISS
                                          )
AMAZON.COM, INC., ET AL.,                 )         ORAL ARGUMENT REQUESTED
            Defendants.                   )
                                          )
-------------------------------------------------------x


## MAGAZINE EXPRESS, INC.'S MEMORANDUM OF POINTS
## AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS


Donna M. Crowe (D.C. Bar No. 481946)
dcrowe@bradleyarant.com
Bradley Arant Rose & White LLP
1133 Connecticut Avenue, N.W., 12th Floor
Washington, D.C. 20036
Telephone: (202) 719-8212
Facsimile: (202) 347-1684

Michael S. Denniston
Alabama Bar No. asb-6906-o45m
*Admitted Pro Hac Vice*
mdenniston@bradleyarant.com
Bradley Arant Rose & White LLP
1819 Fifth Avenue North
Birmingham, AL  35213
Telephone: (205) 521-8244
Facsimile: (205) 488-6244

*Attorneys for Magazine Express, Inc.*

## TABLE OF CONTENTS

TABLE OF AUTHORITIES …………………………………………………………………………..ii

BACKGROUND…………………………………………………………………..………………...1

ARGUMENT………………………………………………………………...……………………2

I.   THE CLAIMS ALLEGED AGAINST MAGAZINE EXPRESS, INC. IN COUNTS II
AND III OF THE FIRST AMENDED COMPLAINT FAIL TO STATE A CLAIM
BECAUSE THEY DO NOT PROVIDE A PRIVATE RIGHT OF
ACTION…………..…………………………………………………………………………4

II.  THE FIRST AMENDED COMPLAINT FAILS TO STATE A CLAIM AGAINST
MAGAZINE EXPRESS UNDER THE ANIMAL WELFARE ACT………..…………4

III. AS WITH AMAZON, HSUS'S CLAIMS FAIL BECAUSE MAGAZINE EXPRESS, AS
A DISTRIBUTOR, HAS NO DUTY TO REVIEW THE CONTENT OF
PUBLICATIONS OR SUBSCRIPTIONS IT OFFERS………………………………….5

IV.  THE FIRST AMENDMENT BARS HSUS'S CLAIMS AGAINST MAGAZINE
EXPRESS………………..…………………………………………………………..6

V.   AS A NON-PUBLISHER THAT PROVIDES COMPUTER SERVICES, MAGAZINE
EXRESS HAS IMMUNITY UNDER SECTION 230 OF THE COMMUNICATIONS
DECENCY ACT……………………………………………………………………….6

VI.  HSUS'S CONSPIRACY CLAIMS FAIL AS A MATTER OF LAW……………...…10

CONCLUSION………………………………………………………………………………..11

# TABLE OF AUTHORITIES

## Cases

*Blumenthal v. Drudge and AOL*, 992 F.Supp. 44 (D.D.C. 1998)…………………….......8, 9

*Chicago Lawyers' Committee for Civil Rights Under the Law, Inc. v.
 Craigslist, Inc.,* 461 F.Supp. 2d 681 (N.D.Ill. 2006)…………………………………………..9

*Corbis Corp. v. Amazon.com, Inc.*, 351 F.Supp. 2d 1090 (W.D.Wash. 2004)…………………8

*Fair Housing Council of San Fernando Valley v. Roommates.com, LLC.*,
2007 WL 1412650 (9th Cir. 2007)…………………………………………………………...7

*International Primate Protection League v. Institute for
Behavioral Research*, 799 F.2d 934 (4th Cir. 1986)……………………………………...……..3

*New York Times Co. v. United States*, 403 U.S. 713 (1971)……………………………………6

*Universal Communication Systems, Inc. v. Lycos, Inc.*, 478 F.3d 413 (1st Cir. 2007)……...…7, 8

*Zeran v. AOL*, 129 F.3d 327 (4th Cir. 1997)……………………………………………………9

## Statutes

7 U.S.C. § 2156(c)………………………………………………………......4, 10

18 U.S.C. § 371………………………………………………………………..6

47 U.S.C. § 230………………………………………………………...2, 6, 7, 8, 9

D.C. Code Ann. § 22-1015……………………………………………………….4

Defendant, Magazine Express, Inc. ("Magazine Express"), by counsel, pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure, submits this Memorandum of Points and Authorities in support of its contemporaneously filed motion to dismiss, with prejudice, the First Amended Complaint filed by The Humane Society of the United States ("HSUS").

Magazine Express incorporates by this reference and joins in: (1) the Memorandum of Points and Authorities in Support of Amazon's Motion to Dismiss (the "Amazon Memorandum"), (2) the Memorandum of Points and Authorities in Support of Dowd's Motion to Dismiss ("Dowd Memorandum"), and (3) Memorandum of Points and Authorities in Support of Marburger's Motion to Dismiss ("Marburger Memorandum"), together with all exhibits submitted by defendants with the Amazon Memorandum, the Dowd Memorandum, and the Marburger Memorandum.    The bases for dismissing this action set forth in the Amazon Memorandum, the Dowd Memorandum, and the Marburger Memorandum apply equally to Magazine Express, and Magazine Express will not restate the co-defendants' reasoning under each ground.    However, this Memorandum will explain several points that are unique to Magazine Express.

## BACKGROUND

Magazine Express relies upon the factual statement as set out in the Background section in the Amazon Memorandum that states the facts relevant to the parties' motions, and only highlights several points particular to Magazine Express.

Magazine Express operates a magazine subscription service.  (Amend. Compl. ¶ 9; 86-87).  HSUS does not allege that Magazine Express publishes any magazines, much less the magazines at issue in this case, *The Feathered Warrior* or *The Gamecock* (the "Magazines").  In

fact, Magazine Express is not a publisher. As alleged by HSUS, Amazon and Magazine Express have a contractual relationship where Amazon receives orders for the Magazines on its website, and refers order requests to Magazine Express for fulfillment of the subscription order request. Magazine Express then secures the ordered subscription from the publisher by sending the subscriber information to the publisher along with payment. The publisher then sends the magazines to the customers. Like Amazon, at no time does Magazine Express have physical possession of the Magazines.

Magazine Express is a "middleman" between Amazon and the publishers of the Magazines (as well as publishers of over 90,000 other magazines). Magazine Express receives information from the publishers of the Magazines, such as the cover image (if any) the publisher wants to include on the Amazon site, the magazine description, pricing, and other product information. (*See* Amend. Compl. ¶¶ 95-97) Magazine Express passes those details along to Amazon for Amazon to display on its website in its "product detail page" associated with each Magazine.

**ARGUMENT**

This Memorandum only will address issues that have a particular application to Magazine Express, or issues where the discussion in the Amazon Memorandum or the Dowd Memorandum or Marburger Memorandum did not adequately emphasize Magazine Express' connection to the issue. To be clear in its intent, Magazine Express states that this Memorandum does not expressly address the arguments of co-defendants that relate to: (a) the lack of a case or controversy because HSUS has no standing to bring this lawsuit, (b) the failure of HSUS's First Amended Complaint to state any claim under the CPPA, or (c) the lack of ripeness for the claims

against Magazine Express and the other defendants, where HSUS's proper claim for the remedy it seeks is a challenge to the Postal Service's determination in a properly filed Administrate Procedure Act challenge in which the defendants must be the agency and appropriate agency officials.  Magazine Express does not address those issues because the arguments in the Amazon Memorandum, the Dowd Memorandum, and the Marburger Memorandum concerning those issues apply with equal force to Magazine Express, and Magazine Express adopts and incorporates them.  The other defendants' treatment of the remaining grounds for dismissal of the HSUS First Amended Complaint apply also to Magazine Express, and Magazine Express likewise adopts and incorporates them.  However, for each of the remaining issues raised by Amazon, Dowd, and Marburger, Magazine Express clarifies the application of the argument to its position.

The HSUS First Amended Complaint alleges four claims against Magazine Express.[1] Counts II and III allege violations by Magazine Express of the District of Columbia Consumer Protection Procedures Act (the "CPPA") based on alleged violations of the federal Animal Welfare Act and the D.C. Cruelty to Animals statute, respectively.  Counts VI and VII allege violations by Magazine Express of the CPPA based on D.C. and federal conspiracy statutes. Magazine Express will first address the alleged substantive violations of Counts II and III, and then will address the alleged conspiracy claims.

---

[1] Magazine Express has no involvement whatsoever in the alleged offering for sale or distribution of the two dogfighting videos referenced in the First Amended Complaint, "Hood Fights Vol. II" and "Unleashed" (the "Videos") (Amend. Compl. ¶ 58)**,** and the First Amended Complaint does not allege that Magazine Express has any involvement.  The claim in Count I of the First Amended Complaint relates solely to alleged sale and offering for sale of the Videos and alleged violations of the Depiction of Animal Cruelty Statute (allegedly resulting in a violation of the D.C. Consumer Protection Procedures Act (the "CPPA").  Count I does not purport to apply, and does not apply to Magazine Express**.**  (Amend. Compl. ¶¶ 130-134).

   Similarly, the claims in Counts IV and V, which allege violations of the D.C. CPPA resulting from alleged misrepresentations and suppressions allegedly made by Amazon, (Amend. Comp. ¶¶ 146-153), do not purport to apply, and do not apply to Magazine Express.

I.    **THE CLAIMS ALLEGED AGAINST MAGAZINE EXPRESS, INC. IN COUNTS II AND III OF THE FIRST AMENDED COMPLAINT FAIL TO STATE A CLAIM BECAUSE THEY DO NOT PROVIDE A PRIVATE RIGHT OF ACTION.**

As noted in the Amazon Memorandum, the Animal Welfare Act, 7 U.S.C. § 2156, which is the basis for HSUS's allegations in Count II under the CPPA, does not provide a private right of action.  *See International Primate Protection League v. Institute for Behavioral Research*, 799 F.2d 934 (4th Cir. 1986), *cert. denied*, 481 U.S. 1004 (1987) (the AWA "does not imply any provision for lawsuits by private individuals as a complement to the authority of the Secretary of Agriculture").  Where there is no private right of action under the statute upon which HSUS's claims ultimately rest, the allegations of Count II of the First Amended Complaint fail to state a claim.

Count III of the First Amended Complaint also fails to state a claim because it does not provide for a private right of action.  Count III alleges a violation of the CPPA that rests upon the D.C. Cruelty to Animals Statute, D.C. Code Ann. § 22-1015.  The text of that statute clearly indicates that it is a criminal statute that does not confer any private right of action.   *See* D.C. Code Ann. § 22-1015 (providing criminal felony and misdemeanor penalties for violations).

Because HSUS does not have a private cause of action to bring the claims alleged in Counts II and III under the federal Animal Welfare Act or the D.C. Cruelty to Animals Statute, HSUS cannot rely on the CPPA for a remedy.  Accordingly, those Counts fail to state a claim against Magazine Express and the other defendants, and should be dismissed, with prejudice.

**II.    THE FIRST AMENDED COMPLAINT FAILS TO STATE A CLAIM AGAINST MAGAZINE EXPRESS UNDER THE ANIMAL WELFARE ACT.**

The Amazon Memorandum's position that Count II of the First Amended Complaint should be dismissed against Amazon because the Animal Welfare Act does not reach Amazon's conduct in offering an on-line mechanism for buying magazine subscriptions applies with equal force to Magazine Express.  Accordingly, the claim in Count II that arises from the Animal Welfare Act should be dismissed against Magazine Express.  As with Amazon, Magazine Express cannot be held to a standard of "knowingly" using the Postal Service as the Animal Welfare Act requires, *see* 7 U.S.C. § 2156(c), that would require it to review the pages of each of the 90,000 magazines and newspapers to which it provides subscription fulfillment services for Amazon.  The magazines that are subject of those subscription fulfillments do not come into the possession of Magazine Express (or Amazon), and the standard suggested by HSUS strains credulity.  Accordingly, HSUS's claims under Count II of the First Amended Complaint should be dismissed, with prejudice, with respect to Magazine Express.

**III.   AS WITH AMAZON, HSUS'S CLAIMS FAIL BECAUSE MAGAZINE EXPRESS, AS A DISTRIBUTOR, HAS NO DUTY TO REVIEW THE CONTENT OF PUBLICATIONS OR SUBSCRIPTIONS IT OFFERS.**

Like Amazon, Magazine Express is removed from the publication and editorial process with respect to the Magazines.  The Magazines are published by their respective publishers, and Magazine Express's role is merely to provide the bridge between the publisher and Amazon (or Amazon's customers) that facilitates the placing and receiving of orders for magazine subscriptions.  As a mere distributor, Magazine Express not only does not review, but also is in no position to review the approximately 90,000 different publications that it makes available to Amazon's customers via the Amazon website.

With that preface, Amazon's position that it is not liable for the alleged wrongful or negligent publication of third-party advertisements applies equally to Magazine Express, and the claims against Magazine Express should be dismissed, with prejudice.

## IV.     THE FIRST AMENDMENT BARS HSUS'S CLAIMS AGAINST MAGAZINE EXPRESS.

Magazine Express can phrase the issue no more clearly than Amazon, Dowd, and Marburger.  HSUS's claims fail because the speech HSUS seeks to suppress is protected by the First Amendment.   Like Amazon, Magazine Express is removed from the publication and editorial process with respect to the Magazines.   Magazine Express is merely a subscription fulfillment processor.  It is not a publisher.  It does not solicit or exercise control over the content of the Magazines or over the advertisements that HSUS alleges are in the Magazines.  Magazine Express merely facilitates the dissemination of the constitutionally protected speech of third parties.   At bottom, HSUS asks this Court to impose a presumptively unconstitutional prior restraint on protected speech.  *See New York Times Co. v. United States*, 403 U.S. 713, 714 (1971).  For the reasons set forth in the Amazon Memorandum, the Dowd Memorandum, and the Marburger Memorandum, the HSUS First Amended Complaint should be dismissed in its entirety.

## V.     AS A NON-PUBLISHER THAT PROVIDES COMPUTER SERVICES, MAGAZINE EXRESS HAS IMMUNITY UNDER SECTION 230 OF THE COMMUNICATIONS DECENCY ACT.

The immunity provided by Section 230 of the federal Communications Decency Act of 1996, 47 U.S.C. § 230 (the "CDA"), should apply to Magazine Express.  Magazine Express is not the publisher of the Magazines. Furthermore, it does not create or develop the magazine content sent to Amazon's servers.  Magazine Express provides magazine publishers a structure

through which they may submit information about their magazines.  This information is not edited by Magazine Express.  Magazine Express makes the information available on the Internet through Amazon's website.  Because of its "middleman" position, where it does not provide the content contained in the Magazines, but merely passes through to Amazon information about the Magazines, Magazine Express's role is as an "interactive computer service" with immunity under Section 230 of the CDA.

Courts analyzing the immunity question under Section 230 use a three part analysis, asking whether the defendant is an interactive computer service, then whether the defendant is an information content provider, and finally whether the claim alleged against the defendant attempts to treat it as a publisher.  If a claim treats an interactive computer service as a publisher, then the interactive computer service is entitled to immunity under Section 230.

The CDA defines an "interactive computer service" as "any information service, system, or access software provider that provides or enables computer access by multiple users to a computer server, including specifically a service or system that provides access to the internet…."  47 U.S.C. § 230(f)(2).  A website operator generally qualifies as an interactive service provider because through the website multiple users access a computer server.  *Universal Communication Systems, Inc. v. Lycos, Inc.*, 478 F.3d 413, 419 (1st Cir. 2007).  But, courts more generally analyze whether a website operator is acting in the role of an interactive computer service by reference to whether it is acting as an information content provider.  The court must determine whether they were acting only as an interactive computer service or whether they were indeed providing content.  *See Fair Housing Council of San Fernando Valley v. Roommates.com, LLC.*, 2007 WL 1412650, at *2 (9th Cir. 2007) ("if Roommates passively publishes information provided by others, the CDA protects it from liability….").  The website

operator can be both an interactive computer service and an information content provider, but if it hopes to attain immunity, it must not provide the content at issue.  According to § 230(c)(1), the interactive computer service will not be treated as the publisher or speaker if the information is "provided by *another* information content provider." 47 U.S.C. § 230(c)(1) (emphasis added).

Magazine Express clearly is not an "information content provider" within the meaning of the CDA.  An "information content provider" is "any person or entity that is responsible, in whole or in part, for the creation or development of information provided through the Internet or any other interactive computer service."  *Id.* at § 230(f)(3).  Notice of the harmful nature of the online material is not enough to make the material speech of the interactive computer service. *Universal Communication Systems, Inc. v. Lycos, Inc.,* 478 F.3d at 420.  Promoting the speech of another information content provider is not sufficient to make the interactive computer service responsible in part for the development of the information.  *Blumenthal v. Drudge*, 992 F. Supp. 44, 52 (D.D.C. 1998) ("Congress has made a … policy choice by providing immunity even where the interactive service provider has an active, even aggressive role in making available content prepared by others."); *see also Corbis Corp. v. Amazon.com, Inc.*, 351 F. Supp. 2d 1090, 1118 (W.D. Wash. 2004) (holding Amazon immunized from marketing and publishing images provided by another content provider).

After determining whether the defendant is an interactive computer service or an information content provider, courts applying the test for immunity will ask whether the cause of action alleged against the defendant treats the defendant as a publisher of information or an immune conduit for another's information.  If the claim casts the interactive computer service in the role of publisher (i.e., content provider), then an interactive computer service will have

immunity.  If the interactive computer service serves as a conduit for "information provided by another information content provider" then it "shall not be treated as the publisher."  § 230(c)(1).

Thus, if an interactive computer service argues that the court should grant it immunity, then the claim against which it wishes to be immunized must treat it as a publisher, instead of the mere conduit that it is.  Traditional publishing roles include deciding what to publish, editing material, or withdrawing a posting.  *Zeran v. AOL*, 129 F.3d 327, 332 (4th Cir. 1997).  Most courts, however, have not examined in great detail whether the claim treats the interactive computer service as a publisher.  Instead, they have granted broad immunity whenever the material originates with another provider.  *Chicago Lawyers' Committee for Civil Rights Under the Law, Inc. v. Craigslist, Inc.*, 461 F.Supp. 2d 681, 689-90 (N.D. Ill. 2006).

In this case, Magazine Express qualifies as an interactive service provider because it provides online information to multiple users.  Section 230 defines an interactive computer service as any "information service . . . that provides or enables computer access by multiple users to a computer server. . . ."  47 U.S.C. § 230(f)(2).  Magazine Express owns computer servers that store data about magazines.  These computer servers provide access to that information to users, including through the link that allows communication from Magazine Express's servers and Amazon's servers.  The statute does not require access to be solely through a website interface.

Like other § 230 cases, Amazon's role *in relation to Magazine Express* is that of user, not interactive computer service.  If Amazon is a user of Magazine Express's servers, then the factual scenario is typical: the magazine publishers are the information content providers, Magazine Express is the interactive computer service and Amazon is a user.  The fact that

Amazon is an interactive computer service *to other users (and has immunity in that role)* is of no importance because that is not Amazon's role in relation to Magazine Express.

The contractual relationship between Amazon and Magazine Express should not bar § 230 immunity. In *Blumenthal*, 992 F. Supp. at 51, the District Court for the District of Columbia examined whether a contractual relationship would bar § 230 immunity. The district court did not find the contractual relationship itself decisive. *Id.* The court did find disturbing that the terms of the contractual relationship granted AOL significant rights to edit Drudge's work, but disclaimed responsibility for any damage Drudge may cause. *Id.* Here, the contractual relationship between Amazon and Magazine Express is purely to provide another entity's information. Editing rights do not attach. Furthermore, Magazine Express claims no rights to edit the information provided by magazine publishers. It is a purely passive pass-through.

The final part of the analysis is whether the claims alleged against Magazine Express in the First Amended Complaint treat Magazine Express as a publisher. They do, and Magazine Express has immunity under Section 230. Counts II and III of the HSUS complaint treat Magazine Express as the publisher and should be dismissed.[2] Counts II and III are based on the federal Animal Welfare Act, 7 U.S.C. § 2156, which requires a standard of "knowingly" throughout the Act. *Id.* at §§ 2156(a)(1), (a)(2), (b), (c), (e). Magazine Express does not publish the magazines and has no control over or prior knowledge of their contents. Holding Magazine Express liable for the contents of the magazines would require treating Magazine Express as the publisher, which it clearly is not. For the same reasons, Magazine Express is immune from liability for the conspiracy claims in Counts VI and VII of the First Amended Complaint.

---

[2] Magazine Express's memorandum, in Section I, above, discusses why Counts II and III do not apply due to the lack of a private cause of action under the Animal Welfare Act.

**VI.     HSUS'S CONSPIRACY CLAIMS FAIL AS A MATTER OF LAW.**

Counts VI and VII of the First Amended Complaint fail to state claims against Magazine Express for violation of either the D.C. or federal conspiracy laws and should be dismissed.  As pointed out in the Amazon Memorandum, the federal conspiracy statute relied upon by HSUS, 18 U.S.C. § 371, is a criminal statute that provides no private right of action.  Moreover, HSUS cannot show that it states a claim (or has standing to bring a claim) under any of the various causes of action it alleges in the First Amended Complaint.  Therefore, its conspiracy claims likewise do not state a claim.

### CONCLUSION

For the foregoing reasons, Defendant Magazine Express respectfully requests that its motion to dismiss be granted and that the First Amended Complaint, and each and every count thereof, separately and severally, be dismissed, with prejudice.

Dated: July 18, 2007

Respectfully submitted,

___/s/ Donna M. Crowe_____
Donna M. Crowe (D.C. Bar No. 481946)
Bradley Arant Rose & White LLP
1133 Connecticut Avenue, N.W., 12th Floor
Washington, D.C. 20036
Telephone:     202-719-8212
Facsimile:     202-347-1684

*Attorney for Magazine Express, Inc.*

OF COUNSEL:

Michael S. Denniston
Alabama Bar No. asb-6906-o45m
*Admitted Pro Hac Vice*
Bradley Arant Rose & White LLP
1819 Fifth Avenue North
Birmingham, AL  35213
(205) 521-8244

## CERTIFICATE OF SERVICE

I hereby certify that on this 18th day of July 2007, I directed that true and correct copies of the foregoing Magazine Express, Inc.'s Memorandum of Points and Authorities in Support of Motion to Dismiss be served electronically to all counsel who receive filings through the Court's electronic filing system, and by first class mail, postage pre-paid, upon all others, as follows:

Ethan Carson Eddy
Jonathan R. Lovvorn
The Humane Society of the United States
2100 L Street, N.W.
Washington, D.C. 20037
*Attorneys for Plaintiff The Humane Society of the United States*

Stuart Philip Ross
Alexei M. Silverman
Ross, Dixon & Bell, LLP
2001 K Street, N.W.
Washington, D.C. 20006-1040
*Attorneys for Plaintiff The Humane Society of the United States*

Laura R. Handman
Constance M. Pendleton
Davis Wright Tremaine LLP
1919 Pennsylvania Avenue, N.W., Suite 200
Washington, D.C. 20005-1272
*Attorneys for Defendant Amazon.com, Inc.*

Ali A. Beydoun
Carr Maloney P.C.
1615 L Street, N.W., Suite 500
Washington, D.C. 20036
*Attorneys for Defendant Marburger Publishing Co., Inc.*

Robin W. Grover
Law Office of Robin W. Grover
1747 Pennsylvania Avenue, N.W., Suite 1000
Washington, D.C. 2006
*Attorneys for Defendant Dowd Publishers*

- 13 -

John Doe d/b/a Underground Pitbull
Breeders Association

John Doe d/b/a StreetheatDVD.com

                         __ /s/Donna M. Crowe
                         Donna M. Crowe