IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA
Civil Division

```
-------------------------------------------------------x
                                                       )
THE HUMANE SOCIETY OF                                  )
THE UNITED STATES,                                     )    Civ. No. 07-623 (CKK)
                                                       )
               Plaintiff,                              )
                                                       )
                                                       )    MAGAZINE EXPRESS, INC.'S
       v.                                              )    REPLY MEMORANDUM OF POINTS
                                                       )    AND AUTHORITIES IN SUPPORT
                                                       )    OF MOTION TO DISMISS
                                                       )
AMAZON.COM, INC., ET AL.,                              )    ORAL ARGUMENT REQUESTED
               Defendants.                             )
                                                       )
-------------------------------------------------------x
```

**MAGAZINE EXPRESS, INC.'S REPLY MEMORANDUM OF POINTS
AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS**

Donna M. Crowe (D.C. Bar No. 481946)
dcrowe@bradleyarant.com
Bradley Arant Rose & White LLP
1133 Connecticut Avenue, N.W., 12th Floor
Washington, D.C. 20036
Telephone: (202) 719-8212
Facsimile: (202) 347-1684

Michael S. Denniston
Alabama Bar No. asb-6906-o45m
*Admitted Pro Hac Vice*
mdenniston@bradleyarant.com
Bradley Arant Rose & White LLP
1819 Fifth Avenue North
Birmingham, AL  35213
Telephone: (205) 521-8244
Facsimile: (205) 488-6244

*Attorneys for Magazine Express, Inc.*

Defendant, Magazine Express, Inc. ("Magazine Express"), by counsel, submits this Reply Memorandum of Points and Authorities in further support of its motion to dismiss, with prejudice, the First Amended Complaint filed by The Humane Society of the United States ("HSUS").

Magazine Express incorporates by this reference and joins in the contemporaneously filed: (1) Reply Memorandum of Points and Authorities in Support of Amazon's Motion to Dismiss (the "Amazon Reply Memorandum") and (2) Reply Memorandum of Points and Authorities in Support of Marburger's Motion to Dismiss ("Marburger Reply Memorandum"), together with all exhibits submitted by defendants.

## BACKGROUND

Despite the efforts of plaintiff, The Humane Society of the United States ("HSUS"), to conflate the defendants into a single tangled mess of "business associates in the animal fighting industry" HSUS Opposition, at 1, those efforts do not find support even in the allegations of the Amended Complaint pled by HSUS.

Like Amazon, Magazine Express does not create, publish, ship, or sell the magazines at issue in this case, *The Feathered Warrior* or *The Gamecock* (the "Magazines"), much less the birds, implements, and other items that previously have been advertised in the Magazines. In its attacks on "Defendants" in its Opposition, HSUS glosses over its earlier allegations about Magazine Express – allegations that were much closer to the truth than the rhetoric in the Opposition. Magazine Express operates a magazine subscription service – no more and no less. (Amend. Compl. ¶ 9; 86-87). Magazine Express does not publish the Magazines, and there is no allegation that it does.

While HSUS's Opposition does not challenge Magazine Express's earlier explanation of

its function, for clarity, Magazine Express will state it again: Amazon and Magazine Express have a contractual relationship where Amazon receives orders for the Magazines on its website, and refers order requests to Magazine Express for fulfillment of the subscription order request. Magazine Express then secures the subscription ordered by the customer-subscriber by sending the subscriber information to the publisher along with payment. The publisher then sends the magazines to the subscriber-customer. Like Amazon, at no time does Magazine Express have physical possession of the Magazines.

Magazine Express is a subscription fulfillment provider for over 90,000 magazines ranging from widely circulated *Sports Illustrated* and *Time* to the less well-known *Antique Bottle and Glass Collector* and *Bluegrass Unlimited*. In its zeal to portray Magazine Express in the ludicrous position as a key player in illegal animal fighting, HSUS's Opposition strays from its Amended Complaint and obfuscates the facts so much that one could lose sight of the true facts about Magazine Express. The allegations of the Amended Complaint, as well as the facts available for all to see on Amazon's website (referenced in the Amended Complaint) belie that rhetoric. There is not even a suggestion, much less one supported by any alleged fact, that Magazine Express is responsible for the creation of or provides the Magazine content itself (much less birds and implements that have been advertised in the Magazines) to the end-user subscriber. The only "content" Magazine Express provides is the basic information about the Magazines that it provides to Amazon. It provides the information about the Magazines that permits a potential subscriber to know what the subscriber is ordering, how much the subscriber will pay, and how often the subscriber will receive the Magazine. This information consists of mere factual statements about the price and frequency of publication information, the name of the publisher, shipping information, and a brief description of the content. *See, e.g.,*

http://www.amazon.com/Gamecock/dp/B00007LNAB/ref=pd_bbs_1/105-9318065-1943627?ie=UTF8&s=magazines&qid=1189179551&sr=1-1(*Gamecock* entry on Amazon.com).

Simply put, Magazine Express is a "middleman" between Amazon (and Amazon's customers) and the publishers of the Magazines (as well as publishers of over 90,000 other magazines). Its service, offered through Amazon, enables customers to find periodicals that meet their needs or interests. There is simply no other way to say it: Magazine Express does not publish, print, arrange advertisers for, advertise in, edit, take possession of, or ship the Magazines.

**ARGUMENT**

As with its earlier Memorandum in Support of its Motion to Dismiss, the Amazon Reply Memorandum states Magazine Express's position on the points raised by HSUS's Opposition. As against Magazine Express, the Amended Complaint should be dismissed because HSUS has failed to carry its burden of showing that it has standing to bring this suit and for failure to state a claim under the District of Columbia Consumer Protection and Procedures Act ("CPPA"). While all of Amazon's statements on that point applies with equal force to Magazine Express, for purposes of clarity, Magazine Express notes that like Amazon, it also is not in a "consumer-merchant" relationship with HSUS (and there is not even an allegation in the Amended Complaint that it is).

Likewise, the remaining positions in the Amazon Reply Memorandum concerning the four claims alleged against both Amazon and Magazine Express (Counts II, III, VI and VII) apply equally to Magazine Express: Because of its position as a "middleman" between the publishers, Amazon, and consumers, Magazine Express has no duty to censor the Magazines; the

First Amendment bars claims against Magazine Express; and HSUS's conspiracy claims fail as a matter of law.

With respect to the Communications Decency Act immunity, Amazon's arguments apply to Magazine Express. However, because Magazine Express's computer servers are not presented to the consumer in the context of the ordering of the Magazines off of the Amazon website, Magazine Express will further explain how the immunity provided by Section 230 of the federal Communications Decency Act of 1996, 47 U.S.C. § 230 (the "CDA"), applies to Magazine Express.

As noted above, and as alleged by HSUS, Magazine Express is not the publisher of the Magazines. Furthermore, it does not create or develop the magazine content sent to Amazon's servers. That content is the relevant content, or the "essential published content" that is the Magazines themselves. *See Carfano v. Metrosplash.com, Inc.*, 339 F.3d 1119, 1124-25 (9th Cir. 2003). The only "content" provided by Magazine Express to Amazon (that the user of the Amazon service later sees on the Amazon website) is the product information and description described above. Any suggestion by HSUS to the contrary shows a fundamental misunderstanding – either innocent or by design – of Magazine Express's role and of CDA immunity.

As noted by Amazon, HSUS cannot seriously dispute that courts analyzing the immunity question under Section 230 use a three part analysis, asking three questions: (a) whether the defendant is an interactive computer service, (b) whether the defendant is an information content provider, and (c) finally whether the claim alleged against the defendant attempts to treat it as a publisher. Under that analysis, Magazine Express is entitled to immunity.

- 4 -

The CDA defines an "interactive computer service" as "any information service, system, or access software provider that provides or enables computer access by multiple users to a computer server, including specifically a service or system that provides access to the internet…." 47 U.S.C. § 230(f)(2). Magazine Express is an information service or system that provides computer access via a computer server to multiple users, *see* http://www.magazineexpress.com, and HSUS has no basis for disputing that Amazon is one of those users. While the computer system may "include[] specifically a service or system that provides access to the internet," it is not required, and the statute clearly does not require access to be solely through a website interface.

Magazine Express is not an "information content provider" within the meaning of the CDA with respect to the content about which HSUS complains. An "information content provider" is "any person or entity that is responsible, in whole or in part, for the creation or development of information provided through the Internet or any other interactive computer service." *Id.* at § 230(f)(3). The key question is whether Magazine Express provided the content that constitutes "the portion of the statement or publication at issue." *Carafano*, 339 F.3d at 1123. Here, Magazine Express did not.

The content at issue is the Magazines themselves. There is no allegation or suggestion that Magazine Express had any role in creating or publishing the Magazines. Moreover, the content of the Magazines is not posted on the Amazon site. Instead, all that is posted is factual information about the Magazines, such as price, frequency of publication, etc. Regardless of whether Magazine Express created the factual information itself or received it from the publishers or other sources, that "content" is not the relevant content for purposes of determining

CDA immunity.  Magazine Express did not provide the "essential published content" which is the Magazines themselves.  *Carafano*, 339 F.3d at 1124-25.

Finally, Magazine Express is entitled to immunity because it satisfies the third element.  The causes of action alleged against it by HSUS treat it as a publisher of information.  If the claim casts the interactive computer service in the role of publisher (i.e., content provider), then an interactive computer service will have immunity.  If the interactive computer service serves as a conduit for "information provided by another information content provider" then it "shall not be treated as the publisher."  § 230(c)(1).   In general, courts have granted immunity whenever the material originates with another provider.  *Chicago Lawyers' Committee for Civil Rights Under the Law, Inc. v. Craigslist, Inc.*, 461 F.Supp. 2d 681, 689-90 (N.D. Ill. 2006).

Counts II and III of the HSUS Amended Complaint seek to hold Magazine Express liable as one who "knowingly" publishes the Magazines in violation of the federal Animal Welfare Act.  *See*, 7 U.S.C. § 2156(a)(1), (a)(2), (b), (c), (e).   Holding Magazine Express liable for the contents of the Magazines would require treating Magazine Express as the publisher, which it clearly is not.  For the same reasons, Magazine Express is immune from liability for the conspiracy claims in Counts VI and VII of the First Amended Complaint.

## CONCLUSION

For the foregoing reasons, Defendant Magazine Express respectfully requests that its motion to dismiss be granted and that the First Amended Complaint, and each and every count thereof, separately and severally, be dismissed, with prejudice.

Dated: September 7, 2007

                                Respectfully submitted,

                                /s/ Michael S. Denniston
                              Michael S. Denniston (admitted *pro hac vice*)
                              Alabama Bar No. asb-6906-o45m
                              Bradley Arant Rose & White LLP
                              1819 Fifth Avenue North
                              Birmingham, Alabama 35203
                              Telephone:    205-521-8244
                              Facsimile:    205-408-6244

                              *Attorney for Magazine Express, Inc.*

OF COUNSEL:

Donna M. Crowe
(D.C. Bar No. 481946)
Bradley Arant Rose & White LLP
1133 Connecticut Avenue, N.W., 12th Floor
Washington, D.C. 20036
Telephone:    202-719-8212
Facsimile:    202-347-1684

**CERTIFICATE OF SERVICE**

I hereby certify that on this 7th day of September 2007, I directed that true and correct copies of the foregoing Magazine Express, Inc.'s Reply Memorandum of Points and Authorities in Support of Motion to Dismiss be served electronically to all counsel who receive filings through the Court's electronic filing system, and by first class mail, postage pre-paid, upon all others, as follows:

>Ethan Carson Eddy
>Jonathan R. Lovvorn
>The Humane Society of the United States
>2100 L Street, N.W.
>Washington, D.C. 20037
>*Attorneys for Plaintiff The Humane Society of the United States*
>
>Stuart Philip Ross
>Alexei M. Silverman
>Ross, Dixon & Bell, LLP
>2001 K Street, N.W.
>Washington, D.C. 20006-1040
>*Attorneys for Plaintiff The Humane Society of the United States*
>
>Laura R. Handman
>Constance M. Pendleton
>Davis Wright Tremaine LLP
>1919 Pennsylvania Avenue, N.W., Suite 200
>Washington, D.C. 20005-1272
>*Attorneys for Defendant Amazon.com, Inc.*
>
>Ali A. Beydoun
>Carr Maloney P.C.
>1615 L Street, N.W., Suite 500
>Washington, D.C. 20036
>*Attorneys for Defendant Marburger Publishing Co., Inc.*
>
>Robin W. Grover
>Law Office of Robin W. Grover
>1747 Pennsylvania Avenue, N.W., Suite 1000
>Washington, D.C. 2006

*Attorneys for Defendant Dowd Publishers*

John Doe d/b/a Underground Pitbull
Breeders Association

John Doe d/b/a StreetheatDVD.com

             /s/Michael S. Denniston
             Michael S. Denniston

- 9 -